1
2
3
4
5
6
7

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON

8
9

**PATTY THOMAS, individually and on behalf of all other similarly situated persons,**

        **Plaintiffs,**

v.

**KELLOGG COMPANY, KELLOGG SALES COMPANY, KELLOGG USA INC, KEEBLER HOLDING CORP, KEEBLER FOODS COMPANY, and KEEBLER COMPANY**

        **Defendants.**

**No.**

**COMPLAINT - CLASS ACTION AND FLSA COLLECTIVE ACTION**

10
11
12
13
14
15
16
17
18

      Plaintiff Patty Thomas, individually and on behalf of all others similarly situated as a class representative, by her attorneys, upon personal knowledge as to herself and upon information and belief as to other matters, alleges as follows:

19
20
21

### NATURE OF THE ACTION

22
23

1.    This case is brought to remedy the failure of Defendant **KELLOGG COMPANY,** Defendant **KELLOGG SALES COMPANY,** Defendant **KELLOGG USA INC,** Defendant **KEEBLER HOLDING CORP,** Defendant **KEEBLER FOODS COMPANY,** and Defendant **KEEBLER**

24
25
26
27

COMPLAINT-CLASS ACTION AND
FLSA COLLECTIVE ACTION - 1

**COMPANY** (hereafter "Kellogg") to pay Plaintiff Territory Managers and Retail Store Representatives overtime premium pay as required by the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, the Washington Minimum Wage Act, other Washington State wage and hour laws, and any associated regulations.

2. Kellogg employed Thomas as a Territory Manager from April 2012 to February 2013. The job responsibilities of Territory Managers include replenishing merchandise in Kellogg's customers' stores, placing merchandise on store shelves, and monitoring how much merchandise is in Kellogg's customers' storerooms.

3. Kellogg employed Thomas as a Retail Store Representative ("RSR") from January 2007 to April 2012. The job responsibilities of RSRs include stocking shelves, making sure Kellogg's products were displayed, and ensuring that Kellogg has access to the correct square footage on Kellogg's customers' shelves.

4. Thomas and the other Territory Managers and Retail Store Representatives regularly worked in excess of 40 hours in a week for which Kellogg did not pay them overtime premium wages. Thomas and the other Territory Managers and Retail Store Representatives that worked in Washington State did not receive meal and rest breaks.

5. This case seeks to compel Kellogg to pay Thomas and a class of similarly situated employees all of the wages they earned, plus liquidated damages under the Fair Labor Standards Act.

COMPLAINT-CLASS ACTION AND
FLSA COLLECTIVE ACTION - 2



FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711

6.    By the conduct described in this Complaint, Kellogg has violated the Fair Labor Standards Act ("FLSA"), the Washington Minimum Wage Act, and Washington wage and hour laws by failing to pay its employees proper overtime compensation. These violations arose out of Kellogg's company-wide policies, and pattern or practice of violating wage and hour laws.

7.    Thomas brings individual and representative claims to remedy these overtime violations. She brings FLSA claims as a nationwide collective action, on her own behalf and on behalf of other similarly situated employees, under 29 U.S.C. §§ 201 *et seq.*, and specifically, the collective action provision, 29 U.S.C. § 216(b). (First Cause of Action)

8.    Thomas brings individual and representative wage overtime claims under the Washington Minimum Wage Act (MWA), RCW 49.46, RCW 49.48, and RCW 49.52, and state regulations issued thereunder, as a class action pursuant to Fed. R. Civ. P. 23. (Second Cause of Action)

9.    Thomas and other individual Retail Store Representatives opt-ins bring individual wage overtime claims under the Washington Minimum Wage Act (MWA), RCW 49.46, RCW 49.48, and RCW 49.52, and state regulations issued thereunder. (Third Cause of Action)

10.    This case seeks to compel Kellogg to pay Thomas and the members of the Rule 23 Washington Class, other Retail Store Representatives that file a consent to sue all of the wages they earned, plus double damages under Washington State law.

COMPLAINT-CLASS ACTION AND
FLSA COLLECTIVE ACTION - 3

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711



## JURISDICTION AND VENUE

11.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

12.    This Court has subject matter jurisdiction over Thomas' state law claims pursuant to 28 U.S.C. §§ 1332 and 1367.

13.    In addition, the Court has jurisdiction over Thomas' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

14.    Upon information and belief, Kellogg is subject to personal jurisdiction in Washington.

15.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

16.    Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claim occurred in this District and Kellogg is subject to personal jurisdiction here.

17.    Kellogg has employed Thomas, Territory Managers, and Retail Store Representatives in this District since at least 2007.

18.    Kellogg resides in this District. Kellogg has an office and warehouse located at 2201 140th Ave East, Suite 800, Sumner, Washington 98390.

19.    Kellogg conducts business in this District.  Kellogg distributes and sells its products in this District.  Kellogg provides its products to customers within this District.

COMPLAINT-CLASS ACTION AND
FLSA COLLECTIVE ACTION - 4

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

## THE PARTIES

**Plaintiff**

20.     Plaintiff Thomas' written consent to be party to this action is attached hereto.

21.     Plaintiff Thomas resides in Lacey, Washington.

22.     Kellogg employed Plaintiff Thomas in Washington from approximately January 2007 until approximately February 2013.

23.     Pursuant to Kellogg's policy and pattern or practice, Plaintiff Thomas regularly worked more than 40 hours per week for Kellogg's benefit without receiving overtime compensation at the rate of time and one-half her regular rate.

24.     Also pursuant to Kellogg's policy and pattern or practice, Thomas regularly worked for Kellogg's benefit without meal or rest breaks as required by Washington Industrial Welfare law (RCW 49.12.020) and associated regulations (WAC 296-126-092).

25.     Thomas was engaged in commerce in her work for Kellogg.

**Represented Parties under the FLSA**

26.     The term "Plaintiffs" as used in this Complaint refers to the named Plaintiff and any additional represented class members pursuant to the collective action provision on 29 U.S.C. § 216(b).

27.     Thomas brings FLSA claims, the First Cause of Action, on behalf of herself and a class defined as:

> All persons who have worked for Kellogg in Washington as a Territory Manager or a Retail Store Representative between three years prior to the filing of a Consent to Sue in this case and the date of final judgment in this matter and were not paid overtime premium pay at the rate of time and one-half for working more than 40 hours in a work week (the "FLSA Collective Action Class").

COMPLAINT-CLASS ACTION AND
FLSA COLLECTIVE ACTION - 5

FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711

28.    Thomas brings this case as a collective action for class members throughout the United States as defined in the preceding paragraph, under the collective action provision of the FLSA as set forth in 29 U.S.C. § 216(b).

29.    Kellogg is liable under the FLSA for, *inter alia*, failing to properly compensate Thomas and the FLSA Collective Action Class. Upon information and belief, there are many similarly situated current and former employees of Kellogg who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Kellogg, are readily identifiable, and can be located through Kellogg's records. Notice should be sent to the FLSA Collective Action Class pursuant to 29 U.S.C. § 216(b).

**Class Action Allegations**

30.    Plaintiff Thomas brings the Second Cause of Action for unpaid overtime under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class of persons consisting of:

> All persons who have worked for Kellogg in Washington as a Territory Manager between three years prior to the filing of this Complaint and the date of final judgment in this matter and were not paid overtime for working more than 40 hours in a workweek (the "Washington Class").

31.    Excluded from the Washington Class are Kellogg's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Kellogg; the Judge(s) to whom this case is assigned and any member of the Judges'

COMPLAINT-CLASS ACTION AND
FLSA COLLECTIVE ACTION - 6

FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711



1   immediate family; and all persons who will submit timely and otherwise

2   proper requests for exclusion from the Washington Class.

3   32.   The persons in the Washington Class identified above are so numerous that

4   joinder of all members is impracticable. Although the precise number of such

5   persons is not known to Thomas, the facts on which the calculation of that

6

7   number can be based are presently within Kellogg's sole control.

8   33.   Upon information and belief, the size of the Washington Class is at least 40

9   workers.

10   34.   Kellogg acted or refused to act on grounds generally applicable to the

11   Washington Class, thereby making appropriate final injunctive relief or

12   corresponding declaratory relief with respect to the Washington Class as a

13   whole.

14

15   35.   The Second Cause of Action is properly maintainable as class actions under

16   Federal Rule of Civil Procedure 23(b)(3). There are questions of law and fact

17   common to the Washington Class that predominate over any questions solely

18   affecting individual members of the Washington Class, including but not

19   limited to:

20

21        a.   whether Kellogg misclassified Thomas and the Washington Class as
             exempt from the overtime pay provisions of the Washington law,
22           including the Minimum Wage Act;

23        b.   whether Kellogg paid Thomas and the Washington Class for all the
             hours they worked;

24        c.   whether Kellogg had a duty to pay Thomas and the Washington Class
25           members overtime premium pay for hours worked in excess of 40
             hours per work week;

26

27

COMPLAINT-CLASS ACTION AND
FLSA COLLECTIVE ACTION - 7

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711



d.   whether Kellogg failed and/or refused to pay Thomas and the Washington Class, overtime premium pay for hours worked in excess of 40 hours per work week;

e.   the nature and extent of each Washington Class-wide injury and the appropriate measure of damages for each member of the Washington Class;

f.   whether Kellogg's policy of failing to pay overtime was instituted willfully or with reckless disregard of the law;

g.   whether Kellogg lawfully classified Thomas and the Washington Class as exempt from the overtime pay provisions of Washington law, including the Minimum Wage Act;

h.   whether Kellogg's policy and practice of failing to pay Thomas and the Washington Class all wages due within the time provided by law violates Washington law, including the Wages--Payment—-Collection law;

i.   whether Kellogg violated Washington wage and hour laws, including the Industrial Welfare law, by failing to provide Thomas and members of the Washington Class with appropriate meal and rest breaks; and

j.   whether Kellogg violated Washington wage and hour laws by failing to keep records of the hours Thomas and members of the Washington Class worked.

36.   Thomas' claims are typical of the claims of the Washington Class she seeks to represent. Thomas and the Washington Class work or have worked for Kellogg and have been subjected to their policy and pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per week, and failing to provide meal and rest breaks. Kellogg acted and refused to act on grounds generally applicable to the Washington Class, thereby making declaratory relief with respect to the Washington Class appropriate.

37.   Thomas will fairly and adequately represent and protect the interests of the Washington Class. She understands that, as a class representative, she assumes a fiduciary responsibility to the Washington Class to represent its interests

COMPLAINT-CLASS ACTION AND
FLSA COLLECTIVE ACTION - 8

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

fairly and adequately. Thomas recognizes that as a class representative, she must represent and consider the interests of the Washington Class just as she would represent and consider her own interests. She understands that in decisions regarding the conduct of the litigation and its possible settlement, she must not favor her own interests over those of the Washington Class. She recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Washington Class. Thomas understands that in order to provide adequate representation, she must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial.

38.    Thomas has retained counsel competent and experienced in complex class action employment litigation.

39.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation -- particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the Washington Class have been damaged and are entitled to recovery as a result of Kellogg's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the Washington Class are not de minimis, such damages are small compared to the expense and burden of individual

COMPLAINT-CLASS ACTION AND
FLSA COLLECTIVE ACTION - 9

FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711

1    prosecution of this litigation. In addition, class treatment is superior because it

2    will obviate the need for unduly duplicative litigation that might result in

3    inconsistent judgments about Kellogg's practices.

**Defendants**

40.    Defendant Kellogg Company is a publicly held company.

41.    Defendant Kellogg Company and its subsidiaries are engaged in the
manufacturing and marketing of ready-to-eat cereal and convenience foods.

42.    Defendant Kellogg Company's headquarters are located at One Kellogg
Square, P.O. Box 3599, Battle Creek, Michigan 49016-3599.

43.    Defendant Kellogg Sales Company is a subsidiary of Defendant Kellogg
Company.

44.    Upon information and belief Defendant Kellogg Sales Company's
headquarters are located at One Kellogg Square, P.O. Box 3599, Battle Creek,
Michigan 49016-3599.

45.    Defendant Kellogg USA Inc is a subsidiary of Defendant Kellogg Company.

46.    Upon information and belief Defendant Kellogg USA Inc's headquarters are
located at One Kellogg Square, P.O. Box 3599, Battle Creek, Michigan 49016-
3599.

47.    Defendant Keebler Holding Corp is a subsidiary of Defendant Kellogg
Company.

48.    Upon information and belief Defendant Keebler Holding Corp's headquarters
are located at One Kellogg Square, P.O. Box 3599, Battle Creek, Michigan
49016-3599.

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711



49.   Defendant Keebler Foods Company is a subsidiary of Defendant Kellogg Company.

50.   Upon information and belief Defendant Keebler Foods Company's headquarters are located at One Kellogg Square, P.O. Box 3599, Battle Creek, Michigan 49016-3599.

51.   Defendant Keebler Company is a subsidiary of Defendant Kellogg Company.

52.   Upon information and belief Defendant Keebler Company's headquarters are located at One Kellogg Square, P.O. Box 3599, Battle Creek, Michigan 49016-3599.

53.   Plaintiff Thomas performed work on behalf of Kellogg in Washington State.

54.   Upon information and believe, Kellogg Company, Kellogg Sales Company, Kellogg USA Inc, Keebler Holding Corp, Keebler Foods Company, and Keebler Company individually and collectively grossed more than $500,000 in each of the last ten calendar years.

55.   Kellogg Company, Kellogg Sales Company, Kellogg USA Inc, Keebler Holding Corp, Keebler Foods Company, and Keebler Company individually and collectively are an enterprise engaged in interstate commerce for the purposes of the Fair Labor Standards Act.

56.   Kellogg employed Thomas, members of the FLSA Collective Action Class and members of the Washington Class and participated directly in employment decisions regarding the rights for which Thomas, the Plaintiffs and members of the Washington Class seek redress in this case.

FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711



57.   All actions and omissions described in this Complaint were made by Kellogg directly or through its supervisory employees and agents.

### FACTS

58.   Kellogg employed Thomas as a Retail Store Representative (RSR) from approximately January 2007 until approximately April 2012. Kellogg employs Retail Store Representatives throughout the country. Retail Store Representatives are also called RSR-Warehouse.

59.   Retail Store Representatives are part of Kellogg's Morning Foods Division. The Morning Foods Division includes cereal products. These products include Crunchy Nut, Fiber Plus, Fruit Loops, Frosted Flakes, and Frosted Mini Wheats.

60.   Retail Store Representatives', including Thomas, job duties are to ensure that Kellogg's products are on the shelves in accordance with the contract between Kellogg and Kellogg's customers.

61.   A Retail Store Representative's primary job duty is not to make sales.

62.   Defendants had employees in other positions whose primary job responsibility was to make sales of Defendants' morning foods to grocery and other stores.

63.   In or about April 2012 Thomas left the Morning Foods Division of Kellogg and began working for Kellogg's Snack Division as a Territory Manager. Kellogg employs Territory Managers throughout the country. Territory Managers are also called Sales Rep – DSD.

64.   The Snack Division includes Keebler products. These products include cookies, crackers, cones and bars. Examples include Chips Deluxe, Vanilla

COMPLAINT-CLASS ACTION AND
FLSA COLLECTIVE ACTION - 12

FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711

1    Wafers, Gripz, Club, Grahams, and Town House.

2    65.   Territory Managers, including Thomas, had the job responsibility to replenish

3          merchandise in Kellogg's customers' stores, place merchandise on store

4          shelves, and monitor how much merchandise is in Kellogg's customers'

5          storerooms.

6    66.   Territory Managers' primary job responsibility was not to make sales.

7    67.   Defendants had employees in other positions whose primary job responsibility

8          was to make sales of Defendants' snack foods to grocery and other stores.

9

10   68.   The job responsibilities for Thomas, Territory Managers, and Retail Store

11         Representatives were established by Kellogg.

12   69.   Upon information and belief, job responsibilities for Thomas, Territory

13         Managers and Retail Store Representatives were and are jointly established,

14         controlled and implemented by Kellogg Company, Kellogg Sales Company,

15         Kellogg USA Inc, Keebler Holding Corp, Keebler Foods Company, and

16         Keebler Company.

17

18   70.   Upon information and belief, the method by which Thomas, the Plaintiffs, and

19         the Washington Class were paid was established jointly by Kellogg Company,

20         Kellogg Sales Company, Kellogg USA Inc, Keebler Holding Corp, Keebler

21         Foods Company, and Keebler Company.

22   71.   Thomas, the Plaintiffs, and the Washington Class regularly worked more than

23         40 hours per week for Kellogg.

24

25   72.   Kellogg knew or should have known that Thomas, the Plaintiffs, and the

26         Washington Class were working in excess of 40 hours in a work week.

27

COMPLAINT-CLASS ACTION AND
FLSA COLLECTIVE ACTION - 13

FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711

73.   Kellogg classified Thomas, the Plaintiffs, and the Washington Class as exempt from the overtime pay provisions of Federal and Washington State law.

74.   Kellogg failed to record Thomas, the Plaintiffs, and the Washington Class daily work start and stop times, and failed to record daily and weekly hours worked.

75.   Kellogg failed to pay Thomas, the Plaintiffs, and the Washington Class overtime compensation at the rate of time and one-half for all hours worked over 40 in a week.

76.   Kellogg failed to provide Thomas, members of the Washington Class, and opt-in Retail Sales Representatives that worked in Washington meal and rest breaks as required by Washington State law.

77.   Kellogg's failure to pay Thomas, the Plaintiffs, and the Washington Class the proper wages required by law was willful.

## CLASS-WIDE FACTUAL ALLEGATIONS

78.   Upon information and belief, Kellogg employed 40 or more Territory Managers in Washington State, within the last three years.

79.   During their period of employment, members of the Washington Class were required to work more than 40 hours in a week in order to complete all of their work.

80.   Washington Class members were paid a salary plus some bonuses, amounting to less than one half their income.

81.   Washington Class members regularly worked more than 40 hours in a week.

82.   Kellogg did not pay Thomas or other Washington Class members an overtime

COMPLAINT-CLASS ACTION AND
FLSA COLLECTIVE ACTION - 14

FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711

premium pay for the hours they worked over 40 in a week.

83. Kellogg failed to provide Thomas and the Washington Class meal and rest breaks as required by Washington State law, including the Washington Industrial Welfare law (RCW 49.12.020) and associated regulations (WAC 296-126-092).

84. Upon information and belief, it was Kellogg's willful policy and pattern or practice not to pay its employees, including Thomas, the Washington Class members, and the FLSA Collective Action Class members (collectively "FLSA Class"), any overtime premium pay for work that exceeded 40 hours in a week.

85. Kellogg's unlawful conduct, as set forth in this Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to Thomas and the FLSA Class.

86. Kellogg was aware or should have been aware that the law required it to pay non-exempt employees, including Thomas and the FLSA Class, an overtime premium of time and one half for all work hours it suffered or permitted in excess of 40 per work week. Upon information and belief, Kellogg applied the same unlawful policies and practices to workers nationwide.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act: Unpaid Wages**
**On behalf of Thomas and the FLSA Collective**

87. Thomas re-alleges and incorporates by reference all allegations in all preceding paragraphs.

88. Kellogg failed to pay overtime premium wages to Plaintiffs in violation of the

COMPLAINT-CLASS ACTION AND
FLSA COLLECTIVE ACTION - 15

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

Fair Labor Standards Act, 29 U.S.C. §§ 207 *et seq.* and its implementing regulations.

89.   Kellogg's failure to pay proper wages for each hour worked over 40 per week was willful within the meaning of the FLSA.

90.   As a result of Kellogg's violations of the FLSA, Thomas and the FLSA Collective Action Class have suffered damages by being denied overtime wages in accordance with the FLSA, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

### SECOND CAUSE OF ACTION
**Unpaid Overtime and Failure to Provide Meal and Rest Breaks under Washington State Law  On behalf of Plaintiff Thomas and the Washington Class Members**

91.   Thomas re-alleges and incorporates by reference all allegations in all preceding paragraphs.

92.   RCW 49.46.130 requires Kellogg to pay the Washington Class members one and one-half times the regular rate at which they are/were employed for all hours worked over 40 per work week.

93.   RCW 49.46.090 makes employers who violate RCW 49.46.130, such as Kellogg, liable to the affected employees in the amount of unpaid wages, double damages, prejudgment interest, costs, attorneys' fees, and other appropriate relief under the law.

94.   Kellogg's actions, policies, and/or practices as described above violate RCW 49.46.130 by regularly and repeatedly failing to compensate Thomas and the Washington Class at the required overtime rate.

COMPLAINT-CLASS ACTION AND
FLSA COLLECTIVE ACTION - 16

FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711

95. Kellogg's failure to pay proper wages for each hour worked over 40 per week was willful and with intent to deprive Thomas and the Washington Class members of their wages, within the meaning of the Washington State law and keep such unpaid wages as profits for itself.

96. Kellogg's failure to provide Thomas and members of the Washington Class meal and rest breaks violated Washington Industrial Welfare law (RCW 49.12.020) and associated regulations (WAC 296-126-092).

97. As the direct and proximate result of Kellogg's unlawful conduct, Thomas and the Washington Class have suffered and will continue to suffer a loss of income and other damages. Thomas and the Washington Class are entitled to damages, including interest thereon, as well as attorneys' fees and costs, incurred in connection with this claim.

98. Because Kellogg's failure to pay proper wages for each hour worked over 40 per week and failure to provide meal and rest breaks was willful, Thomas and the members of the Washington Class are entitled to exemplary damages in amounts equal to the wages due, pursuant to RCW 49.52.050 and 070.

### THIRD CAUSE OF ACTION
**Unpaid Overtime under Washington State Law**
**On behalf of Plaintiff Thomas and Opt-in Washington Retail Store**

**Representatives**

99. Thomas re-alleges and incorporates by reference all allegations in all preceding paragraphs.

100. RCW 49.46.130 requires Kellogg to pay Thomas and opt-in Washington Retail Store Representatives one and one-half times the regular rate at which they

COMPLAINT-CLASS ACTION AND
FLSA COLLECTIVE ACTION - 17

FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711

1    are/were employed for all hours worked over 40 per work week.

101.   RCW 49.46.090 makes employers who violate RCW 49.46.130, such as Kellogg, liable to the affected employees in the amount of unpaid wages, double damages, prejudgment interest, costs, attorneys' fees, and other appropriate relief under the law.

102.   Kellogg's actions, policies, and/or practices as described above violate RCW 49.46.130 by regularly and repeatedly failing to compensate Thomas and opt-in Washington Retail Store Representatives at the required overtime rate.

103.   Kellogg's failure to pay proper wages for each hour worked (including compensable meal and break time) over 40 per week was willful and with intent to deprive Thomas and any opt-in Washington Retail Store Representatives their wages, within the meaning of the Washington State law and keep such unpaid wages as profits for itself.

104.   As the direct and proximate result of Kellogg's unlawful conduct, Thomas and opt-in Washington Retail Store Representatives have suffered and will continue to suffer a loss of income and other damages. Thomas and each opt-in Washington Retail Store Representative are entitled to damages, including interest thereon, as well as attorneys' fees and costs, incurred in connection with this claim.

105.   Because Kellogg's failure to pay proper wages for each hour worked over 40 per week was willful, Thomas and each opt-in Washington Retail Store Representative are entitled to exemplary damages in amounts equal to the wages due, pursuant to RCW 49.52.050 and 070.

FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711



## **PRAYER FOR RELIEF**

**WHEREFORE**, Thomas, individually and on behalf of the FLSA Collective Action Class, prays for the following relief:

A.   That, at the earliest possible time, Thomas be allowed to give notice of this collective action and that Kellogg provide Thomas with names, addresses, telephone numbers, and other contact information for all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit been employed by Kellogg and who fall within the FLSA Collective Action Class described in this Complaint. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages; and

B.   Unpaid wages, an additional and equal amount as liquidated damages, interest, attorneys' fees, costs (including expert fees), and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

**WHEREFORE**, Thomas, on behalf of herself and all members of the Washington Class she seeks to represent, prays for the following relief:

A.   Certification of this action as a class action for the Washington Class;

B.   Designation of Thomas as a Class Representative;

C.   Appointing Getman & Sweeney, PLLC as class counsel and Frank Freed Subit & Thomas as local counsel to the class;

D.   A declaratory judgment that the practices complained of herein are unlawful under appropriate state law;

COMPLAINT-CLASS ACTION AND
FLSA COLLECTIVE ACTION - 19

FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711

E.      Appropriate equitable and injunctive relief to remedy Kellogg's violations of state law, including but not necessarily limited to an order enjoining Kellogg from continuing its unlawful practices;

F.      An award of damages, appropriate statutory penalties, and restitution to be paid by Kellogg according to proof;

G.      Exemplary damages in amounts equal to the wages due, pursuant to RCW 49.52.050 and 070;

H.      Pre-Judgment and Post-Judgment interest, as provided by law;

I.      Such other injunctive and equitable relief as the Court may deem just and proper; and

J.      Attorneys' fees and costs of suit, including expert fees and costs.

**WHEREFORE**, Thomas, on behalf of herself and each opt-in Washington Retail Store Representative, prays for the following relief:

A.      A declaratory judgment that the practices complained of herein are unlawful under appropriate state law;

B.      Appropriate equitable and injunctive relief to remedy Kellogg's violations of state law, including but not necessarily limited to an order enjoining Kellogg from continuing its unlawful practices;

C.      An award of damages, appropriate statutory penalties, and restitution to be paid by Kellogg according to proof;

D.      Exemplary damages in amounts equal to the wages due, pursuant to RCW 49.52.050 and 070;

E.      Pre-Judgment and Post-Judgment interest, as provided by law;

COMPLAINT-CLASS ACTION AND
FLSA COLLECTIVE ACTION - 20

FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711

F.      Such other injunctive and equitable relief as the Court may deem just and

proper; and

G.      Attorneys' fees and costs of suit, including expert fees and costs.

Dated this 26th day of February, 2013.

Respectfully submitted,

s/ Michael C. Subit
Michael C. Subit, WSBA No. 29189
**FRANK FREED SUBIT & THOMAS LLP**
Suite 1200
Hoge Building
705 Second Avenue
Seattle, Washington  98104-1729
Telephone (206) 682-6711
Fax:  (206) 682-0401
msubit@frankfreed.com

Dan Getman  (pro hac vice application to be
filed)
Matt Dunn (pro hac vice application to be filed)
**GETMAN & SWEENEY, PLLC**
9 Paradies Lane
New Paltz, New York 12561
Telephone: (845) 255-9370
Fax: (845) 255-8649
dgetman@getmansweeney.com
mdunn@getmansweeney.com

**Attorneys for Plaintiffs, the FLSA Collective
Action Class, and the Washington Class**

COMPLAINT-CLASS ACTION AND
FLSA COLLECTIVE ACTION - 21

FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711

# CONSENT TO SUE UNDER THE FLSA

I, Patty Thomas,  hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., to secure any unpaid wages, overtime pay, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with  Kellogg Sales Company and any other associated parties. I authorize Getman & Sweeney, PLLC, Dan Getman, Esq., and any associated attorneys as well as any successors or assigns, to represent me in such action.

Dated: 2/19/13

_____
Patty Thomas