**Honorable Ronald B. Leighton**

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| PATTY THOMAS, JENNIFER DOWLING, KELLY DYE, JR. and ROBERT GIBSON, individually and on behalf of all other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>KELLOGG COMPANY AND KELLOGG SALES COMPANY,<br><br>Defendants. | CASE NO.: 3:13-cv-05136-RBL<br><br>**DEFENDANTS' MOTION TO COMPEL EACH PLAINTIFF'S RESPONSES TO FIRST SET OF INTERROGATORIES, NOS. 1, 2, 3, 4, 6, 7, 8, and 10.**<br><br>NOTE ON MOTION CALENDAR:<br>January 17, 2014<br><br>ORAL ARGUMENT REQUESTED |

DEFENDANTS KELLOGG COMPANY AND KELLOGG SALES COMPANY'S MOTION TO COMPEL EACH PLAINTIFF'S RESPONSES TO FIRST SET OF INTERROGATORIES
(3:13-cv-05136-RBL)

GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA 95814
Telephone: (916) 442-1111

# **TABLE OF CONTENTS**

I. INTRODUCTION STATEMENT AND PROCEDURAL HISTORY .......................... 1

II. KELLOGG MADE A GOOD FAITH ATTEMPT TO MEET AND CONFER .......................... 2

III. STANDARDS FOR DISCOVERY .......................... 4

IV. DISPUTED DISCOVERY REQUESTS .......................... 5

    A. Interrogatory No. 1 .......................... 5

        1. Plaintiffs' Objection on the Basis of Concerted Activity is Misplaced. .......................... 5

    B. Interrogatory Nos .......................... 7

        1. Interrogatory Nos. 2, 3, 4, 6, 7, 8, and 10 .......................... 9

        2. Plaintiff's "Burdensome and Oppressive" Objections Lack Merit and Should be Overruled .......................... 9

V. CONCLUSION .......................... 11

DEFENDANTS KELLOGG COMPANY AND KELLOGG SALES COMPANY'S MOTION TO COMPEL EACH PLAINTIFF'S RESPONSES TO FIRST SET OF INTERROGATORIES
(3:13-cv-05136-RBL) - i

GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA 95814
Telephone: (916) 442-1111

# TABLE OF AUTHORITIES

**Federal Cases**

*U.S. E.E.O.C. v. Bill Heard Chevrolet Corp.*,
  207-CV-01195-RLH-PAL, 2009 WL 2489282 (D. Nev. Aug. 12, 2009) ........................................... 3

*Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.*,
  175 F.R.D. 646 (C.D. Cal. 1997) ................................................................................................. 4

*Davis v. Fendler*,
  650 F.2d 1154 (9th Cir. 1981) .................................................................................................... 4

*In re Dilling Mech. Contractors, Inc.*,
  357 NLRB No. 56 (Aug. 19, 2011) ............................................................................................. 5

*Fox v. Studebaker-Worthington, Inc.*,
  516 F.2d 989 (8th Cir. 1975) ...................................................................................................... 4

*E.E.O.C. v. Global Horizons, Inc.*,
  287 F.R.D. 644 (E.D. Wash. 2012) ............................................................................................. 6

*Guess?, Inc.*,
  339 NLRB 432 (2003) ................................................................................................................ 5

*Josephs v. Harris Corp.*,
  677 F.2d 985 (3d Cir. 1982) ..................................................................................................... 10

*Warren v. Bastyr Univ.*,
  Case No. 2:11-cv-01800-RSL, 2013 WL 1412419 (W.D.Wash. April 8, 2013) .......................... 10

*Wright Electric, Inc. v. NLRB*,
  200 F.3d 1162 (8th Cir. 2000) .................................................................................................... 5

**Federal Statutes**

29 U.S.C. § 201 et seq. ..................................................................................................................... 1

**Other Authorities**

Fed. R. Civ. P. 26(a)(1) .................................................................................................................... 6

Fed. R. Civ. P. 26(b)(1) .................................................................................................................... 4

Fed. R. Civ. P. 26(e)(1)(A) ............................................................................................................... 3

Fed. R. Civ. P. 33(b) ........................................................................................................................ 9

DEFENDANTS KELLOGG COMPANY
AND KELLOGG SALES COMPANY'S
MOTION TO COMPEL EACH
PLAINTIFF'S RESPONSES TO FIRST SET
OF INTERROGATORIES
(3:13-cv-05136-RBL) - ii

GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA 95814
Telephone:  (916) 442-1111

Fed. R. Civ. P. 33(b)(1)-(3) .................................................................................................... 4

Fed. R. Civ. P. 33(b)(2) ........................................................................................................... 4

Fed. R. Civ. P. 33(b)(4) ...................................................................................................... 4, 9

Fed. R. Civ. P. 37 ................................................................................................................... 2

Fed. R. Civ. P. 37(a)(1) .......................................................................................................... 2

Fed. R. Civ. P. 37(a)(3)(B)(iii) ............................................................................................... 4

Fed. R. Civ. P. 37(a)(4) .......................................................................................................... 9

W.D. Wash. R. 37 ................................................................................................................... 2

DEFENDANTS KELLOGG COMPANY
AND KELLOGG SALES COMPANY'S
MOTION TO COMPEL EACH
PLAINTIFF'S RESPONSES TO FIRST SET
OF INTERROGATORIES
 (3:13-cv-05136-RBL) - iii

GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA 95814
Telephone:  (916) 442-1111

**DEFENDANTS' MOTION TO COMPEL EACH PLAINTIFF'S RESPONSES TO FIRST SET OF INTERROGATORIES, NOS. 1, 2, 3, 4, 6, 7, 8, and 10.**

Defendants Kellogg Company and Kellogg Sales Company (collectively, "Kellogg") hereby move for an Order compelling Plaintiffs Patty Thomas, Jennifer Dowling, Kelly Dye, Jr. and Robert Gibson's (collectively and separately referred herein as "Plaintiffs") to each respond to Kellogg's first set of interrogatories, Nos. 1, 2, 3, 4, 6, 7, 8, and 10.

**I.    INTRODUCTION STATEMENT AND PROCEDURAL HISTORY**

Plaintiffs are four former field sales representatives who claim Kellogg misclassified them as "exempt" from the overtime provisions of both the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the differing statutes of no less than four states, thereby denying them overtime compensation to which they allege they are entitled. To determine whether Kellogg in fact improperly denied Plaintiffs or any putative collective action members overtime pay, this Court will need to examine the job duties that each putative claimant actually performed on a day-to-day basis and resolve: (1) whether those duties render each individual claimant subject to an exemption that would extinguish his or her right to overtime compensation for the hours they worked over forty per week; (2) if not, did each and every opt-in Plaintiff prove that he/she worked more than forty hours a week; and (3) if so, how many uncompensated hours did each claimant in fact work. That will be an involved task as to the four named Plaintiffs as individuals. They also seek however to have the court grant them representative status and that raises additional issues and concerns related to the appropriateness of managing this as a class or collective action..

On August 9, 2013, in an effort to obtain discovery relevant to these issues, Kellogg propounded ten (10) interrogatories separately to each of the four Plaintiffs. Rather than provide even partial responses, each Plaintiff responded with only objections.

During the August 26, 2013, status conference, in addressing discovery issues, this Court stated:

DEFENDANTS KELLOGG COMPANY AND KELLOGG SALES COMPANY'S MOTION TO COMPEL EACH PLAINTIFF'S RESPONSES TO FIRST SET OF INTERROGATORIES
(3:13-cv-05136-RBL) - 1

GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA 95814
Telephone:  (916) 442-1111

> I am going to allow discovery, all right. It's going to be modest. It's not going to be lengthy. I am going to expect the plaintiffs to comply with the deadlines, and if they are already over, they are to respond promptly, completely. And I will expect the compliance with this order signed at this time.

(Aug. 26, 2013, Transcript of Status Conference at p.10, lines 4-9, attached to the Nelson Decl. at ¶ 3, Ex. A.). Plaintiffs refused to comply with this judicial instruction.

Instead, and despite this Court's direct instruction, as well as Defendants efforts to resolve these discovery disputes informally, Plaintiffs each continue to obstruct this Court's ruling and to deny Defendants the benefit of the ruling. Instead, Plaintiffs continue to refuse to provide even basic discovery responses and continue to assert improper objections. Accordingly, this Court should grant Kellogg's Motion, strike Plaintiffs' objections and order that each Plaintiff (Thomas, Dowling, Dye, and Gibson) provide complete responses to the first set of interrogatories propounded by Kellogg.

## II.     KELLOGG MADE A GOOD FAITH ATTEMPT TO MEET AND CONFER

Pursuant to Federal Rule of Civil Procedure 37 and Local Civil Rule 37, Kellogg made a good faith attempt to meet and confer in an effort to obtain the discovery without court action. Fed. R. Civ. P. 37(a)(1); Local Civil Rules W.D. CR 37(a)(2)(A). Kellogg initiated the meet and confer process in a letter dated October 22, 2013, requesting that each Plaintiff provide further responses no later than October 29, 2013. (Nelson Decl., ¶ 4, Ex. B.) Over the following two months, the parties exchanged multiple letters and emails attempting to resolve the discovery dispute informally. (*Id*. at ¶¶ 5 - 10, Exs. C – I.) In addition, on December 20, 2013, counsel for the parties engaged in a telephonic meet and confer conference, followed by additional exchanges through email. (*Id*. at ¶ 10, Ex. I.) During the telephonic conference, rather than engage in a conversation about the specific interrogatories, Plaintiffs' counsel insisted on engaging in a dialogue regarding the scope of future discovery and ultimately refused to discuss the individual interrogatories absent an agreement as to the scope of discovery then not yet propounded by

DEFENDANTS KELLOGG COMPANY
AND KELLOGG SALES COMPANY'S
MOTION TO COMPEL EACH
PLAINTIFF'S RESPONSES TO FIRST SET
OF INTERROGATORIES
 (3:13-cv-05136-RBL) - 2

GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA 95814
Telephone:  (916) 442-1111

1 Plaintiff. (*Id*.) Thereafter, Plaintiffs served new discovery while continuing to refuse to substantively respond to Defendants' August discovery.

Throughout the meet and confer process, Plaintiffs continued to object to Interrogatory No. 1 on the grounds that the inquiry violates the National Labor Relations Act. (*Id*., Exs. C, G, and I.) As to the remaining Interrogatories, Nos. 2, 3, 4, 6, 7, 8, and 10, Plaintiffs insist that because some questions pertaining to the interrogatories' topics were addressed in part during the Plaintiffs' individual depositions, Defendants are not entitled to written discovery. As discussed in detail below, Plaintiffs' objections are without merit and improper.

Plaintiffs also claim Defendants' discovery is untimely because Defendants did not immediately pursue further responses prior to the completion of the briefing on Plaintiffs' motion for conditional certification. Notably, the discovery was propounded in a timely fashion. Further, the Federal Rules of Civil Procedure do not impose a deadline for filing a motion to compel. *See U.S. E.E.O.C. v. Bill Heard Chevrolet Corp*., 207-CV-01195-RLH-PAL, 2009 WL 2489282 (D. Nev. Aug. 12, 2009). Moreover, because of the continuing duty to supplement responses to written discovery imposed by Rule 26(e)(1)(A), Plaintiffs are obliged to supplement their responses to the Interrogatories with any factual information responsive to the requests. *See id*. at *5.

What Plaintiffs do not and cannot claim is that had Defendants permitted themselves to be distracted by the meet and confer while the briefing was going on, that Plaintiff's responses would have been anything other than the stone wall erected in September and which remains in place today. Given the contentiousness of Plaintiffs' counsel during depositions and Plaintiffs' lack of personal knowledge and refusal to answer questions during deposition[1], and in an effort to comply with the scheduling order for the filing the opposition papers to Plaintiffs' motion, Defendants anticipated the potential for a long, drawn out meet and confer process which required waiting until after the completion of the briefing on Plaintiff's motion for conditional

---

[1] Though perhaps not directly relevant, some of the named Plaintiffs claim they do not know each other!

DEFENDANTS KELLOGG COMPANY
AND KELLOGG SALES COMPANY'S
MOTION TO COMPEL EACH
PLAINTIFF'S RESPONSES TO FIRST SET
OF INTERROGATORIES
(3:13-cv-05136-RBL) - 3

GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA 95814
Telephone: (916) 442-1111

1   certification. Notably, a long, drawn out meet and confer process is precisely what has ensued.

2   Rather than respond to Kellogg's interrogatories, on December 24, 2013, Plaintiffs propounded 55 document requests and 16 interrogatories. Accordingly, Kellogg is forced to bring this Motion in hopes of obtaining the relevant and necessary discovery it is entitled.

## III. STANDARDS FOR DISCOVERY: THIS COURT MAY ORDER PLAINTIFF TO PROVIDE FURTHER RESPONSES

Rule 26(b)(1) provides for discovery in civil actions of "any matter, not privileged, which is relevant to the subject matter involved.... The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Moreover, the "information is 'relevant' if it relates to the claim or defense of the party seeking discovery or any other party, or to the credibility of any witness." *See Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc*., 175 F.R.D. 646, 652 (C.D. Cal. 1997).

The party to whom interrogatories are directed must respond fully in writing within 30 days of service. Fed. R. Civ. P. 33(b)(2). Once a discovery request is served using the appropriate method, the responding party is obligated to respond fully and specifically, absent proper objection. Fed. R. Civ. P. 33(b)(1)-(3). If objections are interposed, "the grounds for an objection to an interrogatory must be stated with specificity." Fed. R. Civ. P. 33(b)(4). Boilerplate and unspecific objections are inappropriate and do not satisfy the burden of the objecting party in making them. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981). Because Plaintiffs' responses violate each of the aforementioned rules, verified amended responses are appropriate and this Court has the authority to issue an order compelling answers to interrogatories after the answering party has objected to them. *See Fox v. Studebaker-Worthington, Inc*., 516 F.2d 989, 995 (8th Cir. 1975); FRCP 37(a)(3)(B)(iii).

///

///

///

DEFENDANTS KELLOGG COMPANY AND KELLOGG SALES COMPANY'S MOTION TO COMPEL EACH PLAINTIFF'S RESPONSES TO FIRST SET OF INTERROGATORIES
(3:13-cv-05136-RBL) - 4

GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA 95814
Telephone: (916) 442-1111

IV. **DISPUTED DISCOVERY REQUESTS**

A. **Interrogatory No. 1:**

INTERROGATORY NO. 1: Identify all current and former Kellogg employees, with whom you have communicated concerning the allegations in the Amended Complaint and/or concerning this lawsuit in any way, and detail the specific subject matter about which you engaged in such communications.

> Plaintiffs' Objection: Plaintiffs object because interrogatories about concerted activity is not permitted just because a lawsuit otherwise affords discovery opportunities. *Wright Electric, Inc. v. NLRB*, 200 F.3d 1162, 1165 (8th Cir. 2000); *Guess?, Inc.*, 339 NLRB 432 (2003) (unobjected to deposition over attendance at organizing meeting constituted ULP); *In re Dilling Mech. Contractors, Inc.*, 357 NLRB No. 56 (Aug. 19, 2011)(in a civil action the State court granted a protective order for employees against employer's discovery requests for documents and identity of union members and NLRB found that employer's discovery violated employees Section 7 right to engage in protected concerted activity.) In *Guess? Inc.*, the NLRB held:
>
>> That in determining whether the Respondent's deposition questions were lawful the appropriate analysis is the following three-part test. First, the questioning must be relevant. Second, if the questioning is relevant, it must not have an illegal objective. Third, if the questioning is relevant and does not have an illegal objective, the employer's interest in obtaining this information must outweigh the employees' confidentiality interests under Section 7 of the Act.
>
> Plaintiffs also object because this information is unlikely to lead to admissible evidence and is not necessary for conditional certification.

1. **Plaintiffs' Objection on the Basis of Concerted Activity is Misplaced.**

Interrogatory No. 1 seeks the identity of those individuals with knowledge concerning the allegations in the Amended Complaint and/or concerning this lawsuit. Plaintiffs each separately object on the basis that the interrogatory seeks information about concerted activity. The cases Plaintiffs cite, *Wright Electric, Inc. v. NLRB*, 200 F.3d 1162, 1165 (8th Cir. 2000); *Guess?, Inc.*, 339 NLRB 432 (2003), and *In Re Dilling Mech. Contractors, Inc.*, 357 NLRB No. 56 (Aug. 19, 2011) are inapposite to this case and not applicable to the information sought by this interrogatory. In particular, the interrogatory does not seek information equivalent to that addressed in these cases which involved the identity of union members and/or participants at

DEFENDANTS KELLOGG COMPANY AND KELLOGG SALES COMPANY'S MOTION TO COMPEL EACH PLAINTIFF'S RESPONSES TO FIRST SET OF INTERROGATORIES
(3:13-cv-05136-RBL) - 5

GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA 95814
Telephone: (916) 442-1111

organizing meetings. Instead, Interrogatory No. 1 seeks the identity of witnesses with personal knowledge of the facts in this matter.

Assuming *arguendo* Plaintiffs' attempt to frame the inquiry as seeking information regarding concerted activities is accurate, which it is not, the interrogatory satisfies the three part test cited in the *Guess?, Inc*. case. First, the identity of potential witnesses is clearly relevant to the analysis of (1) whether Plaintiffs are similarly situated to the putative members they seek to represent; (2) whether Plaintiffs or any putative collective action members are similarly situated and entitled to overtime pay; (3) whether those duties render each individual claimant subject to an exemption that would extinguish his or her right to overtime compensation for the hours they worked over forty per week; (4) if not, did each and every opt-in plaintiff prove he or she worked more than forty hours a week and can it be accomplished with class wide proof; and (5) if so, how many uncompensated hours did each claimant in fact work.

As to the second and third factors described in the *Guess?, Inc.* case, an inquiry regarding the identity of potential witnesses is certainly not an illegal objective and outweighs the potential confidentiality issues involved, if any.  Specifically, Federal Rule of Civil Procedure 26(a)(1) requires each party to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." *See E.E.O.C. v. Global Horizons, Inc.*, 287 F.R.D. 644, 649 (E.D. Wash. 2012) modified, CV-11-3045-EFS, 2013 WL 3940674 (E.D. Wash. July 31, 2013). Kellogg is unaware of authority providing an exception to the disclosure requirements of Rule 26(a)(1) applicable under these circumstances.

This Court should therefore compel each Plaintiff to respond fully and completely to Interrogatory No. 1.

/ / /

/ / /

DEFENDANTS KELLOGG COMPANY AND KELLOGG SALES COMPANY'S MOTION TO COMPEL EACH PLAINTIFF'S RESPONSES TO FIRST SET OF INTERROGATORIES
 (3:13-cv-05136-RBL) - 6

GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA 95814
Telephone:  (916) 442-1111

B.        **Interrogatory Nos. 2, 3, 4, 6, 7, 8, and 10**

INTERROGATORY NO. 2: Identify by geography your territory as claimed in the Amended Complaint, listing the number of customer accounts that you claim to be or have been responsible for, and for each such customer identified, the volume of sales on a monthly basis.

Plaintiffs' Objection:[2] Plaintiffs object to Kellogg's request because it is burdensome and oppressive. Kellogg is in possession of all the information it seeks from Gibson. Kellogg assigned Gibson his territory, "the number of customer accounts", and Kellogg has in its possession the "volume of sales" that Kellogg made "on a monthly basis". It is less burdensome for Kellogg to compile that information that it seeks. Further, if Plaintiffs are compelled to provide a substantive response the most appropriate time to respond is after Kellogg produces discovery. However, Gibson will provide verbal responses to this interrogatory during his deposition.

INTERROGATORY NO. 3: Identify by name each person that you believe is similarly situated to you as alleged in the Amended Complaint, and for each such person, explain why you believe that person is similarly situated to you.

Plaintiffs' Objection: Plaintiffs object to Kellogg's request because it is burdensome and oppressive. Kellogg is in possession of all the information it seeks from Plaintiff. Plaintiff already produced the names of other putative class members. See, documents Gibson produced. However, Gibson will provide verbal responses to this interrogatory during his deposition. Kellogg knows that the number of and names of:

> persons who have worked for Kellogg between three years prior to the filing of this case and the date of final judgment in this matter in the Snacks division and were required to move snack products from the storeroom to the store shelf and who were paid on a salary basis without compensation at the rate of time and one-half for all hours worked over 40 in a workweek. Job positions within this class include Territory Managers, Sales Rep DSD (Direct Store Delivery) and RSR (Retail Sales Representatives).

INTERROGATORY NO. 4: If you ever performed the job responsibilities of a TM (as Used in the Amended Complaint), identify the time period you performed those job responsibilities and describe the job responsibilities you performed.

Plaintiffs' Objection: Plaintiffs object to Kellogg's request because it is burdensome and oppressive. Kellogg is in possession of all the information it seeks from Gibson. It is less burdensome for Kellogg to compile that information that it

---

[2] Each of the plaintiffs provided the identical objections with the exception of the applicable name associated with the responses. For brevity, plaintiff Gibson's responses are provided herein.

DEFENDANTS KELLOGG COMPANY
AND KELLOGG SALES COMPANY'S
MOTION TO COMPEL EACH
PLAINTIFF'S RESPONSES TO FIRST SET
OF INTERROGATORIES
(3:13-cv-05136-RBL) - 7

GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA 95814
Telephone:  (916) 442-1111

seeks. Gibson produced documents concerning his job responsibilities, such as Document 86 filed via ECF in this case. However, Gibson will provide verbal responses to this interrogatory during his deposition.

INTERROGATORY NO. 6: Identify each and every person who assisted you in the performance of your daily job duties at Kellogg including, but not limited to, your supervisor(s) (both district and regional), administrative assistants, merchandisers, fellow TM or RSM co-workers, and any other person who provided you support in performing your responsibilities in any way, at anytime, during your employment with Kellogg during the last six (6) years.

Plaintiffs' Objection: Plaintiffs object to Kellogg's request because it is burdensome and oppressive. Kellogg is in possession of all the information it seeks from Gibson. It is less burdensome for Kellogg to compile that information that it seeks. Further, if Gibson is compelled to provide a response the most appropriate time to respond is after Kellogg produces discovery that provide the information Kellogg seeks, Gibson produced documents containing names Kellogg's seeks. However, Gibson will provide verbal responses to this interrogatory during; his deposition.

INTERROGATORY NO. 7: Identify all documents that support, contradict, or reference your job duties while employed by Kellogg during the past six years.

Plaintiffs' Objection: Plaintiffs object to Kellogg's request because it is burdensome and oppressive. Kellogg is in possession of all the information it seeks from Gibson. It is less burdensome for Kellogg to compile that information that it seeks. Further, if Gibson is compelled to provide a response the most appropriate time to respond is after Kellogg produces discovery that provides the information Kellogg seeks. Gibson produced documents concerning his job duties. If Kellogg seeks further information, Gibson will provide verbal responses to this interrogatory during his deposition.

INTERROGATORY NO. 8: Describe the factual basis for your claim that as a TM, your primary responsibility was not to make sales and identify any documents supporting that belief.

Plaintiffs' Objection: Plaintiffs object to this interrogatory because Kellogg in possession of all the information it seeks from Gibson. Further, Gibson already provided testimony about the factual basis for his claim that as a TM his primary responsibility was not to make sales. See, Document 86 filed via ECF in this case. Gibson also produced documents concerning his job duties. If Kellogg seeks further information, Gibson will provide verbal responses to this interrogatory at his deposition.

INTERROGATORY 10: If, during the period of your employment with Kellogg, you kept a log, diary or other contemporaneous collection of notes or records of your daily work

DEFENDANTS KELLOGG COMPANY AND KELLOGG SALES COMPANY'S MOTION TO COMPEL EACH PLAINTIFF'S RESPONSES TO FIRST SET OF INTERROGATORIES
(3:13-cv-05136-RBL) - 8

GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA 95814
Telephone: (916) 442-1111

activities and/or hours worked, describe those documents?

> <u>Plaintiffs' Objection:</u> Gibson produced documents concerning his employment with Kellogg. If Kellogg seeks further information, Gibson will provide verbal responses to this interrogatory at his deposition.

**1.    Interrogatory Nos. 2, 3, 4, 6, 7, 8, and 10: Plaintiff's Refusal to Respond in Writing is an Abuse of the Discovery Process**

In response to Interrogatory Nos. 2, 3, 4, 6, 7, 8, and 10, each plaintiff provided that he or she "will provide verbal responses to this interrogatory during [his/her] deposition." Plaintiffs' responses amount to "an evasive or incomplete disclosure, answer, or response [that] must be treated as a failure to disclose, answer, or respond." Fed.R.Civ.P. 37(a)(4).

Rather than comply with their discovery obligations and this Court's August 26, 2013, explicit instruction to provide complete responses, Plaintiffs instead try to impose discovery limitations on Kellogg. Plaintiffs' assertion that each will provide a verbal response during his or her deposition is an invalid objection and improper attempt to dictate the content and direction of deposition questioning and discovery as a whole. There is simply no authority in support of Plaintiffs' position that agreeing to answer questions during a deposition somehow eliminates a party's duty to comply with Rule 33(b).

Nor does Plaintiff have authority to unilaterally impose discovery limitations on Kellogg. Again, as this Court instructed, Plaintiffs were "to comply with the deadlines, and if they are already over, they are to respond promptly, completely." (Nelson Decl. Ex. _ p.10, lines 4-9.)

**2.    Plaintiff's "Burdensome and Oppressive" Objections Lack Merit and Should be Overruled**

In response to Interrogatory Nos. 2, 3, 4, 6, and 7, each Plaintiff asserted an unsupported objection that the interrogatories were "burdensome and oppressive." Although a party may object to an interrogatory, the grounds for objection must be stated with specificity and the objecting party has the burden to show why an interrogatory is improper. Fed. R. Civ. P. 33(b)(4). This, Plaintiffs have not done.

DEFENDANTS KELLOGG COMPANY
AND KELLOGG SALES COMPANY'S
MOTION TO COMPEL EACH
PLAINTIFF'S RESPONSES TO FIRST SET
OF INTERROGATORIES
(3:13-cv-05136-RBL) - 9

GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA 95814
Telephone: (916) 442-1111

1    Boilerplate, generalized objections are inadequate and tantamount to not making any objections at all. *See Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982) ("mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection"). As described in *Warren v. Bastyr Univ.*, Case No. 2:11-cv-01800-RSL, 2013 WL 1412419, *5 (W.D.Wash. April 8, 2013) ("*Warren*"), in determining whether a burden is "undue," the court considers whether:

> i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

In this case, the information sought is not duplicative. Kellogg has propounded only one set of 10 interrogatories to each of the plaintiffs, one set of document requests, and has taken the depositions of each the named plaintiffs. Unfortunately, it became painstakingly obvious during the depositions that the named plaintiffs as individuals had little of the personal recollection necessary to answer many of the deposition questions.

Additionally, unlike the answers to deposition questions, parties are obligated to supplement their written discovery responses. Moreover, "[p]arties may utilize any of the methods of discovery set forth in the Federal Rules of Civil Procedure, and plaintiff [cannot]… show that the questions asked during [the] deposition[s] are duplicative of the carefully-drafted interrogatories at issue here." *Warren*, at *6.

Finally, Plaintiffs are not absolved of their separate and distinct obligations to provide complete responses merely by asserting that some of the information is likewise in Defendants' possession. Similar to the *Warren* case, there is a relatively low burden of identifying the requested information and a relatively high likelihood that Kellogg does not have all responsive

DEFENDANTS KELLOGG COMPANY
AND KELLOGG SALES COMPANY'S
MOTION TO COMPEL EACH
PLAINTIFF'S RESPONSES TO FIRST SET
OF INTERROGATORIES
 (3:13-cv-05136-RBL) - 10

GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA 95814
Telephone:  (916) 442-1111

information in the Plaintiffs' possession.

V.   **CONCLUSION**

On August 26, 2013, this Court specifically instructed Plaintiff to provide "complete" discovery responses to Kellogg's outstanding discovery requests. Rather than comply with the Court's order, Plaintiffs each provided boilerplate, improper objections and have tried to hamstring Kellogg into agreements regarding the scope of future discovery in exchange for Plaintiffs meeting their discovery obligations in responding to the interrogatories. Accordingly, based on the foregoing, Kellogg respectfully requests that this Court issue an order compelling each Plaintiff to provide further, complete responses to Interrogatory Nos. 1, 2, 3, 4, 6, 7, 8, and 10.

Dated:  January 2, 2014                                          **GREENBERG TRAURIG LLP**

*/s/ James M. Nelson*
JAMES M. NELSON, WSBA No. 44652
GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA 95814
Telephone: (916) 442-1111
Fax: (916) 448-1709
nelsonj@gtlaw.com

JAMES N. BOUDREAU, *pro hac vice*
GREENBERG TRAURIG, LLP
2700 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 988-7833
Fax: (215) 988-7801
boudreauj@gtlaw.com

*Attorneys for Defendant Kellogg Company and Kellogg Sales Company*

DEFENDANTS KELLOGG COMPANY AND KELLOGG SALES COMPANY'S MOTION TO COMPEL EACH PLAINTIFF'S RESPONSES TO FIRST SET OF INTERROGATORIES
 (3:13-cv-05136-RBL) - 11

GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA 95814
Telephone:  (916) 442-1111

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 2, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by ECF System or by U.S. Mail to the following listed persons, who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *James M. Nelson*
JAMES M. NELSON

DEFENDANTS KELLOGG COMPANY AND KELLOGG SALES COMPANY'S MOTION TO COMPEL EACH PLAINTIFF'S RESPONSES TO FIRST SET OF INTERROGATORIES
 (3:13-cv-05136-RBL) - 12

GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA 95814
Telephone: (916) 442-1111

**SERVICE LIST**

***Counsel for Patty Thomas,***
***The FLSA Collective Action Class, and the Washington Class***

Michael C. Subit
msubit@frankfreed.com
FRANK, FREED, SUBIT & THOMAS, LLP
Suite 1200
Hoge Building
705 Second Avenue
Seattle, Washington 98104-1729
Telephone:  (206) 682-6711
Facsimile:  (206) 682-0401

Dan Getman
dgetman@getmansweeney.com
Matt Dunn
mdunn@getmansweeney.com
GETMAN & SWEENEY, PLLC
9 Paradies Lane
New Paltz, NY 12561
Telephone: (845) 255-9370
Facsimile: (845) 255-8649

DEFENDANTS KELLOGG COMPANY
AND KELLOGG SALES COMPANY'S
MOTION TO COMPEL EACH
PLAINTIFF'S RESPONSES TO FIRST SET
OF INTERROGATORIES
 (3:13-cv-05136-RBL) - 1

GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA 95814
Telephone:  (916) 442-1111