Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PATTY THOMAS, JENNIFER DOWLING, KELLY DYE, JR. and ROBERT GIBSON, individually and on behalf of all other similarly situated persons,<br><br>        Plaintiffs,<br><br>v.<br><br>KELLOGG COMPANY AND KELLOGG SALES COMPANY,<br><br>        Defendants. | CASE NO.: 3:13-cv-05136-RBL<br><br>**DECLARATION OF JAMES NELSON IN SUPPORT OF DEFENDANTS KELLOGG COMPANY AND KELLOGG SALES COMPANY'S MOTION TO COMPEL EACH PLAINTIFF'S RESPONSES TO FIRST SET OF INTERROGATORIES, NOS. 1, 2, 3, 4, 6, 7, 8, and 10.**<br><br>NOTE ON MOTION CALENDAR: January 17, 2014<br><br>ORAL ARGUMENT REQUESTED |

DECLARATION OF JAMES NELSON ISO DEFS KELLOGG COMPANY AND KELLOGG SALES COMPANY'S MOTION TO COMPEL EACH PL'S RESPONSES TO FIRST SET OF INTERROGATORIES (3:13-cv-05136-RBL) - 1

GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA 95814
Telephone:  (916) 442-1111

1    I, James Nelson, declare:

2    1.    I have personal knowledge of the facts stated in this Declaration and, if called as a

3    witness, could and would testify competently to those facts.

4    2.    I am an attorney licensed to practice law before all of the courts of the state of

5    Washington.  I am a Shareholder in the law firm Greenberg Traurig, LLP, counsel of record for

6    Defendants Kellogg Company and Kellogg Sales Company (collectively "Kellogg") in the above

7    captioned matter.

8    3.    Attached as Exhibit A is a true and correct copy of the Transcript of Status

9    Conference from the August 26, 2013, status conference.

10   4.    On October 22, 2013, I sent a letter to Plaintiff's counsel, Mr. Matt Dunn, by

11   electronic mail in an attempt to meet and confer regarding Kellogg's First Set of Interrogatories

12   propounded on August 9, 2013.  Attached hereto as Exhibit B is a true and correct copy of the

13   October 22, 2013 letter.

14   5.    On October 29, 2013, I received a letter from Plaintiff's counsel, Mr. Matt Dunn,

15   by electronic mail claiming the Kellogg's discovery requests were untimely and burdensome.

16   Attached hereto as Exhibit C is a true and correct copy of the October 29, 2013 letter.

17   6.    On November 18, 2013, I sent a letter to Plaintiff's counsel, Mr. Matt Dunn, by

18   electronic mail in an attempt to further meet and confer on these matters and fully explaining that

19   the case law that he cited in support of Plaintiffs' position was inapposite and countering Mr.

20   Dunn's argument that discovery was closed. Attached hereto as Exhibit D is a true and correct

21   copy of the November 18, 2013 letter.

22   7.    On November 25, 2013, I received an email from Plaintiff's counsel, Mr. Matt

23   Dunn, requesting additional time to respond to my November 18, 2013 letter. On December 6,

24   2013, I received a second email from Mr. Dunn, stating a response to my November 18, 2013

25   letter would be forthcoming on December 7, 2013. Attached hereto as Exhibit E and F are a true

26   and correct copy of the November 25, 2013, and December 6, 2013, emails, respectively.

27
28

DECLARATION OF JAMES NELSON ISO
DEFS KELLOGG COMPANY AND
KELLOGG SALES COMPANY'S MOTION
TO COMPEL EACH PL'S RESPONSES TO
FIRST SET OF INTERROGATORIES
(3:13-cv-05136-RBL) - 2

GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA 95814
Telephone:  (916) 442-1111

8.      On December 11, 2013, I received a letter from Plaintiff's counsel, Mr. Matt Dunn, by electronic mail again claiming that the discovery period has closed and that Kellogg has all of the information it needs in its possession. Attached hereto as Exhibit G is a true and correct copy of the December 11, 2013 letter.

9.      On December 12, 2013, I sent a letter to Plaintiff's counsel, Mr. Matt Dunn, by electronic mail responding to Plaintiff's counsel's December 11, 2013, letter and requesting that counsel provide his times available to discuss the discovery dispute telephonically. Attached hereto as Exhibit H is a true and correct copy of the December 12, 2013 letter.

10.     On December 20, 2013, Mr. Dunn and I had a telephone conversation wherein I attempted to discuss the outstanding discovery issues with Plaintiffs' counsel. As to Interrogatory No. 1 we agreed that the parties essentially disagreed as to legal issue that required a court ruling. As to the remaining interrogatories, Plaintiffs' counsel refused to discuss specifics as to the individual interrogatories but instead insisted that Kellogg must agree to the scope of future discovery not yet propounded by Plaintiff in order for Plaintiffs to consider responding further to the outstanding interrogatories. Attached hereto as Exhibit I is a true and correct copy of the an email string describing the telephonic discussion and the parties' positions after the telephonic discussion with the date range of December 12, 2013, through December 23, 2013.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 2nd day of January, 2014, in Sacramento, California.

/s/ James M. Nelson
JAMES M. NELSON, WSBA No. 44652
GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA 95814
Telephone: (916) 442-1111
Fax: (916) 448-1709
nelsonj@gtlaw.com

DECLARATION OF JAMES NELSON ISO
DEFS KELLOGG COMPANY AND
KELLOGG SALES COMPANY'S MOTION
TO COMPEL EACH PL'S RESPONSES TO
FIRST SET OF INTERROGATORIES
 (3:13-cv-05136-RBL) - 3

GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA 95814
Telephone:  (916) 442-1111

1

## CERTIFICATE OF SERVICE

2

**I HEREBY CERTIFY** that on January 2, 2014, I electronically filed the foregoing

3

document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is

4

being served this day on all counsel of record via transmission of Notices of Electronic Filing

5

generated by ECF System or by U.S. Mail to the following listed persons, who are not authorized to

6

receive electronically Notices of Electronic Filing.

7

8

/s/ James M. Nelson
JAMES M. NELSON

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DECLARATION OF JAMES NELSON ISO
DEFS KELLOGG COMPANY AND

28

KELLOGG SALES COMPANY'S MOTION
TO COMPEL EACH PL'S RESPONSES TO
FIRST SET OF INTERROGATORIES
 (3:13-cv-05136-RBL) - 4

GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA 95814
Telephone:  (916) 442-1111

<b><u>SERVICE LIST</u></b>

***Counsel for Patty Thomas,***
***The FLSA Collective Action Class, and the Washington Class***
Michael C. Subit
msubit@frankfreed.com
FRANK, FREED, SUBIT & THOMAS, LLP
Suite 1200
Hoge Building
705 Second Avenue
Seattle, Washington 98104-1729
Telephone:  (206) 682-6711
Facsimile:  (206) 682-0401

Dan Getman
dgetman@getmansweeney.com
Matt Dunn
mdunn@getmansweeney.com
GETMAN & SWEENEY, PLLC
9 Paradies Lane
New Paltz, NY 12561
Telephone: (845) 255-9370
Facsimile: (845) 255-8649

DECLARATION OF JAMES NELSON ISO
DEFS KELLOGG COMPANY AND
KELLOGG SALES COMPANY'S MOTION
TO COMPEL EACH PL'S RESPONSES TO
FIRST SET OF INTERROGATORIES
(3:13-cv-05136-RBL) - 5

GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA 95814
Telephone:  (916) 442-1111

**EXHIBIT A**

1                           UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON

2                                AT TACOMA

3

   PATTY THOMAS, et al.,       )  Docket No. C13-5136RBL

4                           )

        Plaintiffs,      )  Tacoma, Washington

5                           )

   vs.                  )  August 26, 2013

6                           )

   KELLOGG COMPANY and       )

7      KELLOGG SALES COMPANY,    )

                       )

8           Defendants.      )

9   _____)

               TRANSCRIPT OF STATUS CONFERENCE

10          BEFORE THE HONORABLE RONALD B. LEIGHTON

            UNITED STATES DISTRICT COURT JUDGE

11

   APPEARANCES:

12     For the Plaintiffs:      MICHAEL C. SUBIT

                      Frank Freed Subit & Thomas

13                        705 Second Avenue

                      Seattle, Washington 98104-1729

14

                      MATTHEW DUNN (by phone)

15                        Getman & Sweeney, PLLC

                      9 Paradies Lane

16                        New Paltz, NY 12561

17     For the Defendants:      JAMES BOUDREAU

                      Greenberg Traurig, LLP

18                        2700 Two Commerce Square

                      Philadelphia, Pennsylvania 19103

19

                      JAMES NELSON

20                        Greenberg Traurig, LLP

                      1201 K Street, Suite 1100

21                        Sacramento, California 95814

22     Court Reporter:           Teri Hendrix

                      Union Station Courthouse, Rm 3130

23                        1717 Pacific Avenue

                      Tacoma, Washington  98402

24                        (253) 882-3831

   Proceedings recorded by mechanical stenography, transcript

25     produced by Reporter on computer.

```
 1              Monday, August 26, 2013 - 9:30 a.m.
 2           THE COURT:  Please be seated.  Good morning.
 3           THE CLERK:  This is in the matter of Thomas versus
 4    Kellogg, Cause No. C13-5136RBL.
 5       Counsel, please make their appearance.
 6           MR. SUBIT:  Good morning, Your Honor, Mike Subit,
 7    local counsel for the plaintiffs.
 8           THE COURT:  Good morning.
 9           MR. BOUDREAU:  Good morning, Your Honor, Jim Boudreau
10    from Greenberg Traurig for the defendants.
11           MR. NELSON:  James Nelson, Greenberg Traurig, for
12    defendants.
13           THE COURT:  Good morning.
14           MR. DUNN:  Matt Dunn, from Getman Sweeney, for the
15    plaintiffs.
16           THE COURT:  Good morning, Your Honor.  This is the
17    agenda where I establish a blank stare and ask where it hurts,
18    what are we doing here?
19           MR. DUNN:  Your Honor, this is an overtime case under
20    the Fair Labor Standards Act and various state laws on behalf
21    of a group of employees who worked for Kellogg, were not paid
22    overtime because it's my understanding Kellogg classified them
23    as exempt under federal and state laws --
24           THE COURT:  Right.
25           MR. DUNN:  -- while the employees worked more than
```

1   40 hours in a work week.

2       Currently pending before the Court is the plaintiffs'

3   motion for collective action, and we expect to file motions

4   for class certification later on in the case.

5           THE COURT:  You've got a stipulation this morning for

6   deadlines September 20th, October 3rd.  You want to toll the

7   statute of limitations for the three weeks to September 20th,

8   right?

9           MR. BOUDREAU:  No, Your Honor.

10          THE COURT:  No?

11          MR. BOUDREAU:  The stipulation is if the Court

12  ultimately grants the motion, then tolling would be offered.

13  So it's not a blanket tolling.

14          THE COURT:  Right.

15          MR. BOUDREAU:  If I could answer your question as to

16  why we are here:  This case is kind of a little procedurally

17  different than a lot of these cases, it seems to me, only

18  because it sat around for about six months.  The plaintiffs

19  made a tactical decision, for whatever reason, not to serve

20  the complaint that was filed in February but wasn't served, I

21  don't believe, until the end of June, actually the last

22  possible time they could.

23      And so they came in, time to comply with the Court's order

24  regarding the joint case management plan and whatnot.  And as

25  part of the conferences with plaintiffs' counsel it became

1   clear that we were ships passing in the night as to how both
2   sides believed that this case should most efficiently proceed,
3   primarily to the notice stage, you know the first step with
4   this Court, typically the first step in a conditional notice
5   phase.  So when the joint case management plan was developed,
6   the parties could not agree on a discovery schedule as to how
7   they think the case should proceed, and so we noted in that
8   plan that we'd like to have a court conference so the Court
9   could resolve how it would like the case to proceed most
10  efficiently.
11      After filing that document, some discovery was commenced;
12  that is, Kellogg served initial sets of interrogatories
13  related to the conditional certification issue, and also noted
14  some depositions in anticipation of what was then an impending
15  motion for conditional certification.
16      Well, we didn't hear anything from the Court right away,
17  obviously, in terms of the scheduling order and whatnot, or
18  the joint case management plan, and in the meantime the
19  plaintiffs filed the motion for conditional certification.
20      So the issue of how this case should best proceed in
21  response -- in terms of this initial discovery plan, is really
22  why we are here.  Because it's defendants' position that the
23  Court should have some benefit of a modicum of discovery in
24  this issue of conditional certification, and in the joint case
25  management plan what we proposed was essentially a 30- to

1   60-day window, a 60-day window at the time, in which we would

2   depose the named plaintiffs.  Now we've got a conditional

3   certification motion and they've attached declarations of

4   several people who have opted into the case, so we would

5   actually like to depose maybe up to six people, not seven-hour

6   depositions, four-hour depositions, two-a-day type of thing.

7       We offered up defendants' witnesses, if plaintiffs wanted

8   them.  And then from that record they filed their motion for

9   conditional cert.  We propose that the Court has the benefit

10  of some discovery, because this is not a small case.  It's a

11  nationwide case, it's not a big case, it's actually a

12  complicated case in light of the number --

13          THE COURT:  And you want discovery before the Court

14  resolves the conditional --

15          MR. BOUDREAU:  Yes, before it makes a determination.

16  Let's send notice out and basically -- we've already got a

17  hundred opt-ins.  It's pretty far along --

18          THE COURT:  Right.

19          MR. BOUDREAU -- just from the hard work efforts of

20  plaintiffs' counsel.  But before the Court says wait a sec,

21  everybody here is similarly situated enough that we should

22  solicit, for lack of a better term, more claims by sending

23  another that we're frankly entitled, and you know, to be

24  honest, Your Honor, if I were in your shows, and I had to

25  exercise my discretion I'd rather do it on as complete a

1    record as I can --

2          THE COURT:  More information is better than less.

3          MR. BOUDREAU:  That's right.  So that was basically

4    it.  And what's happened in the meantime is we did notice the

5    depositions, we noticed them very quickly to occur this week

6    because of the pending deadline.

7       We have agreed with plaintiffs' counsel -- they were going

8    to file a protective order, we said don't bother, we'll

9    continue them until we hear from the Court.

10          THE COURT:  Decide that here today.

11       Plaintiffs, what's your position on discovery?

12          MR. DUNN:  Your Honor, we object to any discovery pre

13    the filing for the motion for conditional certification, or

14    the final briefing for that, and the reason is, because if

15    Your Honor were to grant conditional certification, this is

16    just a procedural step to inform, to allow other similarly

17    situated employees to receive notice about the case and their

18    opportunities to preserve their claim under the Fair Labor

19    Standards Act.

20       In addition, the standard for conditional certification is

21    based on a lenient standard that results in the reviewing of

22    plaintiffs' evidence, and it does not result in evaluating the

23    merits or making judgment decisions about -- or resolving any

24    factual disputes on plaintiffs' claim.

25       That's exactly what Kellogg is trying to do here, to jump

1  to more of a merit stage discovery and to make credibility

2  determinations.

3      In addition, they refuse to toll the statute of

4  limitations.  So a further delay only benefits Kellogg because

5  there's an expiration of claims with the passing of each pay

6  period.  Whereas if the Court were -- if plaintiffs were to

7  receive notice, or other employees were to receive notice,

8  they are then able to preserve their claims.  Kellogg then

9  gets another shot later on at the conclusion of discovery,

10  after we are able to get all of the information and then

11  Kellogg is able to move for decertification if they so choose.

12        THE COURT:  All right.  What is your position then as

13  to further proceeding; the timing for the conditional

14  certification is ripe?

15        MR. DUNN:  It is, yes.

16        THE COURT:  And once that's done, you propose that

17  the discovery will go apace, right?

18        MR. DUNN:  That's correct, Your Honor.

19        THE COURT:  All right.  Any other response?

20        MR. BOUDREAU:  Yes, Your Honor.  You know, Your Honor

21  knows the standard for conditional certification, you know

22  what you can consider in terms of fact base arguments.  I go

23  back -- it's an exercise of your discretion if you think the

24  Court is better informed with discovery than not.

25      But turning to one thing, you know for the plaintiffs, who

1   sat on the case for a long period of time, to then turn around

2   and say hey, wait a second, the fact that Kellogg wants three

3   weeks more time, or four weeks more time somehow is going to

4   jeopardize the plaintiffs, I don't know why that wasn't a

5   concern when they filed the complaint and sat on it for four

6   months.

7       But the one thing I want to say about the plaintiffs'

8   position is that it's one thing to say that Kellogg doesn't

9   need discovery in advance, or you shouldn't set a special

10  track for discovery in advance, but it's another thing for the

11  plaintiffs to stonewall legitimate discovery.  We had this

12  joint case management plan on August 1st, or perhaps that's

13  when we filed it.  We served interrogatories, plaintiffs

14  responded to them.  They said they could file a motion for

15  protective order in response to clearly legitimate deposition

16  notices.  Their initial disclosures were not filed on time.

17  We got them on Friday.  And frankly, if you reviewed the

18  initial disclosures, Your Honor, there isn't a single person

19  identified as a witness.

20      What they are doing is basically trying to obstruct the

21  discovery -- legitimate discovery process.  We are entitled to

22  take it under the federal rules right now, and hold up

23  Kellogg's efforts as legitimate discovery, by someone for lack

24  of a better term, and as it is now, because we did agree to

25  the stipulation, the response is going to be September 20th

1   provided Your Honor signs the stipulation, we can do all the

2   discovery that Kellogg wants, and we can have our responses

3   in, we can have it all done by the 20th.

4         THE COURT:  Mr. Dunn.

5         MR. DUNN:  Your Honor, they noticed up depositions

6   without consulting us 12 days in advance of the deposition.

7   My understanding is that there wasn't agreement as to the time

8   and location for the depositions and we were not consulted on

9   that.  Certainly -- we can respond to the interrogatories, and

10  we can respond to their document request, although I suspect

11  that Kellogg is in possession of the vast majority of any

12  documents that they need, the vast majority of any of the

13  documents are within Kellogg's possession because these are

14  the very documents that Kellogg provided to our client.  At

15  this point more -- for conditional certification, discovery is

16  just not necessary.  And indeed it's contrary to the standard

17  for conditional certification for the simple issue of issuing

18  notice to a group of similarly situated employees.

19        THE COURT:  Is there any precedent for discovery as a

20  precursor to the notice?

21        MR. BOUDREAU:  Yes, there is, Your Honor.  There's

22  actually three cases that are cited in the joint case

23  management plan under Kellogg's side of the defenses.  And I

24  would say, Your Honor, you will never find a case that says

25  you are not entitled to it.  There may be some cases that went

1   to conditional cert without it, but there's nothing that says

2   you can't have it.

3          THE COURT:  All right.  If I sign the stipulation,

4   what does that leave us here today?  I am going to allow the

5   discovery, all right.  It's going to be modest.  It's not

6   going to be lengthy.  I am going to expect the plaintiffs to

7   comply with the deadlines, and if they are already over, they

8   are to respond promptly, completely.  And I will expect the

9   compliance with this order signed at this time.

10      I think that takes care of the issue at hand, right?

11         MR. BOUDREAU:  It does, Your Honor.  And just to be

12  clear, I can work with plaintiffs' counsel on this, but it's

13  probably like six depositions of the named plaintiffs.  I can

14  work out who with the plaintiffs, and we'll limit them to no

15  more than four hours.  And if they want discovery, I don't

16  have a problem offering it up.

17         THE COURT:  I just want to issue my standard

18  admonition.  You are all officers of the court.  Mr. Subit

19  knows me, he knows -- I mean, you know, he's a good guy.  He's

20  a cooperative guy.  He's a smart guy.  I don't know you all.

21  I believe that you are earnest in fulfilling your

22  responsibilities.  The only way you can get in trouble in this

23  courtroom is mistreating one another or the staff.  I am fair

24  game.  You can say anything you want to me, as Mr. Subit often

25  does.  But the discovery process is a gentleman's game.  Many

1   lawyers in this courtroom come in here in short pants, knee

2   socks and a beanie to address discovery issues.

3       I don't like that very much, and I will not tolerate it,

4   so you are going to get along well, all right, so be it.  And

5   you've got the time to take your depositions.  All right?

6              MR. BOUDREAU:  Thank you, Your Honor.

7              THE COURT:  Anything further?

8              MR. DUNN:  Yes, Your Honor.  Are you allowing

9   discovery or discovery will be completed by what date?

10             THE COURT:  Well, I am not going to micromanage it.

11  You guys can work it out so that you can -- you are sensitive

12  to your own schedules and your opponent's schedules.  I mean,

13  there's enough money in this case, and there's enough talent

14  on both sides, that you can accommodate everyone's schedule it

15  seems to me.

16      If there are problems that arise, then call me and we'll

17  have a phone conference.

18             MR. DUNN:  Your Honor, I would just request that the

19  statute of limitations is then tolled for the similarly

20  situated employees while discovery occurs.

21             THE COURT:  That's in the order.  That's part of the

22  order.

23             MR. DUNN:  Okay.

24             THE COURT:  All right.  Anything further?

25             MR. DUNN:  Nothing on the plaintiffs' side, Your

1  Honor.

2          MR. SUBIT:  Nothing further.

3          MR. BOUDREAU:  Nothing further, Your Honor.

4          THE COURT:  Court will be at recess.

5      (Above hearing concluded.)

6

7

8                  *   *   *   *   *

9              C E R T I F I C A T E

10

11      I certify that the foregoing is a correct transcript from

12  the record of proceedings in the above-entitled matter.

13

14  /S/  Teri Hendrix                September 5, 2013

15  Teri Hendrix, Court Reporter            Date

16

17

18

19

20

21

22

23

24

25

**EXHIBIT B**



James M. Nelson
Tel 916.442.1111
Fax 916.408.1709
NelsonJ@gtlaw.com

October 22, 2013

**VIA E-MAIL**

Matt Dunn, Esq.
Getman Sweeney PLLC
9 Paradies Lane
New Palz, NY 12561

Re: **Thomas v. Kellogg Company, et al.**
  **USDC, Western District of Washington Case No. 3:13-cv-05136-RBL**
  Meet and Confer Re: Responses to Defendants' Interrogatories, Set One, by Plaintiffs
  Thomas, Gibson, Dowling, and Dye.

Dear Counsel:

I write to meet and confer regarding the separate responses to Defendants' Interrogatories, Set One, by Plaintiff Patricia Thomas, Jennifer Dowling, Kelley Dye, Jr., and Robert Gibson (collectively and separately referred herein as "Plaintiffs").

As you are aware, the Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed.R.Civ.P. 26(b)(1). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* Counter to Federal Rule of Civil Procedure 33(b)(3), Plaintiffs failed to provide a single response "fully in writing."

Each Plaintiff's responses to Defendants' interrogatories are incomplete and evasive and improperly repeat verbatim the same boiler plate objections through out their responses. For example, in response to Interrogatory Nos. 2, 3, 4, 5, 6, 7, 8, and 10, each Plaintiff stated, *inter alia*, that he or she "will provide verbal responses to this interrogatory during [his/her] deposition," and in response to Interrogatory Nos. 2, 3, 4, 5, 6, and 7, each Plaintiff asserted an unsupported objection that the interrogatories were "burdensome and oppressive." Accordingly, Plaintiffs' responses amount to "an evasive or incomplete disclosure, answer, or response [that] must be treated as a failure to disclose, answer, or respond." Fed.R.Civ.P. 37(a)(4). Thus, Plaintiffs' objections lack merit and should be withdrawn.

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BOSTON
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MEXICO CITY*
MIAMI
MILAN**
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PALM BEACH COUNTY
PHILADELPHIA
PHOENIX
ROME
SACRAMENTO
SAN FRANCISCO
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA
TEL AVIV*
TYSONS CORNER
WASHINGTON, D.C.
WHITE PLAINS

GREENBERG TRAURIG, LLP ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM
1201 K Street ■ Suite 1100 ■ Sacramento, CA 95814-3938 ■ Tel 916.442.1111 ■ Fax 916.448.1709

Matt Dunn
October 22, 2013
Page 2

Plaintiffs' assertion that each will provide a verbal response during his or her deposition is an invalid objection and improper attempt to dictate the content and direction of deposition questioning. Moreover, it disregards Plaintiffs' obligations to provide complete responses. Thus, Defendants request that each Plaintiff withdraw this objection where asserted and provide further responses "separately and fully in writing under oath."

Plaintiffs' objections that the interrogatories are burdensome and oppressive are likewise defective. Although a party may object to an interrogatory, the grounds for objection must be stated with specificity and the objecting party has the burden to show why an interrogatory is improper. Fed. R. Civ. P. 33(b) (4). This, Plaintiffs have not done. Instead, Plaintiffs assert the "burdensome and oppressive" objection without providing any supporting basis for the objection. In addition, Plaintiffs are not absolved of their separate and distinct obligations to provide complete responses merely by asserting that some of the information is likewise in Defendants' possession.

The responding party bears the burden of showing that an interrogatory is unduly burdensome or harassing. Here, the interrogatories are patently inoffensive and limited in their scope. Thus, Defendants request that each Plaintiff withdraw this objection where asserted and provide further responses "separately and fully in writing under oath."

Finally, as to Interrogatory No. 1, each Plaintiff's objection to the interrogatory on the basis that it seeks information about concerted activities is misplaced and lacks merit. In particular and as previously discussed, this interrogatory seeks the identity of those individuals with knowledge concerning the allegations in the Amended Complaint and/or concerning this lawsuit. Clearly, the identity of potential witnesses is directly relevant to this litigation and discoverable. Further, the information sought is not equivalent to that addressed in *Wright Electric, Inc. v. NLRB*, 200 F.3d 1162, 1165 (8th Cir. 2000); *Guess?, Inc.*, 339 NLRB 432 (2003), and *In Re Dilling Mech. Contractors, Inc.*, 357 NLRB No. 56, which involved the identity of union members and/or participants at organizing meetings.

Moreover, even, assuming *arguendo*, Plaintiffs' attempt to frame the inquiry as one seeking information regarding concerted activities is correct, which it is not, the interrogatory satisfies the three part test cited by Plaintiffs from the *Guess?, Inc.* case. Indeed, as already explained the identity of potential witnesses is clearly relevant. Second, an inquiry regarding the identity of potential witnesses is not an illegal objective. And third, as a party to this litigation, the employer's interest in obtaining relevant information outweighs the potential confidentiality interests. Accordingly, Defendants request that each Plaintiff withdraw his or her objections and provide further responses.

Please provide further responses at your earliest convenience, but in no event later than Tuesday, October 29, 2013. If the objections are not withdrawn and further responses provided, Defendants will be forced to seek court intervention in these matters.

Matt Dunn
October 22, 2013
Page 3

Please contact me if you would like to discuss further.

Sincerely,

James M. Nelson

cc:  James N. Boudreau, Esq.

**EXHIBIT C**

# GETMAN SWEENEY

Getman & Sweeney, PLLC
9 Paradies Lane
New Paltz, NY 12561
845-255-9370
fax 845-255-8649

October 29, 2013

James Nelson
Greenberg Traurig, LLP
1201 K Street
Suite 1100
Sacramento, CA 95814-3938

Re:    Interrogatories in *Thomas v. Kellogg Company et al.*,
       Case No. 3:13-cv-05136 (W.D.Wash.)

Dear Jim:

We write in response to your October 22, 2013 letter seeking interrogatory responses. Kellogg's demands for interrogatory responses are untimely, unnecessary, burdensome, and costly.

Even though Kellogg's discovery requests have largely been a fishing expedition and a wasteful use of resources, Plaintiffs have complied with Defendants' onerous discovery demands. For example, Kellogg demanded Kellogg documents in Plaintiffs' possession, which Plaintiffs then reproduced back to Kellogg. The vast majority of the 2,400 pages of documents Plaintiffs' produced were Kellogg documents, and not documents solely in Plaintiffs' possession. Because Kellogg created and produced the documents to Plaintiffs, and because Kellogg has copies of all of those documents, production of those documents was unnecessary and duplicative. Regardless, Plaintiffs produced the documents anyway.

Plaintiffs also traveled across the United States to defend six depositions. Those depositions occurred in New York City, New York, Columbus, Ohio, Seattle, Washington, and Tucson, Arizona. We spent hours scheduling the depositions, preparing travel arrangements, preparing our clients, defending the depositions, and traveling to and from the depositions. The Tucson, Arizona deposition lasted only two hours (9:35a.m. – 11:51a.m.) and Kellogg did not use the transcript to oppose Plaintiffs' motion. Despite the tremendous amount of discovery that Kellogg demanded, Kellogg used only a few pages from five of the six depositions as evidence to oppose Plaintiffs' motion. Now after all of the discovery that Plaintiffs produced, Kellogg's demand that Plaintiffs waive objections and respond to interrogatories is incredulous.

**Kellogg's requests are untimely.**

Kellogg's discovery dispute about pre-motion discovery at this 13th hour is untimely. The Court authorized a brief and limited discovery period to allow Kellogg "pre-motion discovery" in order to collect facts to oppose Plaintiffs' motion.[1] Dkt. 127. Plaintiffs asserted their objections to Kellogg's interrogatory requests before Plaintiffs' depositions. Knowing Plaintiffs' objections, Kellogg took Plaintiffs' depositions. And then Kellogg after completing its discovery, Kellogg opposed Plaintiffs' motion on October 4, 2013. Kellogg failed to address Plaintiffs' interrogatory objections before the October 4, 2013 deadline. *See, Dolfo v. Bank of America, N.A.*, No. 11–CV–2828–DMS (BGS), 2013 WL 1316705, *3 (S.D.Cal. March 29 2013) (refusing to require defendant to respond to interrogatory after class certification discovery closed but before plaintiffs filed their reply brief). Kellogg did not claim that it needed an extension of time to respond because of Plaintiffs' interrogatory objections. The discovery period has closed, the time to raise discovery disputes has passed, and there is no need for Plaintiffs' to waive their objections and provide substantive responses now. Instead Kellogg chose to wait until nearly three weeks after it opposed Plaintiffs' motion, to address Plaintiffs' objections. Kellogg's failure to promptly address Plaintiffs' objections is untimely.

**Kellogg's requests are burdensome.**

Kellogg's interrogatory requests are burdensome because the costs to respond now is excessive and because Kellogg had a full opportunity to depose Plaintiffs about issues raised in the interrogatories.

> In determining whether a burden is 'undue,' the Court considers whether: i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

*Warren v. Bastyr University*, No. 2:11–cv–01800–RSL, 2013 WL 1412419, *5 (W.D.Wash. April 8, 2013). Local Rule 26(f) states "Counsel are expected to cooperate with each other to reasonably limit discovery requests, to facilitate the exchange of discoverable information, and to reduce the costs of discovery." Contrary to Local Rule 26(f), Kellogg's request drives up the litigation costs. Kellogg issued 10 general and very broad interrogatory requests. To respond to those requests would add unnecessary costs because the Parties completed the "pre-motion discovery" and filed their briefing with the Court.

To update interrogatory answers, Plaintiffs' counsel would have to take at least one day for each Plaintiff's response. We would need to schedule a time to speak with our client, review each

---

[1] The Court also allowed Plaintiffs some discovery.

Plaintiff's deposition transcript for the relevant testimony, include the transcript page and including the deposition page number in the interrogatory response, talk with each Plaintiff on the phone for several hours, transcribe the responses to the interrogatory, review and edit the responses, send the responses to our clients to review, make any further edits to the responses based on each Plaintiffs' review, resend the responses to our clients, and have the Plaintiffs review the responses again, and finally Plaintiffs would sign and send the responses back to us, which we would then forward to Kellogg. To add these additional costs now would be unduly burdensome. *Warren v. Bastyr University*, No. 2:11–cv–01800–RSL, 2013 WL 1412419, *5 (W.D.Wash. April 8, 2013). And given the fact that collective action briefing is over, there would be absolutely no purpose in doing any of this.

Responding the interrogatories now is also improper because Kellogg had every opportunity to ask each one of these questions, as Plaintiffs' proposed, during the Plaintiff's deposition. Plaintiffs stated that they would answer questions concerning the facts supporting the conditional certification motion during their depositions. Indeed, the Court gave Kellogg the opportunity to depose Plaintiffs about the facts supporting Plaintiffs' motion, which are the same facts Kellogg sought in its interrogatory requests. And Kellogg clearly received the testimony that it sought, because it used Plaintiffs' testimony to oppose Plaintiffs' motion. *See,* Dkt. 133. Thus, Kellogg's interrogatory requests are an undue burden. *Warren v. Bastyr University*, No. 2:11–cv–01800–RSL, 2013 WL 1412419, *5 (W.D.Wash. April 8, 2013).

**Plaintiffs' specific responses to Kellogg's interrogatories.**

Interrogatory 1

Kellogg raises the issue about communications with other class members for a third time. We initially objected to the interrogatory and then objected again during the Plaintiffs' depositions. We continue to object because those communications are protected by the NLRA. And we further explained those objections in the attached letter, which we sent to you on September 20, 2103. *See*, Ex. 1.

Interrogatories 2, 4, 5, 6, and 8

These interrogatory requests are burdensome because Kellogg already has the information it seeks and thus it does not need responses from Plaintiffs. Kellogg dictated Plaintiffs job duties and assigned Plaintiffs to their territories. Kellogg keeps records of "the number of customer accounts" that each Plaintiff was "responsible for", "the volume of sales on a monthly basis", the time period the Plaintiff performed the RSR or TM job responsibilities, and knows who "assisted" each Plaintiff with their "daily job duties" because Kellogg knows which district Plaintiffs worked in, who their managers and co-workers were, and who performed the variable labor functions. Plaintiffs were also deposed about their job duties, their territories, their managers, interaction with other Kellogg employees, Kellogg's customer accounts, and Kellogg's sales. Plaintiffs also provided declaration testimony about their job duties.

Interrogatory 3

Plaintiffs assert that RSRs and TMs as defined in Plaintiffs' briefing are similarly situated. See Dkts. 81 and 141. Plaintiffs testified that they performed the same duties as

3

other RSRs and TMs. Kellogg testified that Plaintiffs are treated as exempt under the outside sales exemption. *See*, Dkt. 145-1, 30(b)(6) Dep. p. 62:22-63:92. Ultimately the Court will decide whether the class is similarly situated for the purposes of issuing notice to the class. Thus, for Plaintiffs to respond to the interrogatory is burdensome.

Interrogatory 7
Kellogg is already in possession of all documents that relate to Plaintiffs' job duties. And Plaintiffs produced all of the documents in their possession. Thus, for Plaintiffs to identify all documents in Kellogg's possession or that Plaintiffs' produced is burdensome.

Interrogatory 9
Plaintiffs' proposed class does not include RSMs, thus a response to this interrogatory is unlikely to lead to admissible evidence. Plaintiffs do not allege that they were RSMs, do not bring a class on behalf of RSMs, and do not assert claims on behalf of RSMs.

Interrogatory 10
Plaintiffs produced all responsive documents. Thus, for Plaintiffs to provide a written description of the documents that either do or do not exist is burdensome, especially when Kellogg may review the documents that Plaintiffs produced.

We fail to see the benefit of providing substantive responses, after Kellogg took Plaintiffs' depositions, after "pre-motion discovery" closed, and after Kellogg opposed Plaintiffs' motion.

Sincerely,

*s/ Matt Dunn*

EXHIBIT  1

# GETMAN SWEENEY

Getman & Sweeney, PLLC
9 Paradies Lane
New Paltz, NY 12561
845-255-9370
fax 845-255-8649

September 20, 2013

Jim Boudreau
Greenberg Traurig, LLP
2700 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103

Re:     Deposition dispute in *Thomas v. Kellogg Company et al.*,
        Case No. 3:13-cv-05136 (W.D.Wash.)

Dear Jim:

I am writing to follow up on the dispute that arose today during the deposition of current
employee opt-in Robert Gibson. You began asking Mr. Gibson questions concerning his
conversations with co-workers about joining this case, asking both for the names and substance
of such communications. As I stated during the deposition, the National Labor Relations Board
has clearly held that questions such as this, where an employer is engaging in surveillance of
employee concerted activity, even in litigation discovery, constitute an Unfair Labor Practice in
violation of the NLRA, 29 U.S.C. 157. I also advised you that I considered the questioning to be
a violation of the scope of the deposition which you advised the Court was the basis for engaging
in the extraordinary process of pre-collective-certification discovery (that is that the depositions
would be limited to the sole question of whether class members are "similarly situated."). I
allowed questions to determine whether the NLRA privilege would apply, but when it was clear
that Mr. Gibson had discussions with coworkers, and that you were asking him what was said, I
prohibited further questioning.

There is no legitimate reason for Kellogg to ask questions about which coworkers the Plaintiffs
spoke with about this case and what they said to each other. These questions are not relevant to
any issue involved in collective certification. There is no legitimate reason that Kellogg must
inquire into who was discussing the case and what was said in that discussion. If employers are
allowed to inquire into who spoke about joining a case, even after the fact, then these particular
employees, and indeed all employees are subject to being chilled for joining the case and from
coercion not to have such discussions *ab initio*. Such inquiries by employers are exactly why
class member employees will be chilled in speaking with Plaintiffs and will likely then be afraid
to join lawsuits such as this one. It also is why class representatives may be chilled from

1

otherwise engaging in entirely proper communications with other employee class members – thereby chilling protected concerted activity.

A lawsuit, particularly a wage and hour collective and class action constitutes concerted activity which is protected by the NLRA:  Saigon Gourmet Restaurant, 353 NLRB No. 110, 2–CA– 38252, 2009 WL 616703, at *2 (NLRB Mar. 9, 2009) ("Concertedly asserting a claim for unpaid overtime constitutes protected activity."); Trinity Trucking & Materials Corp., 221 NLRB No. 64, 25–CA–6402, 1975 WL 6428, at *275–76 (NLRB Nov. 5, 1975) ("It is settled that the filing of a civil action by employees is protected activity unless done with malice or in bad faith.... [B]y joining together to file the lawsuit [the employees] engaged in concerted activity."), enforced, 567 F.2d 391 (7th Cir.1977), cert. denied 438 U.S. 914 (1978); In re 127 Restaurant Corp., 331 NLRB No. 32, 2–CA–30176, 2000 WL 718228, at *276 (NLRB May 26, 2000) ("by joining together to file the lawsuit, [the employees] engaged in concerted activity."); 52nd St. Hotel Assocs., 321 NLRB No. 93, 2–RC–21475, 1996 WL 384240, at *14 (NLRB July 8, 1996) (holding that a collective action brought under the FLSA was protected activity), abrogated on other grounds by Stericycle, Inc., 357 NLRB No. 61 (Aug. 23, 2011). Federal courts of appeal likewise acknowledge that collective wage and hour litigation is protected as concerted activity under the NLRA. See Leviton Mfg. Co., Inc. v. NLRB, 486 F.2d 686, 689 (1st Cir.1973) ("[T]he filing of a labor related civil action by a group of employees is ordinarily a concerted activity protected by § 7, unless the employees acted in bad faith."); Brady v. National Football League, 644 F.3d 661, 673 (8th Cir.2011) ("[A] lawsuit filed in good faith by a group of employees to achieve more favorable terms or conditions of employment *is* 'concerted activity' under § 7 of the National Labor Relations Act.").

Employers are not permitted to interfere with or even interrogate employees concerning their concerted activity. N.L.R.B. v. J. Coty Messenger Serv., Inc., 763 F.2d 92, 97-98 (2d Cir. 1985); N.L.R.B. v. Jamaica Towing, Inc., 632 F.2d 208, 213 (2d Cir. 1980).

Interrogation of employees concerning their communications about concerted activity is not permitted just because a lawsuit otherwise affords discovery opportunities. Wright Electric, Inc. v. NLRB, 200 F.3d 1162, 1165 (8th Cir. 2000); Guess?, Inc., 339 NLRB 432 (2003)(unobjected to deposition questioning over attendance at organizing meeting constitutes ULP); In Re Dilling Mech. Contractors, Inc., 357 NLRB No. 56 (Aug. 19, 2011)(in a civil action the State court granted a protective order for employees against employer's discovery requests for documents and identity of union members and NLRB found that employer's discovery violated employees Section 7 right to engage in protected concerted activity.) In Guess? Inc., the NLRB wrote:

> we hold that in determining whether the Respondent's deposition questions were lawful, the appropriate analysis is the following three-part test. First, the questioning must be relevant. Second, if the questioning is relevant, it must not have an illegal objective. Third, if the questioning is relevant and does not have an illegal objective, the employer's interest in obtaining this information must outweigh the employees' confidentiality interests under Section 7 of the Act.

Here, this questioning fails each prong of analysis. First, the questioning is not relevant in any way to pending collective action motion. Second, given the lack of any relevance and any purpose other than coercion, the probing of such communication has no other purpose than to

2

bully the Plaintiffs and class members into not speaking for fear of having to reveal their contacts and the substance of communications to their employer. Finally, even if Kellogg's questioning was remotely relevant to class certification, and here it clearly is not, the employer's interest in obtaining this information must outweigh the employees' confidentiality interests under Section 7 of the Act. In Re Guess?, Inc., at 434. There is no interest here that would outweigh employees' confidentiality interests.

If you intend to continue with such questions at the currently scheduled depositions, I believe it would be appropriate for us to both quickly address this issue with the Court and seek an oral ruling as soon as possible. Please let me know.

Sincerely,

/s/ Dan Getman

**EXHIBIT D**

# GT GreenbergTraurig

James M. Nelson
Tel 916.442.1111
Fax 916.408.1709
NelsonJ@gtlaw.com

November 18, 2013

**VIA E-MAIL**

Matt Dunn, Esq.
Getman Sweeney PLLC
9 Paradies Lane
New Palz, NY  12561

Re: **Thomas v. Kellogg Company, et al.**
    **USDC, Western District of Washington Case No. 3:13-cv-05136-RBL**
    Meet and Confer Re: Responses to Defendants' Interrogatories, Set One, by Plaintiffs
    Thomas, Gibson, Dowling, and Dye.

Dear Counsel:

This responds to your October 29, 2013, letter regarding Defendants' request that
plaintiffs Thomas, Gibson, Dowling, and Dye each provide further discovery responses to
Defendants' Interrogatories, Set One (collectively and separately referred herein as
"Plaintiffs"). Having given the matter significant thought, your response is not adequate
for the reasons discussed below and we will require the response I originally requested.

As an initial matter, I am aware of no order dictating a close of class discovery. Counter
to the your assertions, rather than provide a single response to Defendants' 10
interrogatories to each of the Plaintiffs, as outlined in my October 22, 2013, letter, each
Plaintiff merely responded with objections. With all due respect and as you know, such
objections do not amount to complying with discovery. Instead, counter to Federal Rule
of Civil Procedure 33(b)(3), Plaintiffs failed to provide a single response "fully in
writing," and instead insisted that verbal responses would be later provided at deposition.

Furthermore, the deadlines regarding the motion for conditional class certification
involved the deadlines for Defendants to oppose Plaintiffs' motion and were not related to
Plaintiffs' obligation to comply with FRCP 33. Indeed, during the August 26, 2013, status
conference, Judge Leighton stated:

> "I am going to allow the discovery, all right. It's going to be modest. It's not
> going to be lengthy. I am going to expect the plaintiffs to comply with the
> deadlines, and if they are already over, **they are to respond promptly,**
> **completely.** And I will expect the compliance with this order signed at this time."

(August 26, 2013, Transcript of Status Conference at p. 10, lines 4-9 (emphasis added).)

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BOSTON
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MEXICO CITY*
MIAMI
MILAN*
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PALM BEACH COUNTY
PHILADELPHIA
PHOENIX
ROME*
SACRAMENTO
SAN FRANCISCO
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA
TEL AVIV*
TYSONS CORNER
WASHINGTON, D.C.
WHITE PLAINS

Matt Dunn
November 18, 2013
Page 2

Moreover, when Mr. Dunn asked whether the Court was placing a deadline on the allowed discovery, the Court specifically said it was not. (*Id.* at 11: 8-15.) Thus, the only thing "untimely" about this discovery is Plaintiffs' response.

The subject of Defendants' interrogatories remains relevant to the case and is not burdensome. The mere fact that the papers for the motion for conditional class certification have been filed does not relieve Plaintiffs' obligations to respond to the discovery requests "completely." In addition, counter to your argument, Defendants are entitled to seek discovery under FRCP 33 and have not been limited to deposition testimony.

As to counsel's claim that the interrogatories are unduly burdensome, it is curious that you cite *Warren v. Bastyr University*. As noted in the following passage, that case stands for exactly the opposite of what you assert:

> Plaintiff argues that Interrogatory No. 12 and Request for Production No. 4 are overly broad and unduly burdensome because defendant Koutoubi has access to the information and documents as readily as plaintiff does. Response (Dkt. # 87) at 9. This interrogatory and request for production ask for documents and other information prepared by defendant Koutoubi for plaintiff related to her class work or clinic work at Bastyr University. Although defendant Koutoubi may be aware or have copies of some of the requested information and documentation, there is no reason to assume that he would have kept copies of all materials prepared for plaintiff. **In light of the relatively low burden of identifying and producing any responsive documents and the relatively high likelihood that defendant Koutoubi does not have all responsive information, the motion to compel with respect to Interrogatory No. 12 and Request for Production No. 4 is GRANTED.,**

*Warren*, No. 2:11-cv-01800 RSL, 2013 WL 1412419 (W.D.Wash. April 8, 2013) (emphasis added). Accordingly, the fact Defendants may have access to the information and documents sought do not render the interrogatories unduly burdensome.

I think it is safe to conclude that we must agree to disagree and ask for a ruling from the court on whether there is an "NLRA privilege" as to disclosure of witness names. Although I am a believer in "meet and confer" there is a point when the principle in question is plain, the parties understand each other fairly clearly and further discussion is an exercise in futility. I think we have reached that point but if you think further discussion is likely to be productive please call.

Accordingly, Defendants request that each Plaintiff withdraw their objections and provide further responses to Interrogatory Nos. 1, 2, 3, 4, 6, 7, 8, and 10 at your earliest convenience, but in no event later than Wednesday, November 25, 2013.

Matt Dunn
November 18, 2013
Page 3

If additional time is needed to prepare the responses, please let us know. If, however, Plaintiffs do not agree to withdraw the objections and to provide further responses, Defendants will be forced to seek court intervention in these matters.

Sincerely,

James M. Nelson

**EXHIBIT E**

## Diesch, Angela (Assoc-SAC-Lit-Labor-EmpLaw)

| | |
|---|---|
| **From:** | Matt Dunn <mdunn@getmansweeney.com> |
| **Sent:** | Monday, November 25, 2013 7:51 PM |
| **To:** | Hughey, Jessica (Secy-Sac-EmpLaw) |
| **Cc:** | Boudreau, James N. (Shld-Phi-Labor-EmpLaw); Nelson, James (Shld-Sac-LA-Labor-EmpLaw-ERISA); Dan Getman |
| **Subject:** | RE: Kellogg/Thomas: Letter |

Jim, With the holiday and other case demands, we need additional time to respond to your letter. We will respond next week.

Thank you,

Matt Dunn

**From:** hugheyj@gtlaw.com [mailto:hugheyj@gtlaw.com]
**Sent:** Monday, November 18, 2013 7:34 PM
**To:** Matt Dunn; Dan Getman
**Cc:** boudreauj@gtlaw.com; nelsonj@gtlaw.com
**Subject:** Kellogg/Thomas: Letter

Counsel:

Attached please find Mr. Nelson's letter of today's date.

Should you have any questions, please do not hesitate to contact our office.

Thank you,

Jessica Hughey
Legal Secretary to
James M. Nelson, Anthony J. Cortez and Jennifer M. Holly
Greenberg Traurig, LLP | 1201 K Street, Suite 1100 | Sacramento, CA 95814
Tel 916.442.1111 | Fax 916.448.1709
hugheyj@gtlaw.com | www.gtlaw.com

**GT** GreenbergTraurig

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate such information. Pursuant to IRS Circular 230, any tax advice in this email may not be used to avoid tax penalties or to promote, market or recommend any matter herein.

**EXHIBIT F**

**Diesch, Angela (Assoc-SAC-Lit-Labor-EmpLaw)**

| | |
|---|---|
| **From:** | Matt Dunn <mdunn@getmansweeney.com> |
| **Sent:** | Friday, December 06, 2013 1:43 PM |
| **To:** | Hughey, Jessica (Secy-Sac-EmpLaw) |
| **Cc:** | Boudreau, James N. (Shld-Phi-Labor-EmpLaw); Nelson, James (Shld-Sac-LA-Labor-EmpLaw-ERISA); Dan Getman |
| **Subject:** | RE: Kellogg/Thomas: Letter |

I apologize, but Dan is out of the office to address a family matter and I do not expect him to return until Tuesday. We will respond then. Thank you.

**From:** hugheyj@gtlaw.com [mailto:hugheyj@gtlaw.com]
**Sent:** Monday, November 18, 2013 7:34 PM
**To:** Matt Dunn; Dan Getman
**Cc:** boudreauj@gtlaw.com; nelsonj@gtlaw.com
**Subject:** Kellogg/Thomas: Letter

Counsel:

Attached please find Mr. Nelson's letter of today's date.

Should you have any questions, please do not hesitate to contact our office.

Thank you,

**Jessica Hughey**
Legal Secretary to
James M. Nelson, Anthony J. Cortez and Jennifer M. Holly
Greenberg Traurig, LLP | 1201 K Street, Suite 1100 | Sacramento, CA 95814
Tel 916.442.1111 | Fax 916.448.1709
hugheyj@gtlaw.com | www.gtlaw.com

**GT** GreenbergTraurig

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate such information. Pursuant to IRS Circular 230, any tax advice in this email may not be used to avoid tax penalties or to promote, market or recommend any matter herein.

**EXHIBIT G**

# GETMAN SWEENEY

Getman & Sweeney, PLLC
9 Paradies Lane
New Paltz, NY 12561
845-255-9370
fax 845-255-8649

December 11, 2013

James Nelson
Greenberg Traurig, LLP
1201 K Street
Suite 1100
Sacramento, CA 95814-3938

Re:    Interrogatories in *Thomas v. Kellogg Company et al.*,
       Case No. 3:13-cv-05136 (W.D.Wash.)

Dear Jim:

We write in response to your November 18, 2013 letter seeking interrogatory responses.

The brief discovery period concerning Plaintiffs' motion for FLSA conditional certification has closed. Kellogg requested discovery for the purposes of conditional certification, and not any other issue. August 26, 2013, Transcript of Status Conference at p. 5:9-12 ("We propose that the Court has the benefit of some discovery, because this is not a small case. It's a nationwide case, it's not a big case, it's actually a complicated case in light of the number"). Judge Leighton permitted discovery for the purpose of the conditional certification motion. August 26, 2013, Transcript of Status Conference at p. 10:4-6, ("I am going to allow the discovery, all right. It's going to be modest. It's not going to be lengthy."). After Kellogg had a full opportunity to take discovery, without any objections to the discovery Plaintiffs produced, Kellogg then submitted its opposition to Plaintiffs' motion on October 4, 2013. Now the motion is fully briefed. Thus, any additional discovery concerning the facts supporting Plaintiffs' motion for conditional certification is unnecessary and untimely. *Dolfo v. Bank of America, N.A.*, No. 11–CV–2828–DMS (BGS), 2013 WL 1316705, *3 (S.D.Cal. March 29 2013).

Kellogg already has all of the information that it needs concerning the interrogatories requests from Plaintiffs. Four of the Named Plaintiffs were deposed. During those depositions, Kellogg asked the deponents questions about the facts supporting the motion for conditional certification. Those questions included the same information that Kellogg now seeks in the interrogatory responses.  For example, Plaintiffs testified about their territory and accounts (Interrogatory No. 2). *See e.g.*, Dowling Dep. pp. 41:6-41:7, 85:19 to 86:7; Gibson Dep. pp. 47:20-48:3; Thomas Dep. pp. 104:13-106:2, 104:13-106:2.  They testified about the dates they were employed by Kellogg (Interrogatory Nos. 4 and 5). *See e.g.*, Thomas Dep. pp. 14:15-16, 45:9-13. And they testified about who assisted them with their job duties (Interrogatory No. 6). *See e.g.*, Thomas

Dep. p. 158:4-19. Plaintiffs testified about documents Kellogg showed them at the deposition, Plaintiffs produced 2,400 pages of documents (that Kellogg originally produced to Plaintiffs), and Kellogg produced thousands of pages of documents. The vast majority of the documents relate to Plaintiffs' job duties and Interrogatory Number 7 ("Identify all documents that support, contradict, or reference your job duties while employed by Kellogg during the past six years."). In Plaintiffs' declarations and during their depositions they testified about their various job duties (Interrogatory No. 8). *See e.g.*, Dowling Dec., Doc. 84; Dye Dec., Doc. 85; Gibson Dec., Doc. 86; and Thomas Dec., Doc. 93. Finally, Plaintiffs produced all documents concerning the hours that they worked in response to Document Request Number 5. Thus, Kellogg has the information it seeks in Interrogatory Number 10 because it is covered by Document Request Number 5.

It appears that Kellogg has changed its position about the reason for the interrogatory responses. Kellogg's letter indicates that the interrogatory responses are necessary for class discovery, not conditional certification. We understood that the Court had limited the Parties to discovery for conditional certification purposes, and not any other purpose, including class discovery. However, if Kellogg believes that the Parties may take discovery for class certification or other general discovery purposes, then this merits further discussion.

If Kellogg seeks the interrogatory responses for class certification, then before we invest the time gathering and supplying responses, we suggest that Kellogg revisit its interrogatories to determine if the request is necessary for class discovery purposes. As we explained, Plaintiffs already testified about the information Kellogg seeks. Also some of the information is irrelevant for class certification purposes. For example, Interrogatory Number 3 states "Identify by name each person that you believe is similarly situated to you as alleged in the Amended Complaint, and for each such person, explain why you believe that person is similarly situated to you." Certainly, this request does not address any facts for class certification.

Please let us know if you would like to meet and confer concerning these issues.

Sincerely,

*s/ Matt Dunn*

**EXHIBIT H**



James Nelson
Tel 916.442.1111
Fax 916.448.1709
nelsonj@gtlaw.com

December 12, 2013

**VIA E-MAIL**

Matt Dunn, Esq.
Getman Sweeney PLLC
9 Paradies Lane
New Palz, NY  12561

Re: **Thomas v. Kellogg Company, et al.**
   **USDC, Western District of Washington Case No. 3:13-cv-05136-RBL**
   <u>Meet and Confer Re: Responses to Defendants' Interrogatories, Set One, by Plaintiffs Thomas,
   Gibson, Dowling, and Dye.</u>

Dear Matt:

This responds to your December 11, 2013, letter regarding Defendants' request that plaintiffs
Thomas, Gibson, Dowling, and Dye (collectively and separately referred herein as "Plaintiffs") each
provide further discovery responses to Defendants' Interrogatories, Set One.

We are making no progress at all.  When I wrote to you on November 18, 2013, I noted that
responses to Defendant's 10 interrogatories to each Plaintiff were objections only.  That was
consistent with my October 22, 2013 letter.  You know such objections do not amount to complying
with discovery obligations.  Instead, counter to Federal Rule of Civil Procedure 33(b)(3), Plaintiffs
failed to provide a single response "fully in writing," and continue to refuse to do so.

My November 18, 2013 letter asked for a response by November 25, 2013, because, frankly, your
position has been that you stand on your objections and nothing further will be forthcoming and we
seemed to be at an impasse but I wanted to give you a week to reconsider.  Your November 25
email asserted you needed another week to respond due to the holidays and demands in other cases.
That week came and went with a number of new individual consents to sue filed in the case, but no
response to either the discovery or my November 18 letter.  The afternoon of December 6 another
email arrived in which you noted that Dan was out of the office and you would respond the
following Tuesday, December 10.  More consents were filed on December 9 and 10, 2013, but no
response on the discovery issues was forthcoming.

Your actions suggest that you have time for things important to your handling of the case, but
unilaterally are delaying responding to Defendants.  This is unacceptable and, with all due respect,
we disagree with your practice.

That brings us to the substance of the December 11 letter, which is an abbreviated re-statement of
prior positions to the effect that Plaintiffs have decided Defendants do not need the discovery
sought in the interrogatories and thus will not provide substantive answers to any of the 10
interrogatories by any of the named Plaintiffs.  In that regard, I again refer you to the August 26,
2013, status conference in which Judge Leighton stated:

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BOSTON
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON∗
LOS ANGELES
MEXICO CITY∗
MIAMI
MILAN∗
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PALM BEACH COUNTY
PHILADELPHIA
PHOENIX
ROME∗
SACRAMENTO
SAN FRANCISCO
SEOUL∗
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA
TEL AVIV∗
TYSONS CORNER
WARSAW∗
WASHINGTON, D.C.
WHITE PLAINS

∗ OPERATES AS GREENBERG
TRAURIG MAHER LLP
∗ OPERATES AS
GREENBERG TRAURIG, S.C.
∗ A BRANCH OF
GREENBERG TRAURIG, P.A.
FLORIDA USA
OPERATES AS
GREENBERG TRAURIG GERMANY
∗ OPERATES AS
GREENBERG TRAURIG LLP
FOREIGN LEGAL CONSULTANT
OFFICE
∗ STRATEGIC ALLIANCE

Matt Dunn, Esq.
December 12, 2013
Page 2
_____

"I am going to allow the discovery, all right. It's going to be modest. It's not going to be lengthy. I am going to expect the plaintiffs to comply with the deadlines, and if they are already over, **they are to respond promptly, completely**. And I will expect the compliance with this order signed at this time."

(August 26, 2013 Transcript of Status Conference at p. 10, lines 4-9 (emphasis added).)

Moreover, as noted previously when Mr. Dunn asked whether the Court was placing a deadline on the allowed discovery, the Court specifically said it was not. (*Id*. at 11: 8-15.) Thus, the only thing "untimely" about this set of discovery is Plaintiffs' responses.

The subject of Defendants' interrogatories remains relevant to the case and is not burdensome. The mere fact that Plaintiffs refused to substantively respond before the papers for the motion for conditional class certification were filed does not relieve Plaintiffs' obligations to respond to the discovery requests completely. In addition, counter to your argument, Defendants are entitled to seek discovery under FRCP 33 and have not been limited to deposition testimony.

In my November letter I stated that I thought "it is safe to conclude that we must agree to disagree and ask for a ruling from the court on whether there is an 'NLRA privilege' as to disclosure of witness names." You provided no response or comment. As I said in November, although I am a believer in "meet and confer" there is a point when the principle in question is plain, and the parties understand each other.

I need to schedule a call during the week of December 16 to discuss this. Specifically, Defendants again request that each Plaintiff withdraw their objections and provide further responses to Interrogatory Nos. 1, 2, 3, 4, 6, 7, 8, and 10 by a date certain in the very near future. If that is not acceptable, please provide your availability for the week of December 16, 2013, for a call to complete our meet and confer process

If, however, Plaintiffs do not provide available times to further discuss this matter, Defendants will be forced to seek court intervention.

Sincerely,

James M. Nelson

**EXHIBIT I**

## Diesch, Angela (Assoc-SAC-Lit-Labor-EmpLaw)

| | |
|---|---|
| **From:** | Matt Dunn <mdunn@getmansweeney.com> |
| **Sent:** | Monday, December 23, 2013 9:15 AM |
| **To:** | Nelson, James (Shld-Sac-LA-Labor-EmpLaw-ERISA) |
| **Cc:** | Boudreau, James N. (Shld-Phi-Labor-EmpLaw); Hughey, Jessica (Secy-Sac-EmpLaw); Diesch, Angela (Assoc-SAC-Lit-Labor-EmpLaw); Dan Getman |
| **Subject:** | RE: Kellogg/Thomas: Letter from J. Nelson |

Jim,

Your characterization of our response is inaccurate and misleading. We plainly explained to you that we need responses to our questions, including whether discovery is currently open, in order to evaluate whether additional responses are proper at this time. We fail to understand why you refuse provide answers to our questions, including whether you believe that discovery is open and whether you will produce class discovery.

In order to resolve this dispute, we will provide interrogatory responses, except to interrogatory number 1 (as to which we previously stated our objection that the request constitutes an unfair labor practice and violates the NLRA), based on the understanding that discovery is currently open. We will provide the responses as quickly as we can, given the holidays. Depending on our clients' availability, we expect that we will need approximately two weeks to respond. We also intend on serving discovery demands, including class discovery, tomorrow. If you believe that discovery is closed, let us know immediately and we can all agree to wait for the Court's collective action ruling before producing and serving further discovery, including class discovery.

Before we ask our clients to respond, please confirm that you want our clients to respond to the interrogatories.

Based on the discovery already produced, as we've repeatedly expressed, Kellogg's interrogatory requests are entirely redundant of the four hour depositions that we flew around the country to take at Defendants' request and now going back to put additional answers to the same questions propounded as interrogatories, unnecessarily and severely increases legal fees. Furthermore, Kellogg is in possession of all the information you seek to demand from the four Plaintiffs. For example Kellogg produced documents showing Plaintiffs' territories and dates of employment. And Kellogg knows the names and addresses of the other individuals it employed as RSRs and TMs. Why should Plaintiffs state the names of some subset of such employees that they can remember. The burdensomeness of your requests are matched only by their utter uselessness. Our clients provided responses through the documents they produced and during their depositions. All of that discovery contains information that Kellogg seeks in the interrogatories. Rather than read through those depositions, you ask us to answer the same questions anew. Regardless, if Kellogg believes that interrogatory answers are necessary, we will take the time to provide written responses.

Thank you,

Matt

**From:** nelsonj@gtlaw.com [mailto:nelsonj@gtlaw.com]
**Sent:** Friday, December 20, 2013 6:33 PM
**To:** Dan Getman; Matt Dunn
**Cc:** boudreauj@gtlaw.com; hugheyj@gtlaw.com; diescha@gtlaw.com
**Subject:** RE: Kellogg/Thomas: Letter from J. Nelson

Dan

The questions you posed for the first time today have nothing to do with the interrogatories served on you months ago to which you have not provided any substantive response.  Today you  and Matt refused to discuss the individual questions and did so more than once.  In the email you say you might respond to some of them  further if we agree to a variety of general  items regarding future discovery you may promulgate.  Imposing those pre-conditions to (a) properly responding to the interrogatories that should have been fully answered months ago or (b) your participation in the meet and confer process as to the individual interrogatories, is not appropriate.   Discovery is governed by the federal rules and the orders of the court all of which are equally available to you.

Jim

**From:** Dan Getman [mailto:dgetman@getmansweeney.com]
**Sent:** Friday, December 20, 2013 2:44 PM
**To:** Nelson, James (Shld-Sac-LA-Labor-EmpLaw-ERISA); Matt Dunn
**Cc:** Boudreau, James N. (Shld-Phi-Labor-EmpLaw); Hughey, Jessica (Secy-Sac-EmpLaw); Diesch, Angela (Assoc-SAC-Lit-Labor-EmpLaw)
**Subject:** RE: Kellogg/Thomas: Letter from J. Nelson

Jim, As we said during our telephone, the meet and confer is not complete. In order for us to make an informed decision, we asked that you provide us with responses to our questions. Do you intend to do so? Dan

**From:** nelsonj@gtlaw.com [mailto:nelsonj@gtlaw.com]
**Sent:** Friday, December 20, 2013 4:36 PM
**To:** Matt Dunn; Dan Getman
**Cc:** boudreauj@gtlaw.com; hugheyj@gtlaw.com; diescha@gtlaw.com
**Subject:** RE: Kellogg/Thomas: Letter from J. Nelson

Matt and Dan
This will follow up on our telephonic meet and confer discussion this morning which I will summarize.

- As to Interrogatory number 1 which seeks witness information and to which you have objected on NLRA related grounds, we agreed that what  separates us  is an essentially legal issue as to which a court ruling will be required and further discussion will not aid resolution;
- When I attempted to move the discussion on to Interrogatories 2,3,4,6,7,8,and 10 which are the same for each of Plaintiffs , you insisted on a dialogue as to the scope of discovery and ultimately refused to discuss the individual interrogatories absent an agreement on the scope of discovery as it would apply to discovery you have not yet proposed or propounded. You repeat that demand below although not in quite the same way it was stated on the call. As I said then the scope of discovery is governed by the Federal Rules of Civil Procedure and existing orders of the court. It is most definitely not the case that we did not "get a chance to go through [our] individual requests" as you assert below as we both had plenty of time.  Rather, you and Dan refused to discuss the individual requests absent an agreement on the scope of future discovery.

With all due respect we have been attempting to obtain substantive responses as to properly promulgated written discovery from Plaintiffs since September.  Your position, based on improper objections has not shifted in any meaningfully favorable way.  Today you insisted on a new agreement as to future discovery  you may want to propound and in exchange you "may well be able to agree to answer some or most of [our] interrogatories."  That pushes the parties further apart and a vague statement that you may one day partially agree to satisfy some of Plaintiff's discovery obligations is plainly not acceptable. Mindful as I am of the court's comments at the August hearing you leave us no alternatives.

Jim

**From:** Matt Dunn [mailto:mdunn@getmansweeney.com]
**Sent:** Friday, December 20, 2013 10:24 AM
**To:** Nelson, James (Shld-Sac-LA-Labor-EmpLaw-ERISA)
**Cc:** Boudreau, James N. (Shld-Phi-Labor-EmpLaw); Dan Getman; Hughey, Jessica (Secy-Sac-EmpLaw)
**Subject:** RE: Kellogg/Thomas: Letter from J. Nelson

Jim,

We were completely surprised to receive Kellogg's request to respond to the interrogatories, even though the court already gave Kellogg the highly unusual opportunity to take discovery for the FLSA conditional certification motion and that discovery concluded with the full submission of conditional certification motion. Kellogg asked for and was given the right to take four hours of deposition testimony from six Plaintiffs and Opt-Ins. That discovery and those depositions were completed months ago and the parties fully briefed the issues relating to conditional certification as of October 25th and the parties are awaiting the Court's decision on conditional certification. Kellogg now seeks additional discovery months after the Parties submitted their briefing and evidence in response to Plaintiffs' motion for conditional certification and that motion is pending before the Court which may issue its opinion at any moment.

In order for us to evaluate whether additional responses from Plaintiffs are appropriate at this time, we need to understand Kellogg's position in regards to the scope of discovery. This includes: does Kellogg believe that discovery is currently open for all issues (e.g. class discovery)? Does Kellogg believe that discovery for conditional certification closed, or is open (even though the issue has been fully briefed to the Court)? May the Parties propound class discovery? Will Kellogg agree to produce class information including the names and addresses of class member witnesses just as it requests names and addresses of other class members and other employees that Plaintiffs worked with (see interrogatory numbers 3 and 6)? And does Kellogg agree not to raise objections to mutual discovery based on that area of discovery being closed or that the requests are premature? Further, does Kellogg believe that it may generate new evidence in response to the Plaintiffs' motion for conditional certification? And does Kellogg believe that it may submit further briefing to the Court based on the evidence that Kellogg gathers in response to this evidence?

As we expressed in our call, if Kellogg is willing to commit to mutual discovery on class issues now, we may well be able to agree to answer some or most of your interrogatories. As we told you, however, we are not willing to answer interrogatories which are outside the scope of current discovery only to find out that Kellogg will object to similar discovery propounded by Plaintiffs.
During our call you were not in a position to speak definitively as to Kellogg's position. We asked you to put Kellogg's position in writing so that we can rely upon them. Answers to these questions will assist us in making an informed decision about whether to answer your discovery or assert objections based in part on non-mutuality.

We did not get a chance to go through your individual requests as the issue of the scope of open discovery is more fundamental, but we remain interested in doing so after we reach the topics addressed above.

Thank you,

Matt Dunn

---

**From:** Matt Dunn
**Sent:** Friday, December 20, 2013 11:54 AM
**To:** 'nelsonj@gtlaw.com'
**Cc:** boudreauj@gtlaw.com; Dan Getman; hugheyj@gtlaw.com
**Subject:** RE: Kellogg/Thomas: Letter from J. Nelson

You may call our main number: 845.255.9370

**From:** nelsonj@gtlaw.com [mailto:nelsonj@gtlaw.com]
**Sent:** Monday, December 16, 2013 5:44 PM
**To:** Matt Dunn
**Cc:** boudreauj@gtlaw.com; Dan Getman; hugheyj@gtlaw.com
**Subject:** RE: Kellogg/Thomas: Letter from J. Nelson

Yes, what number would you prefer I call you at.

**From:** Matt Dunn [mailto:mdunn@getmansweeney.com]
**Sent:** Monday, December 16, 2013 2:26 PM
**To:** Nelson, James (Shld-Sac-LA-Labor-EmpLaw-ERISA)
**Cc:** Boudreau, James N. (Shld-Phi-Labor-EmpLaw); Dan Getman; Hughey, Jessica (Secy-Sac-EmpLaw)
**Subject:** RE: Kellogg/Thomas: Letter from J. Nelson

Jim, We are generally available on Friday to meet and confer. Does 12pm EST work?

Thank you,

Matt Dunn

**From:** hugheyj@gtlaw.com [mailto:hugheyj@gtlaw.com]
**Sent:** Thursday, December 12, 2013 7:48 PM
**To:** Matt Dunn; Dan Getman
**Cc:** boudreauj@gtlaw.com; nelsonj@gtlaw.com
**Subject:** Kellogg/Thomas: Letter from J. Nelson

Mr. Dunn:

Attached please find Mr. Nelson's letter of today's date.

Thank you,

**Jessica Hughey**
Legal Secretary to
James M. Nelson, Anthony J. Cortez and Jennifer M. Holly
Greenberg Traurig, LLP | 1201 K Street, Suite 1100 | Sacramento, CA 95814
Tel 916.442.1111 | Fax 916.448.1709
hugheyj@gtlaw.com | www.gtlaw.com

**GT** GreenbergTraurig

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate such information. Pursuant to IRS Circular 230, any tax advice in this email may not be used to avoid tax penalties or to promote, market or recommend any matter herein.