| | |
|---|---|
| | HONORABLE RONALD B. LEIGHTON |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PATTY THOMAS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>KELLOGG COMPANY and KELLOGG SALES COMPANY,<br><br>    Defendants. | CASE NO. C13-5136 RBL<br><br>ORDER CONDITIONALLY CERTIFYING FLSA COLLECTIVE ACTION<br><br>[DKT. #81] |

THIS MATTER is before the Court on Plaintiffs' Motion to Conditionally Certify a collective action under the Fair Labor Standards Act. The named Plaintiffs are employees of Defendant Kellogg in various states[1]. They seek to assert claims on behalf of themselves and on behalf of other similarly situated employees. They allege that Kellogg pays its Retail Sales Representatives (RSRs) and its Snacks Division Territory Managers (TMs) a salary, but that these employees regularly work far in excess of 40 hours per week. They seek to challenge their

---

[1] In addition to the FLSA claims at issue in this motion, Plaintiffs assert class claims for unpaid overtime under the laws of Washington, Missouri, New York, Ohio, Arizona, and Minnesota, as well as two additional Minnesota state law claims for a "Minnesota Rest and Meal Break class" and a "Minnesota Record Keeping class." The class allegations are not at issue in this Motion.

1 "exempt from FLSA overtime" status, and they seek to assert that challenge collectively on

2 behalf of similarly situated Kellogg RSRs and TMs nationwide.

3 Kellogg opposes the Motion. It argues that the Plaintiffs have not demonstrated that they

4 are similarly situated to the broad national class of current and former sales employees they seek

5 to represent. Kellogg argues that its RSRs and TMs around the country have wide-ranging

6 responsibilities and duties under its continually-evolving sales organization structure, and that

7 Plaintiffs have not and cannot establish that they or those they seek to represent are similarly

8 situated, or that they have been subject to a uniform illegal overtime policy. They also argue that

9 the plaintiffs' proposed course of action—the "two-step process" described below— encourages

10 litigation and is bad public policy. The issues are thoroughly explored in the parties' excellent

11 written materials. Oral argument is not required to resolve the issues presented.

12 The Plaintiffs argue that their collective action FLSA claim should be conditionally

13 certified under the FLSA (29 U.S.C. §216(b)) and precedent in this Circuit prescribing a "two-

14 step process." *See Troy v Kehe Food Distributors*, 276 F.R.D. 643, 649 (W.D. Wash. 2011).

15 Under this approach, the Court—on admittedly limited evidence that the parties and those they

16 seek to represent are "similarly situated"— grants conditional approval of the collective action,

17 for purposes of notifying potential members only. Plaintiffs argue that this is a "lenient"

18 standard and that certification of the collective class is "typically granted" in misclassification

19 cases like this one.

20 After an "opt in" period, and discovery, the Court re-visits the "similarly situated" issue

21 in the second stage of review (often triggered by a defendant's motion to de-certify the collective

22 class). If it determines that the parties are not similarly situated, the court de-certifies the

23 collective class and the claims are dismissed without prejudice. If they are similarly situated, the

24

case proceeds.  Plaintiffs emphasize that the FLSA collective action is unlike a typical Rule 23 class action, because the limitations period for putative collective class members is not tolled until they affirmatively opt into the case.  The first-step notifications act to preserve the members' rights, and putative members do not become part of the case until and unless they consent to the suit.  Plaintiffs point to a series of cases supporting conditional certification of FLSA collective misclassification actions under the lenient standard, and argue that conditional certification of the collective action is based on their allegations, and not on Kellogg's assertion that the facts are disputed.

Kellogg opposes conditional certification, starting with opposition to use of the lenient "look-no-further" two-step process.  They argue—persuasively—that that process breeds potentially unmeritorious litigation, and ignites fiduciary relationships that are difficult to unwind, even if the court subsequently de-certifies the collective action.  They also argue that even if the Court applies the lenient two-step process, the Plaintiffs have not established that they are similarly situated to the putative members of the collective class they seek to represent.

The latter argument is based on a set of facts that are hotly disputed, and which this Court cannot determine at this stage of the litigation.  And beyond disputing the facts of Kellogg's complicated and ever-changing RSR and TM sales organization structure, Kellogg primarily presents arguments about why the FLSA process employed in this District is not good policy.  Its other arguments relate to the intricacies of the specific facts surrounding the Plaintiffs' job duties, and its claims (on the merits) that Plaintiffs can't meet their ultimate burden of proof on their misclassification claims.

The latter claims are premature.  The policy claims are persuasive, but are not enough to overcome the precedent of this District and this Circuit about how FLSA collective action

actions are to be litigated—pursuant to a two-step process under which the collective class is conditionally certified against a lenient standard. And Kellogg's claim that the Plaintiffs and those they seek to represent are not similarly situated also depends on facts that will be fleshed out upon further discovery, pursuant to the two-step process. The Motion for Conditional Certification of the Plaintiffs' FLSA claim is GRANTED.

1. This Fair Labor Standards Act action is conditionally certified as to the following two classes:

   a. All persons who have worked for Kellogg as a Retail Sales Representative (or similarly titled employee who police retail stores' compliance with Kellogg's contract) in the Morning Foods division, between three years prior to the filing of this case and the date of final judgment in this matter and who were paid on a salary basis without compensation at the rate of time and one-half for all hours worked over 40 in a workweek.

   b. All persons who have worked for Kellogg between three years prior to the filing of this case and the date of final judgment in this matter in the Snacks division and were required to move snack products from the storeroom to the store shelf and who were paid on a salary basis without compensation at the rate of time and one-half for all hours worked over 40 in a workweek. Job positions within this class include Territory Managers, Sales Rep DSD (Direct Store Delivery) and RSR (Retail Sales Representatives).

2. Defendants shall provide within 5 days the names, last known addresses, unique employer ID number, telephone numbers, and email addresses of all potential class members in a manipulable electronic format such as Microsoft Excel;

3. Defendants shall provide the last four digits of the social security numbers of the class members whose notices are returned without forwarding addresses;

4. Plaintiffs' counsel shall mail and email the Notice in the form attached as Exhibit 1 to Plaintiffs' motion;

5. Class members will have a 60-day period from the sending of notice to opt into the action; and

6. Plaintiffs' counsel shall mail the post-card reminder, in the form attached as Exhibit 2 to Plaintiffs' motion [Dkt. #81], to all class members who have not returned the opt-in forms within 30 days.

**IT IS SO ORDERED**.

Dated this 9th day of January, 2014.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE