HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PATTY THOMAS, et al.

              Plaintiffs,

   v.

KELLOGG COMPANY, et al.

              Defendants.

CASE NO. C13-5136 RBL

ORDER ON DEFENDANTS'
MOTIONS TO COMPEL AND
MOTION TO DEEM MATTERS
ADMITTED

## I.  INTRODUCTION

THIS MATTER is before the Court on Kellogg's Motion to Deem Matters Admitted and two Motions to Compel [Dkts. # 256, 257, 258]. This Court conditionally certified the class in a prior order, and more than 800 plaintiffs have chosen to opt-in as parties to this action. This Court must now decide whether Kellogg should be permitted to serve individualized discovery requests on the entire opt-in plaintiff class, and, if so, the scope of that discovery.

The Court will subject Plaintiffs' collective action to a stricter standard during the second step of the certification process, and it is clear that Kellogg intends to seek de-certification. Limited individualized discovery is therefore appropriate.

ORDER ON DEFENDANTS' MOTIONS TO COMPEL AND MOTION TO DEEM MATTERS ADMITTED - 1

## II.   BACKGROUND

The Plaintiffs—both the named plaintiffs and the opt-in class—claim Kellogg misclassified them as exempt employees and failed to pay them overtime wages as required by the Fair Labor Standards Act ("FLSA") and various similar state statutes. Following conditional certification and notification to eligible employees, over 800 plaintiffs opted in to the action. The parties subsequently failed to negotiate an agreeable protocol by which to conduct discovery, and Kellogg proceeded to serve individualized discovery on the entire opt-in plaintiff class.

Kellogg's discovery was served directly on at least 829 opt-in plaintiffs, and included (following a twenty-one line document/documents definition and six different context-based "identify" definitions) ten interrogatories, thirteen or fifteen requests for admissions (depending on whether the opt-in plaintiff worked for the Snacks Division, Morning Foods Division, or both), and eight document requests. The majority of those requests were served by May 28, 2014. Two weeks later the Plaintiffs objected to individualized discovery generally, and to the burdensome nature of the requests specifically.

Kellogg now asks the court to compel the individual answers. It also asks the Court to "deem" the Requests for Admission admitted because many of the individual plaintiffs (predictably) did not timely respond. Kellogg asserts that individualized discovery is necessary to assess whether the opt-in plaintiffs are similarly situated as determined during the second stage of the two-step class certification process. The Plaintiffs contend that representative discovery, served on no more than twenty opt-in plaintiffs selected by the Plaintiffs themselves, would be sufficient.

### III.   DISCUSSION

Plaintiffs brought suit pursuant to the Fair Labor Standards Act's ("FLSA") collective action provision. 29 U.S.C. § 216(b). Collective actions may be brought against an employer by employees on behalf of themselves and other employees "similarly situated," and are subject to a two-step class certification procedure.[1] *See id.*; *Troy v. Kehe Food Distributors, Inc.*, 276 F.R.D. 643, 649 (W.D. Wash. 2011). In the first step, the Plaintiffs' class may be granted conditional certification based upon limited evidence for the purpose of notifying potential class members. Following an "opt-in" period and discovery, the Court re-visits the "similarly situated" issue in the second stage of review (often triggered by a defendant's motion to de-certify the collective class). If it determines that the parties are not similarly situated, the court de-certifies the collective class and the claims are dismissed without prejudice.

During this second stage of review, the court weighs "(1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendants with respect to the individual plaintiffs; and (3) fairness and procedural considerations" to determine whether the party-plaintiffs are similarly situated such that the case may proceed. *Ingersoll v. Royal & Sunalliance USA, Inc.*, No. C05-1774-MAT, 2006 WL 2091097, at *1 (W.D. Wash. July 25, 2006) (quoting *Leuthold v. Destination Am.*, 224 F.R.D. 462, 466 (N.D. Cal. 2004). The second stage of certification requires information to be obtained at the individual level; not only are the *individual* plaintiff's disparate factual and employment

---

[1] As Kellogg correctly recognizes, there is a fundamental difference between a collective action under the FLSA and a Rule 23 class action: in a collective action the class consists of the named plaintiffs and a class of party-plaintiffs whom "opt-in" to the action and are faced with some burdens of the litigation; conversely, eligible plaintiffs in a Rule 23 class action must opt-out, and typically bear little responsibility throughout the litigation process.

ORDER ON DEFENDANTS' MOTIONS TO COMPEL AND MOTION TO DEEM MATTERS ADMITTED - 3

settings considered, but the defenses available to Kellogg with respect to the *individual* plaintiffs are likely based on information only available through individualized discovery.

### A. Kellogg may proceed with individualized discovery of all opt-in plaintiffs because potential class decertification is at issue.

Kellogg seeks to serve individualized discovery on every opt-in plaintiff. This Court has broad discretion over the decision to permit or deny discovery. *Hallett v. Morgan*, 296 F.3d 732, 738 (9th Cir. 2002). While individualized discovery is not generally allowed in a Rule 23 class action, in FLSA collective actions decisions on whether to allow individualized discovery are fact-specific and largely depend on the case's procedural status. The parties cite persuasive albeit non-binding authority supporting their respective positions. Given the nature of the two-step certification process, and Kellogg's clear intention to move to decertify the class on the basis that the opt-in plaintiffs are not "similarly situated" as required by the FLSA collective action provision, individualized discovery may be served on all opt-in plaintiffs subject to the limitations set forth below. *See Khadera v. ABM Industries, Inc. No. C08-417RSM*, 2011 WL 3651031, at *4 (W.D. Wash. Aug 18, 2011) (analyzing relevant cases, and determining that "in each case, individualized discovery was permitted to allow the defendant to gather evidence to support a motion for decertification"). While the FLSA collective action provision undoubtedly reduces the barriers—both motivational and monetary—to bringing a wage dispute against an employer, it does not relieve the opt-in plaintiffs from all burdens associated with the action.

### B. Kellogg's discovery shall be limited and comprehensible.

In support of their desire to have the Court deem admitted the request for admissions for all opt-in Plaintiffs, Kellogg quotes this Court:

> "I am going to allow discovery, all right. It's going to be modest. It's not going to be lengthy. I am going to expect the plaintiffs to comply with the deadlines, and if

ORDER ON DEFENDANTS' MOTIONS TO COMPEL AND MOTION TO DEEM MATTERS ADMITTED - 4

they are already over, they are to respond promptly, completely. And I will expect the compliance with this order signed at this time."

[Defendants' Motion to Deem Matters Admitted, Dkt. #256]. Too excited by the Court's demand for the Plaintiffs' prompt compliance, the "modest" part of the Court's admonition apparently bounced off Kellogg's counsel with no impact, and Kellogg served the opt-in plaintiffs the discovery that is in contention before us today. Much of what has been propounded thus far is far too broad and intrusive.

The renewed discovery will be limited. All discovery shall be easily digestible—i.e., there should be no definitions: identify will have its plain and ordinary meaning. Kellogg may seek to obtain information directly relevant to the primary issues involved with a motion to decertify: (1) what are the Plaintiffs' primary job duties; (2) what hours did Plaintiffs work; and (3) how much were Plaintiffs paid.

While individualized discovery is typically permitted in instances where a motion to decertify is clearly forthcoming, to avoid the inefficiencies involved with multiple rounds of discovery Kellogg may also request information pertinent to: (1) how damages are calculated; (2) whether Kellogg acted in good faith; and (3) whether Kellogg's alleged violation of the FLSA was willful. However, in no event shall Kellogg seek discovery related to an opt-in plaintiff's social media presence or medical history. Additionally, discovery shall be limited to the period of time covered by the applicable statute of limitations.

**C.     The Plaintiffs properly objected to Kellogg's Request for Admissions.**

Finally, Kellogg attempts to persuade this Court to deem admitted each response to its Request for Admissions. Rule 36(a)(3) provides that:

> A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.

Fed. R. Civ. P. 36(a)(3). It is within the district court's discretion to deem a matter admitted. *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981).

Given this disputes nature, the Plaintiff's June 12 letter clearly objecting to individualized discovery,[2] and in the interest of providing the Plaintiffs an opportunity to pursue their claims on the merits, the matters in Kellogg's Request for Admissions are not deemed admitted for the opt-in plaintiffs.

### IV.   CONCLUSION

Defendants' Motion to compel interrogatories and document request is GRANTED in part, and DENIED in part. Additionally, Defendants' Motion to deem admitted is DENIED.

IT IS SO ORDERED.

Dated this 24th day of September, 2014.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

---

[2] Kellogg's June 16, 2014 letter also characterizes the Plaintiffs' letter as a "threshold discovery objection."