Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PATTY THOMAS, JENNIFER DOWLING, KELLY DYE, JR., ROBERT GIBSON, LAURA WISBY, DAVID RINK, JUDY BRASHEAR, DAVID MASTENBROOK, ARMOND MCWELL, SOLIMAN SAYEDI, and BRUCE JOHNSON, individually and on behalf of all other similarly situated persons, | CASE NO.: 3:13-cv-05136-RBL |
| Plaintiffs, | MOTION FOR RECONSIDERATION OF ORDER COMPELLING PRODUCTION OF WILLARD BISHOP STUDY |
| v. | Note on Motion Calendar:  March 18, 2016 |
| KELLOGG COMPANY and KELLOGG SALES COMPANY, | |
| Defendants. | |

Pursuant to Fed. R. Civ. P. 7(b) and Local Civil Rule 7, Defendants Kellogg Company and Kellogg Sales Company ("Kellogg") move for reconsideration of this Court's January 20, 2016 Order (Doc. 337) insofar as it compels production of a study prepared by Willard Bishop, a consultant Kellogg's in-house attorneys retained **after** this lawsuit commenced.   Kellogg contends that the attorney-client privilege as well as the work product doctrine protects the report from disclosure.   Pursuant to LCR 7(h), Kellogg respectfully asserts that in summarily ordering

GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA 95814
Telephone:  (916) 442-1111

the production of the Willard Bishop report, the Court did not appear: (1) to consider Kellogg's request to present the document(s) at issue for *in camera* review; (2) to consider Kellogg's request for an evidentiary hearing prior to ordering production; and (3) to make the requisite findings of fact and conclusions of law which support the Court's order compelling material a party claims as privileged and work product.  Accordingly, Kellogg requests that the Court vacate its Order (Doc. 337) to the extent that it compels production of the Willard Bishop study, and instead convene an evidentiary hearing, or at least conduct an *in camera* review, so that the Court can issue findings of fact and conclusions of law on the issue of whether Kellogg must produce the Willard Bishop study.[1]

## I.   RELEVANT BACKGROUND.

On July 9, 2015, Plaintiffs moved to compel the production of several categories of documents and electronically stored information, including a time-motion study completed by a consultant engaged by Kellogg, Willard Bishop.  (*See* Pls.' Mot. to Compel Discovery, Doc. 311, filed 7/9/15, at pp. 4-9).  Kellogg withheld the Willard Bishop study believing that the attorney-client privilege and work product doctrine protect it from disclosure.  (*See id.* at 4-5).  The attorney-client privilege applies because the study is a communication between Kellogg attorneys and an outside consultant that is the functional equivalent of a Kellogg employee.  *See In re Bieter Co.*, 16 F.3d 929, 937 (8th Cir. 1994).  The work product doctrine applies because Kellogg commissioned the study at the direction of Kellogg legal counsel just months <u>after</u>

---

[1]     Kellogg's Motion for Reconsideration is timely.  LCR 7(h)(2) provides that a motion for reconsideration "shall be filed within fourteen days after the order to which it relates is filed."  The Court entered the Order that is the subject of Kellogg's Motion (Doc. 337) on January 20, 2016.  (*See* **Exhibit A** attached hereto).  Before the February 3, 2016 deadline to move for reconsideration, however – on February 2, 2016 – the Court stayed this case pending mediation.  (*See* Doc. 342).  That is, the Court stayed the case with one day left within which Kellogg could move for reconsideration.  The Court continued the stay through a second mediation (*see* Doc. 346), which took place February 27, 2016.  The parties did not resolve the case during mediation.  Accordingly, the Court's February 18, 2016 order lifted the stay as of February 29, 2016.  (*See* Doc. 346).  Kellogg timely filed this Motion for Reconsideration within one day.

MOTION FOR RECONSIDERATION OF
ORDER COMPELLING PRODUCTION OF
WILLARD BISHOP STUDY
*(3:13-cv-05136-RBL) - 2*

GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA 95814
Telephone:  (916) 442-1111

1   Plaintiffs filed this very lawsuit.  In other words, Willard Bishop prepared the study in the midst

2   of litigation related to the job duties of Retail Sales Representatives, the very position at issue.

3   (*See* Br. in Opp'n to Pls.' Mot. to Compel Discovery, Doc. 314, filed 7/27/15, at pp. 6-11).

4   In opposing Plaintiffs' motion to compel the Willard Bishop study, Kellogg offered to

5   submit evidence of the terms of the study – evidence showing that Kellogg's in-house legal

6   counsel directed that it be prepared – to the Court for *in camera* review.  (*See id.* at p. 6 n.4).

7   Specifically, Kellogg offered to submit Willard Bishop's proposal to Kellogg related to the

8   study, and the Confidentiality Agreement Willard Bishop signed in conjunction with the study.[2]

9   (*See id.*)  Kellogg also requested an evidentiary hearing on the privilege issue, should the Court

10  determine that Plaintiffs met their burden for showing the necessity of such a hearing.  (*See id.* at

11  p. 7 n.5).  The Court did not hold a hearing on the privilege issue or review any documents *in*

12  *camera*.  Instead, the Court summarily granted Plaintiffs' motion in its entirety and ordered the

13  production of the Willard Bishop study.  (*See* Doc. 337).  Notably, the Court did not issue any

14  opinion, nor did it issue findings of fact and conclusions of law, in support of its Order.  It simply

15  signed the proposed order Plaintiffs drafted and submitted with their motion to compel.  As it

16  relates to the Willard Bishop study, the Order reads in full:  "The Court, having reviewed

17  Plaintiffs' Motion to Compel discovery, hereby Orders Defendants to produce the Willard

18  Bishop study . . . ."  (*See id.*)

19  ///

20  ///

21

22  [2]  Kellogg intended to move to file the Willard Bishop proposal *ex parte* and under seal with this Motion to give the
23  Court one example of the kinds of documents Kellogg would like to submit for *in camera* review.  Plaintiffs'
     counsel, however, made clear that Plaintiffs opposed the *ex parte* filing.  Rather than run the risk of disclosing a
24  privileged and protected document, Kellogg stresses that there are several documents – including the Willard Bishop
     proposal – that evidence the privileged and protected nature of the Willard Bishop study, documents that Kellogg
     would like to submit to the Court for *in camera* review without risking unwarranted disclosure.

25

26  MOTION FOR RECONSIDERATION OF                     GREENBERG TRAURIG, LLP
    ORDER COMPELLING PRODUCTION OF                    1201 K Street, Suite 1100
27  WILLARD BISHOP STUDY                               Sacramento, CA 95814
    *(3:13-cv-05136-RBL) - 3*                          Telephone:  (916) 442-1111

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II.   THE COURT SHOULD HOLD AN EVIDENTIARY HEARING OR REVIEW THE DOCUMENTS AT ISSUE *IN CAMERA* BEFORE COMPELLING PRODUCTION.

"The attorney-client privilege is the oldest and arguably most fundamental of the common law privileges recognized under Federal Rule of Evidence 501.  The assurance of confidentiality promotes open attorney-client communications, which are 'central to the legal system and the adversary process.'"  *In re Napster, Inc. Copyright Litig.*, 479 F.3d 1078, 1090 (9th Cir. 2007) *abrogated on other grounds by Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009) (internal citations omitted).  The work-product doctrine likewise plays a vital role in the legal system.  It protects documents prepared in anticipation of litigation by or for an attorney, thereby protecting an attorney's analyses and work product from adversaries in litigation.  *See Eagle Harbor Holdings, LLC v. Ford Motor Co.*, No. C11-5503 BHS, 2015 WL 196713, at *2 (W.D. Wash. Jan. 14, 2015).

Because production of privileged material can have "potentially irreparable consequences," the Ninth Circuit Court of Appeals requires that "the party resisting an order to disclose materials allegedly protected by the attorney-client privilege must be given the opportunity to present evidence and argument in support of its claims of privilege."  *In re Napster*, 479 F.3d at 1094; *see also Haines v. Liggett Group, Inc.*, 975 F.2d 81, 96-97 (3d Cir. 1992) (requiring "that the party defending the privilege be given the opportunity to be heard, by evidence and argument, at the hearing seeking an exception to the privilege" because "[w]e are concerned that the privilege be given adequate protection, and this can be assured only when the district court undertakes a thorough consideration of the issue, with the assistance of counsel on both sides of the dispute").

Although the *In re Napster* court stopped short of mandating "a live hearing with oral argument . . . in all cases," courts in the Ninth Circuit generally require some method by which

MOTION FOR RECONSIDERATION OF
ORDER COMPELLING PRODUCTION OF
WILLARD BISHOP STUDY
*(3:13-cv-05136-RBL) - 4*

GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA 95814
Telephone:  (916) 442-1111

the judge can closely examine a claimed privilege before ordering production.  As the Third Circuit Court of Appeals put it, procedures like "*in camera* examination of documents by the court" can serve as a "non-dispositive procedural way station."  *Haines*, 975 F.3d at 96.  "A number of methods and procedures are available to protect confidential communications, while at the same time not frustrating . . . legitimate inquiries."  *Dole v. Milonas*, 889 F.2d 885, 890 (9th Cir. 1989).  In reviewing claims of privilege, courts may hold an evidentiary hearing on the issue of whether the privilege applies, *see, e.g.*, *United States v. Gonzalez*, 669 F.3d 974, 981 (9th Cir. 2012) (remanding case to district court for *in camera* evidentiary hearing), or review the documents claimed to be privileged before ordering production, *see, e.g.*, *Chandola v. Seattle Hous. Auth.*, No. C13-557 RSM, 2014 WL 4685351, at *3 (W.D. Wash. Sept. 19, 2014) (deferring decision on motion to compel pending *in camera* review of documents at issue); *see also Eagle Harbor Holdings*, 2015 WL 196713 at *3 (ordering party claiming privilege "to provide a more detailed privilege log" and stating that the court would address further disputes on the issue of privilege "via *in camera* review").

Here, the Court should take one or more intermediate steps before deciding whether to order production of the Willard Bishop study.  Specifically, the Court should hold an *in camera* evidentiary hearing on the issue of whether the Willard Bishop study is in fact subject to the attorney-client privilege and/or work product doctrine.  Doing so will give the parties the opportunity to present evidence to the Court confidentially, evidence that will assist the Court in deciding these issues.  Alternatively, the Court should review the study and the documents showing Kellogg's commission of the study for purposes of defending this litigation *in camera* before deciding whether to order production.  As noted previously in opposition to Plaintiffs' Motion, these documents show, on their face, that Kellogg's legal counsel commissioned the study after Plaintiffs filed this case and thereby establish, at least on a *prima facie* basis,

MOTION FOR RECONSIDERATION OF
ORDER COMPELLING PRODUCTION OF
WILLARD BISHOP STUDY
*(3:13-cv-05136-RBL) - 5*

GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA 95814
Telephone:  (916) 442-1111

1    Kellogg's claim of privilege and work product protection.  (*See* Br. in Opp'n to Pls.' Mot. to

2    Compel Discovery, Doc. 314, at p. 6).  Put simply, without having reviewed these documents,

3    the Court was not in a position to make an informed decision on the questions of whether the

4    attorney-client privilege and/or work product protection apply.

5        In sum, Kellogg asks that the Court reconsider its January 20, 2016 Order (Doc. 337) and

6    modify that Order by deleting the portion compelling production of the Willard Bishop study.

7    Instead of compelling production, Kellogg asks that the Court convene an evidentiary hearing on

8    the question of whether the attorney-client privilege and/or work product doctrine applies or, at a

9    minimum, conduct an *in camera* review of such documents before finding the same.

10   **III.    IF THE COURT COMPELS THE PRODUCTION OF DOCUMENTS SUBJECT**
11   **        TO A CLAIMED PRIVILEGE OR PROTECTION, IT MUST MAKE FINDINGS**
         **OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ITS ORDER.**
12

13       Regardless of whether the Court ultimately decides to compel the production of materials

14   subject to a claimed privilege or protection, it should issue findings of fact and conclusions of

15   law.  This is because, at the appellate level, "[w]hether or not a given communication or

16   information is protected by the attorney-client privilege is a mixed question of law and fact and

17   is subject to *de novo* review."  *Dole*, 889 F.2d at 888.  The appellate court reviews a district

18   court's legal <u>rulings</u> on the scope of the attorney-client privilege *de novo*.  It reviews a district

19   court's <u>factual findings</u>, however, for clear error.  *United States v. Richey*, 632 F.3d 559, 563 (9th

20   Cir. 2011).  The same standards apply vis-à-vis the work product doctrine.  *Id.*

21       An appellate court cannot review the Order compelling production of the Willard Bishop

22   study for clear error, because the Court made no factual findings in the Order at all.  The Ninth

23   Circuit and other circuit courts of appeals remand district court privilege determinations where

24   the district court did not issue written findings.  For example, in *United States v. Gonzalez*, 669

MOTION FOR RECONSIDERATION OF
ORDER COMPELLING PRODUCTION OF
WILLARD BISHOP STUDY
*(3:13-cv-05136-RBL) - 6*

GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA 95814
Telephone:  (916) 442-1111

F.3d 974 (9th Cir. 2012), the defendant in a criminal proceeding claimed that a joint defense privilege protected certain statements he made from disclosure. The district court assumed as much but held that the defendant had waived the protection by later raising an ineffective assistance of counsel claim. On appeal, the Ninth Circuit found that the defendant had not waived his joint defense privilege, but because the district court "made no specific findings regarding the extent or duration of [the joint defense agreement]," further review was impossible. *Id.* at 981. Accordingly, the Ninth Circuit had to "remand to the trial court for an (*in camera*) evidentiary hearing to expressly determine factual issues that would reveal the scope of the joint defense privilege." *Id.* Similarly, in *Hodges, Grant & Kaufmann v. U.S. Gov't, Dep't of the Treasury, I.R.S.*, 768 F.2d 719, 720 (5th Cir. 1985), the Fifth Circuit remanded the matter to the district court – even though the district court reviewed the documents *in camera* – because "[t]he district court held that [the] documents [in question] were 'within the attorney-client privilege or the work product rule,' but gave no reasons for this conclusion." *Id.* The Fifth Circuit therefore directed that the lower court hold an evidentiary hearing "in order that the facts may be developed and the district court may prepare findings." *See id.*

Here, no factual findings or legal conclusions support the Court's Order directing Kellogg to produce a document over Kellogg's privilege and work-product objection. Notably, Plaintiffs raised the argument that no such protections applied in addition to alternative arguments; they also argued that, even if the privilege or protection existed, the privilege had been waived and their substantial need overcame the protection. (*See* Pls.' Mot. to Compel Discovery, Doc. 311, at pp. 4-9). The Court did not specify, however, why it granted Plaintiffs' Motion, *i.e.,* whether it found that the privilege and/or the protection did not apply; whether there was a waiver; and/or whether Plaintiffs' alleged "substantial need" overcame an applicable

MOTION FOR RECONSIDERATION OF
ORDER COMPELLING PRODUCTION OF
WILLARD BISHOP STUDY
*(3:13-cv-05136-RBL) - 7*

GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA 95814
Telephone: (916) 442-1111

protection.  It simply ordered Kellogg to produce the document at issue, without analysis, thus rendering appellate review impossible.

Because the existence and scope of an attorney-client privilege and/or work product protection turn on factual questions, the Court should reconsider its January 20 Order pending an evidentiary hearing or *in camera* review of the relevant documents.  Alternatively, it should issue an opinion making factual findings and explaining why the Willard Bishop study is subject to production over Kellogg's objection that it is not discoverable under the attorney-client privilege and/or the work product doctrine.

## IV.    CONCLUSION.

For the foregoing reasons, the Court should vacate its Order (Doc. 337) to the extent that the Order compels production of the Willard Bishop study and convene an evidentiary hearing, or at least conduct an *in camera* review, so that it can issue findings of fact and conclusions of law related to Plaintiffs' motion to compel production of the Willard Bishop study. Alternatively, even if the Court does not convene an evidentiary hearing and/or conduct an *in camera* review of the Willard Bishop documents, it should issue an opinion explaining its order compelling production of the Willard Bishop study.

DATED:  March 1, 2016

/s/  James N. Nelson
JAMES NELSON, WSBA No. 44652
GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA 95814
Telephone: (916) 442-1111
Fax: (916) 448-1709
nelsonj@gtlaw.com

MOTION FOR RECONSIDERATION OF
ORDER COMPELLING PRODUCTION OF
WILLARD BISHOP STUDY
*(3:13-cv-05136-RBL) - 8*

GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA 95814
Telephone:  (916) 442-1111

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JAMES N. BOUDREAU, *pro hac vice*
GREENBERG TRAURIG, LLP
2700 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 988-7833
Fax: (215) 988-7801
boudreauj@gtlaw.com

*Attorneys for Defendants*

GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA 95814
Telephone:  (916) 442-1111

1

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 1, 2016, I served the foregoing document on all counsel of record via electronic mail and U.S. mail.


/s/ James M. Nelson
JAMES M. NELSON

MOTION FOR RECONSIDERATION OF
ORDER COMPELLING PRODUCTION OF
WILLARD BISHOP STUDY
*(3:13-cv-05136-RBL) - 10*

GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA 95814
Telephone:  (916) 442-1111

1

## SERVICE LIST

2

**_Counsel for Patty Thomas,_**
**_The FLSA Collective Action Class, and the Washington Class_**

3 Michael C. Subit

msubit@frankfreed.com

4 FRANK, FREED, SUBIT & THOMAS, LLP

Suite 1200

5 Hoge Building

705 Second Avenue

6 Seattle, Washington 98104-1729

Telephone:  (206) 682-6711

7 Facsimile:  (206) 682-0401

8

9 Dan Getman

dgetman@getmansweeney.com

10 Matt Dunn

mdunn@getmansweeney.com

11 GETMAN & SWEENEY, PLLC

9 Paradies Lane

12 New Paltz, NY 12561

Telephone: (845) 255-9370

13 Facsimile: (845) 255-8649

14

15

16

17

18

19

20

21

22

23

24

25

26 MOTION FOR RECONSIDERATION OF
ORDER COMPELLING PRODUCTION OF
WILLARD BISHOP STUDY
27 *(3:13-cv-05136-RBL) - 11*

28

GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA 95814
Telephone:  (916) 442-1111