HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PATTY THOMAS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> KELLOGG COMPANY, et al., <br><br> Defendants. | CASE NO. C13-5136RBL <br><br> ORDER DENYING MOTION TO DISMISS AND DECERTIFY |

THIS MATTER is before the Court on Defendant Kellogg's Motion to Dismiss out-of-state opt-ins and to decertify this FLSA collective action [Dkt. #439]. The case arises from Kellogg's alleged misclassification and underpayment of employee wages for the three years (the limitations period) prior to the filing of this 2013 case.

Kellogg argues that the Supreme Court's recent, "transformative" decision in *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S.Ct. 1773 (2107) means that this Court does not have specific personal jurisdiction over the out-of-state plaintiffs' claims against it, an

out-of-state defendant. It therefore seeks the dismissal (without prejudice) of the claims of 821 of the 858 plaintiffs who have opted into this case. Kellogg argues these claims should be asserted in the plaintiffs' home states, or where Kellogg is "home," in Delaware or Michigan. It does not address the effect of the passage of time.

Kellogg also points out that a new group of Kellogg employees has filed a second, similar case in Nevada (*Smith v Kellogg*, No. C17-1914 (D. Nev.), seeking similar damages for similar violations in a different, later time period. Kellogg argues (apparently without irony) that because there is a second case, this Court can no longer "oversee the efficient resolution in *one proceeding* of common issues of law and fact arising from the same alleged activity." [Dkt. #439 at 18 (emphasis added)]. It seeks decertification of this collective action on the basis that there exists a second collective action pending in another jurisdiction—precisely the result it claims *Bristol Myers* mandates.

Finally, Kellogg argues that the court should decertify the FLSA collective because the plaintiffs have no expert testimony supporting their claim that their evidence is representative.

Plaintiffs argue Kellogg waived its objection to personal jurisdiction by failing to assert such a defense and instead vigorously litigating for four and a half years, and indeed moving for dismissal only a month before trial. They point out that *Bristol Myers* repeatedly claims it involves only the "straightforward application" of "settled principles" of specific personal jurisdiction, and that it does not purport to be the "game changing" "transformative" opinion Kellogg claims it is.

The Court agrees. See Fed. R. Civ. P. 12(h)(1)(B). And even if it did not, *Bristol Myers* concerns only the "due process limits on the exercise of specific jurisdiction by a State." The Supreme Court "left open" the "question of whether the Fifth Amendment imposes the same

restrictions on the exercise of personal jurisdiction by a federal court." *Id*. at 1783-84. It is therefore not at all clear that *Bristol Myers* even applies to this case, filed in federal district court. Kellogg's Motion to Dismiss the out-of-state opt-ins' claims is therefore DENIED.

Kellogg's Motion to Decertify based on *Smith*'s existence DENIED.

Kellogg's effort to de-certify the class based on the plaintiffs' lack of expert testimony relies primarily on what it claims is the plaintiffs' attorney's representation that they would identify an expert. It also argues that *Tyson Foods Inc. v Bouaphakeo*, 136 S.Ct. 1036 (2016) flatly requires expert testimony in collective action cases. But, as the plaintiffs[1] point out, that is not accurate; *Tyson* did not hold that such testimony is necessarily always required. Indeed, the plaintiffs there did have an expert, but his effort to "calculate an average" donning and doffing time for the class was unavailing, because the class members were not similarly situated.

None of the cases cited support the claim that an expert is necessarily required, and it is unclear exactly what evidence Kellogg's claims cannot be introduced without an expert opinion. Plaintiffs cite numerous cases holding that expert testimony is not in fact necessarily required, so long as the plaintiffs are similarly situated. *See* cases collected at Dkt. # 441 at 13-16; *see Mt. Clemens* 328 U.S. at 362; *see also Monroe v FTS USA*, 860 F.3d 389 (6th Cir. 2017).

//
//
//
//

---

[1] Plaintiffs' Motion [Dkt. #446] to treat as a Sur-reply to Kellogg's motion their own "Motion for the Court to Calculate Damages based on Jury Verdict" [Dkt. #445] is **GRANTED**. The underlying Motion will be resolved in a separate order.

1    Kellogg's Motion to De-certify the collective action based on the lack of expert
2 testimony is DENIED.
3    IT IS SO ORDERED.
4    Dated this 17th day of October, 2017.

_____
Ronald B. Leighton
United States District Judge