EXHIBIT  1

# FINAL SETTLEMENT AGREEMENT
## THOMAS ET AL. V. KELLOGG COMPANY AND KELLOGG SALES COMPANY

This Final Settlement Agreement is voluntarily made and entered into by and between Patty Thomas, Jennifer Louch (formerly Dowling), Kelley Dye, Jr., Robert Gibson, Laura Wisby, David Rink, Judy Brashear, David Mastenbrook, Armon McWell, Soliman Sayedi, and Bruce Johnson (together, "Named Plaintiffs"), on behalf of themselves and each and every opt-in plaintiff in the Fair Labor Standards Act collective group they represent (together with Named Plaintiffs, "Plaintiffs") and Kellogg Company and Kellogg Sales Company (collectively, "Kellogg").

WHEREAS, on February 26, 2013, Patty Thomas filed a putative opt-in collective and class action complaint on behalf of herself and others similarly situated, styled *Patty Thomas v. Kellogg Company and Kellogg Sales Company*, No. 3:13-cv-05136-RBL (the "Action"), alleging Kellogg improperly classified those who worked in Kellogg's Territory Manager, Retail Sales Representative, and other positions with similar job titles as exempt employees under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and Washington state law;

WHEREAS, Ms. Thomas amended her complaint several times adding Jennifer Louch (formerly Dowling), Kelley Dye, Jr., Robert Gibson, Laura Wisby, David Rink, Judy Brashear, David Mastenbrook, Armon McWell, Soliman Sayedi, and Bruce Johnson as Named Plaintiffs, and adding wage claims under the state laws of Missouri, New York, Ohio, Arizona, Minnesota, Kentucky, Michigan, Illinois and Wisconsin, all brought on behalf of putative Rule 23 classes;

WHEREAS, on January 9, 2014, the Court granted the Named Plaintiffs' motion for conditional certification of two FLSA collective groups;

WHEREAS, there are 750 Plaintiffs (inclusive of the Named Plaintiffs) who filed consent to join forms opting into this case and are a part of this Action;

WHEREAS, on July 26, 2017, the Parties engaged in mediation before James A. Smith, Jr.;

WHEREAS, the mediation did not result in a settlement, but did result in ongoing settlement discussions;

WHEREAS, Kellogg denies that it has committed any wrongdoing or violated any state or federal law pertaining to the payment of wages or hours of work and has vigorously contested the claims asserted in the Action;

WHEREAS, to avoid the expense and burden of further litigation, the Parties now desire to resolve the claims of the 750 Plaintiffs;

NOW, THEREFORE, in consideration of the foregoing and the promises contained herein, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

I.   **DEFINITIONS.** For purposes of this Agreement, the following definitions shall apply in addition to the definitions set forth in other sections of this Final Settlement Agreement.

A.   "**Final Approval Order and Judgment of Dismissal**" shall mean and refer to a Court order (a) finally approving of the Parties' settlement, memorialized in this Final Settlement Agreement, (b) extinguishing the claims against the Released Parties as specified in Section IX, and (c) dismissing the Action with prejudice. A proposed Final Approval Order and Judgment of Dismissal shall accompany Plaintiffs' motion for final approval of the settlement, service payments, and attorneys' fees and costs.

B.   "**Notice Period**" shall mean the period of time beginning on the date the Settlement Administrator mails notice of the Parties' settlement, as provided for in Section V.B., and ending on the date twenty-one (21) calendar days thereafter, except that the Parties may agree to extend the Notice Period for individuals to whom notice was mailed, and whose notice was returned as undeliverable, to the extent that the Settlement Administrator re-sends notice after following up through skip-tracing efforts. The Notice Period may only be extended under these circumstances upon agreement and consent of all Parties.

C.   "**Parties**" shall mean and refer to Plaintiffs and Defendants Kellogg Company and Kellogg Sales Company collectively; each may also be referred to separately as a "Party."

D.   "**Plaintiffs**" shall mean the 750 individuals who filed consents to sue in the Action, who did not withdraw their consents to sue, and whose claims the Court has not dismissed. Exhibit 1 identifies the 750 Plaintiffs.

E.   "**Plaintiffs' Counsel**" shall mean Getman, Sweeney & Dunn, PLLC and Frank Freed Subit & Thomas.

F.   "**Preliminary Approval Order**" shall mean and refer to a Court order preliminarily approving of the Parties' settlement, memorialized in this Final Settlement Agreement, and requiring any Plaintiffs who wish to opt out of the Action and thereby be excluded from the settlement to send notice of their desire to opt out no later than twenty-one (21) calendar days after the Settlement Administrator mails notice of the settlement to Plaintiffs.

G.   "**Opt-out Plaintiff**" shall mean any Plaintiff who opts out of the Action between the date the last party executes this Agreement and the close of the Notice Period.

H.   "**Released Parties**" shall mean and refer to Kellogg Company and Kellogg Sales Company, the Defendants in the Action, and each of their present and former officers, executives, directors, employees, agents, attorneys, predecessors, successors, assigns, shareholders, parents, subsidiaries, affiliated entities, representatives, transferors, transferees, partners, principals, trustees, executors, members, insurers, investors, servants, beneficiaries, devisees, guardians, heirs,

2

and all other persons, firms, corporations, divisions, associations, limited liability companies, and/or partnerships associated therewith or related thereto.

I.      "**Settlement Administrator**" shall mean the settlement administrator agreed to by the Parties no later than seven (7) calendar days after the execution of this Final Settlement Agreement.

J.      "**Settlement Effective Date**" shall mean and refer to the later of: (a) if no motion for extension of time to file a notice of appeal is filed and no appeal is filed, the date thirty-three (33) calendar days after the issuance of the Final Approval Order and Judgment of Dismissal, (b) if a motion for extension of time to file a notice of appeal is filed and/or if an appeal is filed, the date on which a court finally disposes of any appeal that has the effect of affirming the Final Approval Order and Judgment of Dismissal in its entirety, or (c) if a motion for extension of time to file a notice of appeal is filed and no appeal is filed within 30 days thereof, the date sixty-three (63) calendar days after the issuance of the Final Approval Order and Judgment of Dismissal.

## II.      SETTLEMENT AMOUNT AND ALLOCATION.

A.      **Gross Settlement Amount.** In full settlement of all wage and hour claims Plaintiffs asserted or could have asserted in the Action, including claims for attorneys' fees and costs, Kellogg agrees to pay Plaintiffs a total gross settlement amount not to exceed under any circumstances Sixteen Million Seven Hundred and Fifty Thousand U.S. Dollars ($16,750,000.00 U.S.D.) ("Gross Settlement Amount").

B.      **Net Settlement Amount.** The "Net Settlement Amount" is the Gross Settlement Amount less attorneys' fees and litigation costs (*see* Section III), service payments (*see* Section IV), and settlement administration costs (*see* Section VI). Plaintiffs' Counsel will determine allocation of the Net Settlement Amount among Plaintiffs (the "Individual Settlement Allocation"). Kellogg will not oppose the allocation.

## III.      ATTORNEYS' FEES AND COSTS.

A.      **Plaintiffs' Counsel May Request Fees and Costs.** In connection with the Settlement, the Parties agree that Plaintiffs' Counsel may seek Court approval for payment of litigation attorneys' fees in an amount not to exceed Five Million Five Hundred and Eighty Three Thousand and Three Hundred and Thirty Three Dollars ($5,583,333.00) (one-third of the Gross Settlement Amount). In addition, the Parties agree that Plaintiffs may seek reimbursement of costs from the Gross Settlement Amount. Kellogg will not oppose Plaintiffs' application for attorneys' fees in an amount not to exceed Five Million Five Hundred and Eighty Three Thousand and Three Hundred and Thirty Three Dollars ($5,583,333.00) and litigation costs. Costs and attorneys' fees requested by Plaintiffs' Counsel shall be payable from (and not in addition to) the Gross Settlement Amount.

**B.      Unapproved Portion of Fees and Costs Requested.** If the Court does not approve any portion of Plaintiffs' Counsel's application for attorneys' fees and costs, the money will be redistributed to the Plaintiffs on a *pro rata* basis.

**C.      Approved Portion of Fees and Costs Requested.**

1.      The Settlement Administrator shall issue Plaintiffs' Counsel an IRS Form 1099 for payment of any amount of attorneys' fees and costs approved by the Court as required by law.

2.      The amount of attorneys' fees and costs approved by the Court shall be paid from the Gross Settlement Amount directly to Getman, Sweeney & Dunn, PLLC by wire transfer from the Qualified Settlement Fund ("QSF") within fourteen (14) calendar days of the order approving of attorneys' fees and costs or the Settlement Effective Date, whichever is later.

## IV.      INDIVIDUAL RELEASES BY NAMED PLAINTIFFS AND CERTAIN OTHER PLAINTIFFS; SERVICE PAYMENTS.

**A.      Individual Releases.** As part of this Agreement, any Named Plaintiff and any individual who receives an Approved Service Payment, who does not opt out, shall individually release his or her claims as set forth in Section IX.B. below.

**B.      Plaintiffs May Request Approval Of Service Payments.** Plaintiffs may make an application to the Court for the award of service payments to certain Plaintiffs. Plaintiffs may request that each Named Plaintiff receive a Service Payment not to exceed Twenty Thousand Dollars U.S. Dollars ($20,000.00 U.S.D.). Plaintiffs may also request that each Plaintiff (excluding Named Plaintiffs so as not to permit a duplicative recovery) who sat for deposition may receive a Service Payment not to exceed Five Thousand U.S. Dollars ($5,000.00 U.S.D.). Kellogg will not oppose Plaintiffs' request for Service Payments in these proposed amounts (or in a lower amount) to the referenced individuals.

**C.      Unapproved Portion of Requested Service Payments.** To the extent that the Court does not approve the entire amount of service payments requested by Plaintiffs, the outstanding and unapproved portion of the total requested amount shall be distributed to Plaintiffs as part of the Individual Settlement Allocation on a *pro rata* basis. In the event of such redistribution, Plaintiffs shall provide Kellogg and the Settlement Administrator with an amended Individual Settlement Allocation by the Settlement Effective Date.

**D.      Approved Service Payments.**

4

1.    Any Service Payments awarded by the Court to Plaintiffs ("Approved Service Payments") shall be paid from the Gross Settlement Amount.

2.    Approved Service Payments shall be paid in addition to, and not in the place of, the Individual Settlement Allocations.

3.    Any Plaintiff to whom the Court has approved a Service Payment shall be deemed to have released his or her claims as provided for in Section IX.B.

4.    Unless otherwise required by law, approved Service Payments shall be allocated 100% as non-wage income, for which a Form 1099 shall issue to the recipient, and shall be reported to state and federal taxing authorities as such.

**V.    APPROVAL OF SETTLEMENT; NOTICE OF SETTLEMENT.**

A.    **Preliminary Approval of Settlement.** All of the terms of this Agreement are contingent upon the Court's preliminary approval of the Parties' settlement.

1.    Plaintiffs' Counsel shall prepare a motion for preliminary approval of the Parties' settlement and provide to Kellogg within seven (7) calendar days of the Parties' executing this Agreement. Kellogg will review and provide proposed edits to the motion, and the Parties will jointly file the motion for preliminary approval of the Parties' settlement no later than twelve (12) calendar days of the Parties' executing this Agreement.

2.    Plaintiffs' Counsel shall provide the names and addresses of each recipient of each Plaintiff's Settlement Payment(s), including payments of Individual Settlement Allocations and proposed Service Payments, taking into account any known bankruptcy proceedings governing Plaintiffs and/or the death of a Plaintiff ("Settlement Recipients"). Plaintiffs' Counsel shall provide the names and addresses of all Settlement Recipients to Kellogg and the Settlement Administrator no later than seven (7) calendar days of the Parties' executing this Agreement.

3.    Preliminary approval shall be deemed to occur on the date the Court issues a Preliminary Approval Order, as defined above.

B.    **Notice of Settlement and Right to Opt Out.**

1.    No later than seven (7) days after the Court issues the Preliminary Approval Order, the Settlement Administrator shall mail notice of the settlement and the Court's preliminary approval to the Settlement Recipients. Such notice shall be substantially in the form attached as Exhibit 2 to this Agreement ("Settlement Notice").

2.    Individuals may request to be excluded from the settlement by sending a written letter to the Claims Administrator stating that they want to opt out

of the action and be excluded from the settlement. This letter must include the individual's name, address, telephone number, signature, and the last four digits of his or her Social Security Number ("Opt-Out Letter"). To be effective, an Opt-Out Letter must be postmarked no later than the date to be specified in the Settlement Notice, which shall be twenty-one (21) calendar days after mailing of the notice, pursuant to the Court's Preliminary Approval Order.

3.   Opt-out Plaintiffs shall not receive any Settlement Payment (Kellogg has no obligation to transfer any Approved Service Payment and Individual Settlement Allocation amount attributable to an Opt-out Plaintiff into the QSF). Opt-out Plaintiffs shall have their claims tolled for two months from the date they opt-out.

4.   Any Plaintiff who does not opt out of the action will be bound by the applicable release set forth in Section IX.

C.   **Final Approval of Settlement.** All of the terms of this Agreement are contingent upon the Court's final approval of the Parties' settlement. Final approval shall be deemed to occur on the Settlement Effective Date, as defined above. Plaintiffs' Counsel shall provide Kellogg with a draft motion for final approval of the Parties' settlement no later than seven (7) calendar days after the end of the Notice Period.

## VI.   SETTLEMENT ADMINISTRATION

A.   **Settlement Administrator.** The Settlement Administrator shall perform services including:

1.   Mailing the Settlement Notice;

2.   Creation of a QSF within the meaning of Treasury Regulation § 1.468B-1, *et seq.*;

3.   Maintenance of an 800 number for calls about the lawsuit and settlement, which shall go live on the date the Settlement Administrator mails the Settlement Notice and shall continue to be live until nine (9) months after the Settlement Administrator mails the Settlement Checks;

4.   Payout of the Gross Settlement Amount;

5.   Provision of summaries to Plaintiffs' Counsel and counsel for Kellogg of all activity, including names and contact information with respect to Plaintiffs (all communications shall include the Kellogg employee identification number of the Plaintiff(s) at issue, where applicable);

6.   Follow up on returned Settlement Notices and Settlement Checks through skip tracing and reasonable efforts to locate all Plaintiffs; and

7.      Mailing of a reminder to any Plaintiff who fails to cash his or her Settlement Check one, three, and five months after the Settlement Check was initially mailed.

8.      Sending any uncashed checks to the applicable state department of unclaimed funds in the name of the non-cashing Plaintiff, to be handled in accordance with the applicable state law for unclaimed funds.

**B.**      **Settlement Administration.** The Settlement Administrator shall be required to agree in writing to treat information it receives or generates as part of its claims administration process as confidential, and to use such information solely for purposes of claims administration. Kellogg's counsel and Plaintiffs' Counsel shall have equal access to the Settlement Administrator, as well as to all information in possession of the Settlement Administrator related to the administration of this settlement.

**C.**      **Settlement Administration Costs.** All costs of administering the Parties' settlement, including but not limited to fees and costs paid to the Settlement Administrator for issuing checks, mailing, remailing, skip tracing, reminding, and administration, shall be paid from the Gross Settlement Amount, thereby reducing the amount payable to Plaintiffs, except as otherwise provided for in Section VIII.C., related to the termination of this Agreement.

1.      The Parties shall instruct the Settlement Administrator to prepare an estimate of fees and costs for all services to be provided in conjunction with the Parties' settlement and this Agreement, which the Settlement Administrator shall provide to the Parties no later than the date on which the last Party executes this Agreement.

2.      The Parties shall jointly authorize payment to the Settlement Administrator of all settlement administration costs from the monies on deposit in the QSF at an appropriate time.

## VII.      DISTRIBUTION OF NET SETTLEMENT AMOUNT.

**A.**      **Finalizing Individual Settlement Allocations.**

1.      No later than seven (7) calendar days of the Parties' executing this Agreement, Plaintiffs shall provide Kellogg and the Settlement Administrator with the Individual Settlement Allocations and a draft motion for preliminary approval of the Parties' settlement.

2.      No later than the Settlement Effective Date, Plaintiffs' Counsel shall provide to the Settlement Administrator and Kellogg: (1) Final Fee and Cost Attributions, (2) Approved Service Payments to be made, and (3) final Individual Settlement Allocations.

**B.**   **Distribution Process.** The Settlement Administrator shall be responsible for distributing the Net Settlement Amount as provided for herein.

1. By the Settlement Effective Date, Kellogg shall transmit to the Settlement Administrator the Gross Settlement Amount, as approved by the Court, less any Individual Settlement Allocations and/or Service Payments attributable to Opt-Out Plaintiffs.

2. Payout of the Individual Settlement Allocations and any Approved Service Payments shall be made by check(s) ("Settlement Checks") issued no later than fourteen (14) calendar days after the Settlement Effective Date.

3. All Settlement Checks for Individual Settlement Allocations shall contain on the back of the check the following endorsement:

**FINAL RELEASE OF CLAIMS:**

By endorsing this check, I acknowledge that I have received, read and understand the Release that accompanied this Settlement Check and that I agree to be bound by the terms of that Release. I understand that, by endorsing this check, I am waiving and releasing any and all wage and hour claims arising out of my Kellogg employment as provided in the Court-approved Release.

4. All checks issued for payment of Approved Service Payments shall contain on the back of the check the following endorsement:

**GENERAL RELEASE OF CLAIMS**:

By endorsing this check, I acknowledge that I have received, read and understand the General Release that accompanied this Approved Service Payment and that I agree to be bound by the terms of that General Release. I understand that, by endorsing this check, I am waiving and releasing any and all claims arising out of my Kellogg employment as provided in the Court-approved General Release.

5. All checks issued pursuant to this Agreement shall be valid for nine (9) months from the date of issuance.

6. The Settlement Administrator shall follow up on any returned Settlement Checks through skip tracing and reasonable efforts to locate all Plaintiffs.

7. The Settlement Administrator shall mail reminders to Settlement Check recipients who have not yet cashed checks one, three, and five months after the Settlement Checks are mailed.

8. The Settlement Administrator shall provide Kellogg's counsel and Plaintiffs' Counsel with a list of those Settlement Check recipients who

have not cashed their checks beginning 30 days after mailing the Settlement Checks and continuing on a bi-weekly basis until eight (8) months after mailing the checks.

9.      Nine (9) months and seven (7) calendar days after the Settlement Effective Date, the Settlement Administrator shall transfer any amounts attributable to uncashed Settlement Checks remaining in the QSF to the appropriate state department of unclaimed funds.  The Settlement Administrator will then transfer to Kellogg any remaining funds in the QSF.

**C.      Effect of QSF Sending Settlement Check.** As ordered and approved by the Court, each Plaintiff who does not opt-out as provided in Section V.B. releases the Released Parties as set forth in Section IX below, regardless of whether he or she actually receives a Settlement Check and regardless of whether he or she actually cashes a Settlement Check.

## VIII.   TERMINATING THE AGREEMENT.

**A.      Kellogg's Right to Terminate If There Are More Than Three Opt-Out Plaintiffs.** In the event that there are more than three Opt-out Plaintiffs, Kellogg shall have the right to terminate this Final Settlement Agreement in its entirety by mailing written notice of its election to do so to Plaintiffs' Counsel no later than seven (7) calendar days after receiving written notice that there are more than three opt-out Plaintiffs.

**B.      Parties' Rights to Terminate Absent Court Approval.** If the Court declines to approve any material term in the Parties' preliminary or final motion for approval of FLSA settlement or requires as a condition to granting the motion modification of any term that materially changes this Agreement, then Kellogg or Named Plaintiffs shall have the right to terminate this Final Settlement Agreement in its entirety by providing written notice of their election to do so to counsel for the other Party within fourteen (14) calendar days of the Court's ruling.

1.      In the event that a Party sends notice of intent to terminate, the Parties agree to confer and negotiate in good faith to resolve any issues that resulted from the Court's denial in an effort to obtain Court approval of the settlement of the Action.

2.      The Parties agree that requiring Kellogg to pay any amount greater than the amount specified in Section II.A. shall be deemed a material change to this Agreement.

3.      The Parties agree that any ruling that the Court may make regarding Class Counsel's motion or petition for an award of attorneys' fees and costs pursuant to Section III shall be deemed a material change to this Agreement.

4.   Any disagreement as to what constitutes a material term or material modification shall be resolved by arbitration as provided in Section XX.

C.   **Effect of Termination.** If this Final Settlement Agreement is terminated as provided herein, then the Agreement shall be deemed null and void, of no force and effect, inadmissible as evidence, and of no probative value. In the event of such termination, the Parties hereto represent, warrant, and covenant that they will not use the Agreement or refer to it for any purpose whatsoever; provided, however, that notwithstanding any contrary provisions of this Agreement, the provisions of Section XVII shall survive termination. In the event that this Final Settlement Agreement is voided under this Section, it is the Parties' intention that no amount will be paid by Kellogg or Plaintiffs with the exception of any costs incurred by the Settlement Administrator, which the Parties agree they will share equally (50% paid by Plaintiffs and 50% paid by Kellogg) in the event that this Agreement is terminated, and that Plaintiffs, Kellogg and the Released Parties shall be restored with all rights that they possessed before the execution of this Final Settlement Agreement.

## IX.   RELEASES.

A.   **Specific Release By Plaintiffs Who Do Not Receive Approved Service Payment.** Upon final Court approval of the Parties' settlement, it is understood and agreed that each Plaintiff who does not opt out, regardless of whether he or she cashes his or her Settlement Check(s), shall be bound by the following release:

> In consideration for the payments provided for in the Final Settlement Agreement executed on my behalf, the sufficiency of which I hereby acknowledged, I, on behalf of myself and my heirs, estates, representatives, successors, assigns and agents, expressly and unconditionally waive any appeal from a court order approving of the Final Settlement Agreement and dismissing the Action with prejudice and release and forever discharge Defendants Kellogg Company and Kellogg Sales Company and all of the Released Parties from any and all wage and hour claims and wage and hour causes of action, known or unknown, that have arisen or could have arisen at any time up to and including the date of final approval of the settlement, including but not limited to (i) any and all claims for unpaid overtime wages, fines, penalties, liquidated damages, and/or attorneys' fees and expenses; and (ii) any and all wage and hour claims that I asserted or could have asserted in the Action whether under federal, state, local or other laws or ordinances, or pursuant to contract, tort, or equitable theories.

B.   **General Release By Plaintiffs Who Do Receive An Approved Service Payment.** Upon final Court approval of the Parties' settlement, it is understood and agreed that each Plaintiff to whom the QSF mails an Approved Service

10

Payment, regardless of whether he or she cashes his or her Settlement Check(s), shall be bound by the following general release:

> In consideration of the payments provided for in the Final Settlement Agreement executed on my behalf, the sufficiency of which I hereby acknowledge, I, on behalf of myself and my heirs, estates, representatives, successors, assigns and agents, expressly and unconditionally waive any appeal from a court order approving of the Final Settlement Agreement and dismissing the Action with prejudice and release and forever discharge Defendants Kellogg Company and Kellogg Sales Company and all of the Released Parties from any and all legally waivable actions or causes of action, suits, debts, claims, charges, complaints, contracts, controversies, agreements, promises, expenses, damages, cross-claims, claims for contribution and/or indemnity, claims for costs and/or attorney's fees, judgments, losses, liabilities and demands whatsoever, in law or equity, which I ever had, now have, or may have, against any of the Released Parties for anything that has occurred up to and including the date of this Agreement, whether known, unknown, or suspected, asserted or unasserted, to the extent permitted by law. This release includes, but is not limited to, claims (a) made or which could have been made in the action, (b) under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1866, the Americans with Disabilities Act, as Amended ("ADA"), the National Labor Relations Act ("NLRA"), the Family and Medical Leave Act ("FMLA"), any amendments to the foregoing, and any other federal, state, or local laws, regulation or ordinance, and (c) under the common law for tort or contract, in law or equity, such as negligent and/or intentional infliction of emotional distress, breach of contract, interference with economic opportunity or prospective economic advantage, or defamation. I do not waive or release (a) any right to file a charge with or participate in proceedings before the EEOC, including for federal age discrimination, or (b) any claims that arise after I receive this check.

**X.     DESIGNATION OF TYPES OF PAYMENTS.** Because the Plaintiffs' claims include claims for liquidated damages, the Parties agree that 50% of the Individual Settlement Allocation associated with each Plaintiff shall be treated as wages and 50% shall be treated as payment for liquidated damages. The Settlement Administrator shall prepare the appropriate IRS Form W-2 and IRS Form 1099 statements and provide them to the respective Plaintiffs and applicable government authorities as set forth below.

A.  **Wage Payments.** Wage payments shall be reported on an IRS Form W-2. From the wage portion of each Plaintiff's Individual Settlement Allocation amount, the Settlement Administrator shall withhold from distribution all applicable federal, state, and local income and employment taxes required to be withheld, and cause the appropriate deposits of taxes and other withholdings to occur.

1.  Each Plaintiff's share of applicable federal, state, and local income and employment taxes withheld from his or her distribution and deposited with the applicable governmental authorities in accordance with this Agreement ("Employee Taxes") shall be a part of, and paid out of and shall not be in addition to, the Gross and Net Settlement Amounts.

2.  The Settlement Administrator shall pay all applicable federal, state, and local taxes that are normally payable by an employer from the employer's funds, for example, FUTA/SUTA and the employer's portion of FICA ("Employer Taxes") due on the wage portion of each Plaintiff's allocated amount. The Settlement Administrator shall calculate the amount of Employer Taxes owed, and Kellogg shall transmit funds to the Settlement Administrator sufficient to pay the Employer Taxes, in accordance with the timeline outlined in Section XI Employer Taxes are in addition to, and not included in, the Gross or Net Settlement Amounts.

B.  **Non-Wage Payments.** Non-wage payments, including Approved Service Payments, shall be reported on an IRS Form 1099.

XI.  **TIMELINE OF SETTLEMENT EVENTS.** The Parties agree to the following timeline for completion of the settlement:

A.  No later than **Seven (7) calendar days after the Settlement Effective Date**, Kellogg shall transfer to the Settlement Administrator the Gross Settlement Amount, as approved by the Court, less any Individual Settlement Allocations and/or Service Payments attributable to any Opt-out Plaintiffs.

B.  No later than **Fourteen (14) calendar days after the Settlement Effective Date**:

1.  The Settlement Administrator shall mail the Settlement Checks to the Settlement Recipients.

2.  The Settlement Administrator shall notify Kellogg of the amounts of Employer Taxes.

C.  No later than **Thirty (30) calendar days after the Settlement Effective Date**:

1.  Plaintiffs' counsel shall authorize the Settlement Administrator to pay the settlement administration costs from the QSF.

D.  No later than **Forty-Five (45) calendar days after the Settlement Effective Date**, Kellogg shall transfer Employer-side Taxes to the QSF for payment by the Settlement Administrator.

    **E.**    No later than **Nine (9) months and seven (7) calendar days after Settlement Effective Date** after the Settlement Effective Date, the Settlement Administrator shall transfer any amounts attributable to uncashed Settlement Checks remaining in the QSF to the appropriate state department of unclaimed funds. The Settlement Administrator will then transfer to Kellogg any remaining funds in the QSF.

**XII.**  **NO ADMISSION.** The Parties agree and acknowledge that this Final Settlement Agreement shall not be alleged by Plaintiffs or construed by anyone to be an admission of any violation of any federal, state or local statute, or ordinance or regulation, or of any duty owed by Kellogg to current or former employees, and that the sole purpose of this Agreement and the Individual Release Agreements is to avoid the cost of further litigation.

**XIII.**  **INADMISSIBILITY OF THIS AGREEMENT.** This Final Settlement Agreement is a settlement document and shall be inadmissible as evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce its terms.

**XIV.**  **REASONABLE COMPROMISE OF BONA FIDE DISPUTE.** The Parties agree that the terms of this Final Settlement Agreement represent a reasonable compromise of disputed claims and issues arising from a bona fide dispute over FLSA coverage, and agree to represent the same to the Court. The Parties further agree that the settlement is a fair, reasonable and adequate resolution of Plaintiffs' claims.

**XV.**  **WAIVER OF APPEALS.** The Parties agree to, and do hereby waive all appeals, with the sole exception being that the Parties reserve the right to appeal the Court's order awarding attorneys' fees and costs to Plaintiffs if the Court's award is less than the amount Plaintiffs' Counsel requests.

**XVI.**  **DOCUMENTS AND DISCOVERY.** The Parties in this Action agree and acknowledge that certain documents and data were produced to Counsel in connection with this Action that were and are subject to the Parties' Stipulated Protective Order (Dkt. 252), and Counsel agree that they have and will continue to comply with their obligations under the Stipulated Protective Order.

**XVII.**  **NO PUBLICITY/NO SOLICITATION.**

    **A.**    **No Publicity.** To the extent permissible under governing ethical rules or laws, Plaintiffs and Plaintiffs' Counsel agree not to publicize the Parties' settlement in the press/media and agree not to issue any press release regarding this Action or its resolution. Plaintiffs and Plaintiffs' Counsel agree to respond to any press inquiries related to the Action solely with the statement that the Action has been resolved.

    **B.**    **No Solicitation.** Plaintiffs' Counsel agree not to solicit any current or former Kellogg employees by referencing the *Thomas v Kellogg* settlement or its terms, provided such restriction is permitted by applicable ethical rules or laws.

## XVIII. MUTUAL AND FULL COOPERATION.

**A.**   **Generally.** Counsel for the Parties agree to and shall use their best efforts to fully cooperate with each other to take all actions reasonably necessary to implement the terms of this Agreement and obtain an Final Approval Order and Judgment of Dismissal, as defined herein. No Party shall take any action to oppose implementation of this Agreement or any of its terms. Defense counsel shall provide Plaintiffs' Counsel with reasonable assistance necessary to draft all papers to be filed with the Court in conjunction with preliminary and final approval of this settlement.

**B.**   **Plaintiffs Seeking to Reject or Contest The Settlement Or Opt Out.** To the extent not otherwise in violation of an applicable professional rule or law, Plaintiffs' Counsel stipulate that they will not solicit or encourage any Plaintiff in seeking to reject or contest this settlement or to opt out of the Action in light of this Agreement. Plaintiffs' Counsel further stipulates that, to the extent not otherwise in violation of an applicable professional rule or law, Plaintiffs' Counsel will not represent, encourage, solicit, or otherwise assist any Plaintiff who contests the settlement or attempts to litigate with Kellogg over the Released Claims. Additionally, to the extent not prohibited by applicable professional rules or law, Plaintiffs' Counsel agrees not to represent, encourage, solicit, or otherwise assist any Plaintiff in any future litigation against Kellogg regarding the Released Claims or related claims. Nothing in this Paragraph XVIII(B) is intended to prevent or restrain Plaintiffs' counsel from: (i) suggesting to any rejecting, contesting or opt-out Plaintiff the option of obtaining separate counsel; or (ii) from performing ministerial acts necessary to secure the rejecting or opt-out Plaintiffs' withdrawal from the Action (*e.g.*, filing an opt-out form).

## XIX.   COMMUNICATIONS. 
Unless otherwise specifically provided, all notices, demands, or other communications given under this Stipulation of Settlement shall be in writing and shall be sent via U.S. mail, addressed as follows:

<u>**To Plaintiffs:**</u>
Matt Dunn
mdunn@getmansweeney.com
Michael Sweeney
msweeney@getmansweeney.com
Getman, Sweeney & Dunn, PLLC
260 Fair Street
Kingston, NY 12401

<u>**To Kellogg:**</u>
James N. Boudreau
boudreauj@gtlaw.com
Greenberg Traurig
2700 Two Commerce Square
2011 Market Street
Philadelphia, PA 19103

14

and

Thomas Monroe
Thomas.Monroe@Kellogg.com
Norma Barnes-Euresti
Norma.Barnes-Euresti@kellogg.com
Kellogg Company
One Kellogg Square, 5S
Battle Creek, MI 49017

**XX.** **ARBITRATION.** The Parties and Plaintiffs' Counsel agree that they shall submit any disputes regarding the interpretation of or performance under this Final Settlement Agreement to binding arbitration before James A. Smith, Jr. In the event of such a dispute, the prevailing party may apply for an award of reasonable attorneys' fees, arbitrator's fees, and costs, which the arbitrator shall award in his discretion.

**XXI.** **CONSTRUCTION.** The Parties agree that the terms and conditions of this Final Settlement Agreement are the result of lengthy and intensive arms' length negotiations between the Parties and that this Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his, her, or its counsel participated in the drafting of this Agreement. The Parties request that before declaring any provision of this Final Settlement Agreement invalid, any arbitrator or court shall first attempt to construe all provisions valid to the fullest extent possible consistent with applicable precedents and the intent expressed in this Agreement.

**XXII.** **CAPTIONS AND INTERPRETATIONS.** Section titles or captions contained in this Final Settlement Agreement are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Agreement or any of its provisions.

**XXIII.** **MODIFICATION.** Except as the Court may so order, this Final Settlement Agreement, including the attached Exhibits, may not be changed, altered, or modified, except in writing and signed by counsel for the Parties. This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by counsel for the Parties and approved by the Courts.

**XXIV.** **INTEGRATION CLAUSE.** This Final Settlement Agreement, including the attached Exhibits, contains the entire agreement between the Parties relating to the settlement of the Action, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged in this Final Settlement Agreement. No rights under this Agreement may be waived except in writing signed by the counsel for the Parties.

**XXV.** **BINDING ON ASSIGNS.** This Final Settlement Agreement shall be binding upon and inure to the benefit of the Parties, including the Released Parties as third-party beneficiaries to this Agreement, and their respective heirs, trustees, executors, administrators, successors, and assigns.

**XXVI. COUNTERPARTS AND FACSIMILE SIGNATURES.** This Final Settlement Agreement may be executed in counterparts, and when counsel have signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Final Settlement Agreement. This Final Settlement Agreement may be executed by facsimile signatures or email, which shall be deemed to be originals.

**XXVII.      APPLICABLE LAW.** This Final Settlement Agreement shall be governed by and construed in accordance with federal law and the law of the State of Washington, to the extent federal law does not apply.

[REMINDER OF PAGE INTENTIONALLY LEFT BLANK]

Patty Thomas                              Kellogg Company and Kellogg Sales Company


_____          _____
Dated:_____                    [NAME]
                                          Their Authorized Representative

                                          Dated:_____



Jennifer Louch (nee Dowling)


_____
Dated:_____



Kelley Dye, Jr.


_____
Dated:_____



Robert Gibson


_____
Dated:_____



Laura Wisby


_____
Dated:_____

David Rink

_____

Dated:_____

Judy Brashear

_____

Dated:_____

David Mastenbrook

_____

Dated:_____

Armon McWell

_____

Dated:_____

Soliman Sayedi

_____

Dated:_____

Bruce Johnson

_____

Dated:_____

Signed by Plaintiffs' Counsel as to Sections XVII and XVIII only:

_____

[NAME]
Their Authorized Representative

Dated:_____

David Rink

_____

Dated:_____

Judy Brashear

*Judy Brashear*

Dated: *3-8-2018*

David Mastenbrook

_____

Dated:_____

Armon McWell

_____

Dated:_____

Soliman Sayedi

_____

Dated:_____

18

Patty Thomas                                    Kellogg Company and Kellogg Sales Company

_____                _____

Dated:_____                          [NAME]
                                                Their Authorized Representative

                                                Dated:_____


Jennifer Louch (nee Dowling)


_____

Dated:_____


Kelley Dye, Jr.

_____

Dated: 3-9 2018


Robert Gibson


_____

Dated:_____


Laura Wisby


_____

Dated:_____


17

Patty Thomas

Kellogg Company and Kellogg Sales Company

_____

Dated:_____

[NAME]
Their Authorized Representative

Dated:_____

Jennifer Louch (nee Dowling)

_____

Dated:_____

Kelley Dye, Jr.

_____

Dated:_____

Robert Gibson

_____

Dated: 3-8-18

Laura Wisby

_____

Dated:_____

17

Bruce Johnson

Dated: _March 6th 2018_

Signed by Plaintiffs' Counsel as to Sections XVII and XVIII only:

[NAME]   Matthew Donn
Their Authorized Representative

Dated: _3/14/18_

19

Patty Thomas

Kellogg Company and Kellogg Sales Company

_____

Dated:_____

_____

[NAME]
Their Authorized Representative

Dated:_____

Jennifer Louch (nee Dowling)

_____

Dated: 3/9/18

Kelley Dye, Jr.

_____

Dated:_____

Robert Gibson

_____

Dated:_____

Laura Wisby

_____

Dated:_____

17

David Rink

_____

Dated:_____

Judy Brashear

_____

Dated:_____

David Mastenbrook

_David Mastenbrook_

Dated: _3-8-18_

Armon McWell

_____

Dated:_____

Soliman Sayedi

_____

Dated:_____

18

David Rink

_____

Dated:_____

Judy Brashear

_____

Dated:_____

David Mastenbrook

_____

Dated:_____

Armon McWell

_Armon McWell_

Dated:_ 3-9-18 _

Soliman Sayedi

_____

Dated:_____

David Rink

_David Rink_

Dated: 3 - 8 - 2018

Judy Brashear

_____

Dated:_____

David Mastenbrook

_____

Dated:_____

Armon McWell

_____

Dated:_____

Soliman Sayedi

_____

Dated:_____

18

David Rink

_____

Dated:_____

Judy Brashear

_____

Dated:_____

David Mastenbrook

_____

Dated:_____

Armon McWell

_____

Dated:_____

Soliman Sayedi

_____

Dated:_____ 3-6-2018

Patty Thomas

*P. Thomas*

Dated: 3/8/18

Kellogg Company and Kellogg Sales Company

_____

[NAME]
Their Authorized Representative

Dated:_____


Jennifer Louch (nee Dowling)

_____

Dated:_____


Kelley Dye, Jr.

_____

Dated:_____


Robert Gibson

_____

Dated:_____


Laura Wisby

_____

Dated:_____

17

Patty Thomas

Kellogg Company and Kellogg Sales Company

_____

Dated:_____

[NAME]
Their Authorized Representative

Dated:_____

Jennifer Louch (nee Dowling)

_____

Dated:_____

Kelley Dye, Jr.

_____

Dated:_____

Robert Gibson

_____

Dated:_____

Laura Wisby

_____

Dated: March 8, 2018

17

Patty Thomas

Kellogg Company and Kellogg Sales Company

_____

_____
[NAME]
Their Authorized Representative

Dated:_____

Dated:_____

Jennifer Louch (nee Dowling)

_____

Dated:_____

Kelley Dye, Jr.

_____

Dated:_____

Robert Gibson

_____

Dated:_____

Laura Wisby

_____

Dated:_____

17

EXHIBIT  1

**Plaintiffs**

1  Dennis Adams
2  Christopher Adams
3  Diana Adkins
4  David Aldrich
5  Martin Alexa
6  Carla Alvarado
7  Greg Anderson
8  James Anderson
9  Scott Andryauskas
10  Tommy Anthony
11  Jeffery Anthony
12  George Argentino
13  Jesus Armenta
14  Nicholas Arneson
15  James Arnold
16  James Arre
17  Darrell Aschenbeck
18  Greg Atchley
19  Stephanie Ater
20  Jami Baker
21  Alicia Baker
22  Lisa Baldridge
23  Martin Ball
24  Daron Ballard
25  Delipe Bans Iii
26  Dennis Bargerhuff
27  Curtis Barker
28  Don Barrett Jr
29  Steven Barton
30  Raymond Bass
31  Terry Baun
32  Timothy Beatty
33  Thomas Beckmann
34  Debra Beddo
35  John Beers
36  David Scott Bell
37  Matthew Bench
38  Katherine Bennett
39  Cynthia Bennett
40  Kathy Bergeron
41  Susan Besozzi
42  Keith Bishop

43  Darrell Bishop
44  Kim Bjorklund
45  Tony Blackwell
46  Tammy Blaha
47  Jerrod Blake
48  Wendy Blalock
49  Rhonda Blanton
50  Steve Blevins
51  Richard Blum
52  Jeffrey Bobrow
53  Mike Bochsler
54  Alan Bolding
55  Vickie Bolles
56  Mark Bonn
57  Angela Borgstedt
58  Jeff Bostic
59  Thomas Bottichio
60  Marie Boulton
61  William Bowen
62  Edward Bowman
63  Travis Boyer
64  Ernest Boyer
65  Kevin Bradford
66  Alan Bradley
67  Judy Brashear
68  Tommy Braswell
69  Kevin Bridges
70  Richard Briggs
71  Annie Brooks
72  Broderick Brookshire
73  Mary Brown
74  Ronald Brown
75  David Brown
76  Vicki Brzozowski
77  Douglas Buescher
78  Clare Buhrandt
79  Douglas Bumgarner
80  Alfonso Burciaga
81  William Burd
82  Jacqueline Burkink
83  Robert Burns
84  Daniel Bustad
85  Douglas Byrd

| | |
|---|---|
| 86 | Christopher Cabello |
| 87 | Tony Cain |
| 88 | Mark Caldwell |
| 89 | Tina Caldwell |
| 90 | David Campbell |
| 91 | Thomas Carlson |
| 92 | James Carnes |
| 93 | Anthony Carnevale |
| 94 | Michael Carns |
| 95 | Crescenzo Carovillano |
| 96 | Genisa Carpenter |
| 97 | Kara Carper |
| 98 | Roger Carroll |
| 99 | James Carter |
| 100 | Lewis Carter |
| 101 | James Case Sr |
| 102 | Wenceslado Castellano Jr |
| 103 | Juan Cavazos |
| 104 | Gorman Champion, Jr |
| 105 | Bryan Chapman |
| 106 | Corey Chase |
| 107 | Gary Childress |
| 108 | Lori Chucci |
| 109 | Alphonso Clark |
| 110 | William Clark |
| 111 | Jennifer Clayborn |
| 112 | Ronald Coker |
| 113 | Larry Cole |
| 114 | Sandy Cole |
| 115 | Cheryl Cole |
| 116 | Derell Collins |
| 117 | Helen Conley |
| 118 | John Conschafsky |
| 119 | Michael Controne |
| 120 | Vicki Cook |
| 121 | Courtland Coons |
| 122 | German Cordero |
| 123 | Tammy Cornmesser |
| 124 | Jerome Cortazzo |
| 125 | Angela Courtney |
| 126 | Stephanie Couture |
| 127 | Jeannine Crabtree |
| 128 | Bonnie Crawford-Cook |

129   Sheldon Crowell
130   Angel Cruz
131   Michael Cueto
132   Cary Culp
133   Russell Culpepper
134   Ronald Custer, Jr
135   Andrew Dalton
136   Trey Danzey
137   Maxwell Daugherty
138   Peggy Davis
139   Tommy Davis
140   Staci Davis Chesser
141   Michael Davis Ii
142   Jesus De La Cruz
143   Denisse De La Pava-Robles
144   Genie Deckard
145   Steven Demott
146   John Dempsey
147   James Dennis
148   Kristin Devoe
149   Richard Dewald
150   Jerome Diakow
151   Kelly Dilorenzo
152   Shannon Dirose
153   Michael Disanto
154   Donna Doan
155   Dale Dolechek
156   Courage Dompey
157   Andrew Donnelly Iii
158   Brandon Dowling
159   Jennifer Dowling
160   Rodney Downey
161   Christine Draska
162   Robert Dudley
163   Ruth Dye
164   Kelley Dye
165   Robin Echerd
166   Steve Eckholt
167   Joseph Edmonds
168   Mark Elston
169   Kelly Embert
170   Stephanie Estel
171   William Estes

172   Frances Estevez
173   Corey Estok
174   Karen Etheridge
175   Robert Etscheidt
176   Jeff Evans
177   Lisa Fahlman
178   David Fairbrother
179   Darrell Farren
180   Jeremy Faulk
181   Duane Fauser Ii
182   John Feher
183   Steven Feiles
184   Michael Feldman
185   Melanie Feldman
186   Kris Ferguson
187   Mark Ficker
188   Timothy Finch
189   Gregory Findlay
190   Darren Fischer
191   Ryan Fiser
192   Thomas Fisher
193   Andrea Flajole
194   Roy Forsht Jr
195   Michael Forte
196   Ronald Fowler
197   Mark Francescon
198   Rickey Frazier
199   Marcus Freeman
200   Wendy Frey
201   Lisa Friedrich
202   Alyssa Fyffe
203   Thomas Gabbie
204   Lydia Gallegos
205   Thomas Gambill
206   James Ganpat
207   Eddie Garcia
208   Zenaida Garcia
209   Christian Garcia
210   Scott Gard
211   Frank Gardiner
212   Arthur Garland
213   Anthony Garner
214   Michael Garrett

215   Reuben Garza
216   Tamsen Gaskell
217   Chad Gasterland
218   Tiffany Gatto
219   Teri Geier
220   Loren Gerwick
221   Corey Gherke
222   Robert Gibson
223   Keith Gittens
224   Rocco Giunta
225   Craig Glasscock
226   Craig Glassman
227   Mark Glover
228   Justin Godfrey
229   Jeanne Godwin
230   Robert Goettel
231   Timothy Golden
232   Yonadan Gonzalez
233   James Gooch
234   Marcus Gould
235   Keith Graaff
236   Charles Grabowski
237   Mark Graham
238   Raymond Grant
239   William Gray
240   William Greco
241   Allen Greeley
242   Rudy Green
243   Matthew Gregory
244   Craig Guertin
245   Jennifer Gust
246   Randall Hab
247   Kenneth Hadel
248   Edward Halenda Jr
249   Robert Haley
250   Brent Hampton
251   Bret Hanisch
252   Randy Hansen
253   Burl Harper
254   Jim Harris
255   Tamika Harris
256   Kurt Harris Jr
257   Mark Harsanye

| 258 | Susan Hart |
| 259 | Brian Harvey |
| 260 | David Hasenbein |
| 261 | Troy Hawkins |
| 262 | David Hayes |
| 263 | Chad Heeter |
| 264 | Michael Heiner |
| 265 | Carolyn Heinowski |
| 266 | Franklin Henderson |
| 267 | Joe Hernandez |
| 268 | Romeo Hesano |
| 269 | Anthony Hill |
| 270 | Adam Hill |
| 271 | Gregory Hillman |
| 272 | Johnny Hincher |
| 273 | Wendy Hixson |
| 274 | Kenneth Hoak |
| 275 | James Hobbs |
| 276 | Marcella Holman |
| 277 | Matthew Holmes |
| 278 | Dameon Holmes |
| 279 | Jerry Honea |
| 280 | Gregg Hoover |
| 281 | Jeffry Horak |
| 282 | Chris Horvath |
| 283 | Linda Hotchkiss |
| 284 | James Hough |
| 285 | Jane Hoven |
| 286 | Donna Howell |
| 287 | Jonathan Hoyle |
| 288 | Karin Hudgins |
| 289 | Adam Hughes |
| 290 | Michelle Hutte |
| 291 | Jody Ignowski |
| 292 | William Irizarry |
| 293 | Janice Ivey |
| 294 | Mary Ivey |
| 295 | Michael Jackson |
| 296 | Devin Jackson |
| 297 | Joseph Jankiewicz Jr |
| 298 | Elizabeth Jansen |
| 299 | Michael Jarvis |
| 300 | Jonathan Jenkins |

| | |
|---|---|
| 301 | Norma Jenkins |
| 302 | Eleazar Jimenez |
| 303 | Bruce Johnson |
| 304 | Sandra Johnson |
| 305 | Ronald Johnson |
| 306 | Allen Johnson |
| 307 | Chad Johnson |
| 308 | Darryl Johnson |
| 309 | Stephanie Johnson |
| 310 | John Jones |
| 311 | Lonnie Jones |
| 312 | Rondell Jones |
| 313 | Bonnie Jones |
| 314 | Bruce Jones |
| 315 | Marquez Jones |
| 316 | Ronald Jubber |
| 317 | Sara Judd |
| 318 | Doug Justice |
| 319 | Harold Karas |
| 320 | Monica Karousos |
| 321 | Deborah Keen |
| 322 | Richard Kellam |
| 323 | Richard Kellogg |
| 324 | Joseph Kelly |
| 325 | Aaron Kelly |
| 326 | Christie Kelly |
| 327 | Jeffrey Kelly |
| 328 | Jeremy Kemp |
| 329 | Scott Kenney |
| 330 | John Kent |
| 331 | Stephen Kern |
| 332 | Guy Kerstetter |
| 333 | Bobby Key Jr |
| 334 | Thomas Kincaid |
| 335 | Christopher King |
| 336 | Kelly Kivett |
| 337 | Richard Klauser |
| 338 | Brion Knepp |
| 339 | Coy Knights |
| 340 | Mark Kohlhagen |
| 341 | Julie Kohlman |
| 342 | Kenneth Kollasch |
| 343 | Thomas Korgie |

344    Felicia Kornegay
345    Vicki Koshir
346    Carl Kowal
347    Kelly Krause
348    William Krogman
349    Kent Kurtz
350    Nicholas Kuvakos
351    Raymond Laird
352    Lisa Lajoie
353    Nathan Lane
354    Susan Lanham
355    Robert Lapelle
356    Nancy Larimer
357    Susan Larkins
358    Karen Larocca
359    Larry Larson
360    Christopher Lasseter
361    Ray Lathery Jr
362    Charles Latta Iii
363    Michael Leard
364    Rodger Lecocq
365    Jason Ledbetter
366    Tina Lee
367    John Leech
368    Jon Leonardelli
369    Anne Leroy
370    Melanie Lewis
371    Martin Little
372    Susan Littrell
373    Suzanne Lomax
374    Codi Loper
375    Mark Lowe
376    John Lowenthal
377    Joe Loya
378    John Lucarelli
379    Ron Lynch
380    Kerry Lyons
381    Eldon Lytle
382    Adam Macdormand
383    Tony Madden
384    David Madewell
385    Sheree Magera
386    Linn Major

387   Christopher Malatesta
388   Arturo Maldonado
389   Jeffrey Manier
390   Jeffrey Maragh
391   Ronald Martin
392   Robert Martinez
393   Sam Marzula Jr
394   David Mastenbrook
395   Karen Matney
396   Teresa Maxwell
397   Julie Mayhew
398   Susan Mayhugh
399   Mike Mc Daid
400   Catherine Mccabe
401   Jackie Mccall
402   Jason Mcconnell
403   Charles Mcconville
404   Dawn Mccoy
405   Michael Mccoy
406   Timothy Mccoy
407   Michael Mcdade
408   John Mcdevitt
409   Gregory Mcdonald
410   Michael Mcewen
411   Richard Mcfaddin
412   Kathryn Mcfarland
413   James Mcguire
414   Cheryl Mcguire
415   James Mckeague
416   Pamela Mckeldin
417   Dion Mclain
418   Edward Mclaughlin
419   Ronald Mcleod
420   Anita Mcmahen
421   Armon Mcwell
422   Wendell Mead
423   Mitchell Medcalf
424   David Meindl
425   John Mele
426   Emily Melton
427   Charles Mencias
428   William Mettler Jr
429   Cynthia Meuth

430   Jean Mienders
431   Richard Miller
432   Eddy Miller
433   Belinda Mills
434   Debra Mills
435   Terry Mobley
436   Jeffrey Monroe
437   Efrain Montemayor
438   Todd Montgomery
439   Steve Moody
440   Teresa Moore
441   Dean Moran
442   Luis Moreno
443   James Morgan
444   John Morin
445   Leeann Morningstar
446   Kathy Morris
447   Steven Mosier
448   Gregory Munkelt
449   Robert Munson
450   Brad Murphey
451   Kirk Mushrush
452   Takayuki Nagano
453   Steven Nani
454   Walter Neal
455   Bradley Neal
456   Charles Nelson
457   Jeannie Nelson
458   Rhonda Nemitz
459   Travis Nesby
460   Monte Nevills
461   Leonard Newman
462   Hope Newton
463   Aaron Noble
464   Michelle Nyers
465   Robert Oberst
466   James Oberst
467   Michael O'Connor
468   Mary Jo Oesterling
469   William Olander
470   David Olsen
471   Michael Onorato
472   Alex Orosz

473   Scott Osborne
474   James Osby
475   Gregory Oswalt
476   Gregory Oyster
477   Misty Pace
478   Heather Parker
479   Samuel Parker Jr
480   Michael Parks
481   Kimberly Pasch
482   Alfred Passero
483   Jarrad Paul
484   John Pavlik
485   Melanie Payne
486   David Pearce
487   Phyllisa Pearson
488   Danny Peavler
489   Arthur Pedersen
490   Adam Pedraza
491   Heather Pellegrino
492   Charles Pemberton, Iii
493   Edward Pence
494   Marcus Perez
495   Thomas Perteete
496   Garth Peter
497   Timothy Pfannenstiel
498   Kurt Pfeffer
499   Michael Phillips
500   Robert Piehl
501   Pamela Pierce
502   Andrew Pollock
503   Kevin Pompey
504   Jeff Postma
505   Brenda Potratz
506   Edward Prager
507   Ronald Prater
508   Thomas Priaulx
509   Anthony Prince
510   Timothy Prior
511   Michael Pritchett
512   Chad Prologo
513   Buffy Prouty
514   Shannon Pruitt
515   Michael Przybyszewski

516   Gary Pulling
517   Christine Putman
518   Gary Qualls
519   Richard Quezada
520   Jessica Quigley
521   Scott Quiring
522   Ronald Raab
523   Jody Rabinowitz
524   Lori Rademaker
525   Jennifer Rader
526   Edward Raggie
527   Larry Ragin
528   Jeffrey Ralston
529   Lylah Denise Ramsey
530   Thomas Rankin
531   Rollin Reading Iii
532   Erwin Recalde
533   Giuseppe Recchia
534   Joseph Reed
535   Louis Reeise
536   Aaron Reeves
537   Michael Reid
538   Charles Reid
539   Vincent Renfrow
540   Ramon Ress
541   Joseph Restivo
542   Robert Reyes
543   Melanie Richard
544   Dennis Rieder
545   Joseph Rigdon
546   Joseph Riker
547   Brian Rindt
548   David Rink
549   Jon Ritner
550   Chad Ritter
551   Jeri Rivard
552   James Robbins
553   Bob Roberts
554   Richard Robertson
555   James Robinette
556   James Robinson
557   Michael Rodewald
558   Karen Rogers

559   Jeffrey Rolfe
560   Monica Rook
561   Anthony Rosa
562   Sally Roscoe
563   Amy Rose
564   Craig Rumsey
565   Robert Rutledge
566   Amy Rutmann
567   Eddy Sanchez
568   Harvey Sandefur
569   Michael Santangelo Jr
570   Soliman Sayedi
571   Paul Scafede
572   Cynthia Scaggs
573   Timothy Scanlon
574   Luther Scarlett
575   Stanley Scherer
576   Adam Schiff
577   Rhona Schiffres
578   Sandra Schnetter
579   Michael Schram
580   Edward Schwartz
581   Gregory Scott
582   Randall Scott
583   Derrick Seabaugh
584   Bert Seabourn
585   Dawn Segar
586   Derrick Sellars
587   Sheila Shaffar
588   Wade Shauers
589   Barbara Sheaks
590   Darrel Shelton
591   Gary Sherrod
592   Paul Shoemaker
593   Kevin Simcox
594   Stephen Simmons
595   Sheila Simpson
596   Donna Skinner
597   Alan Slack
598   Mark Slager
599   Joseph Slattery
600   Paul Smart
601   Thomas Smircich

602   Donald Smith
603   William Smith
604   Joseph Smith
605   Edward Smith
606   Kevin Smith
607   Jeffery Smith
608   Neil Smith
609   Tony Smith
610   Scot Smith
611   Aubrey Smith Sr
612   Elliott Somers
613   Patricia Spain
614   Michael Sparano
615   James Sparks
616   Douglas Speer
617   Rhonda Spencer
618   Shanendoah Spier
619   Robert St Clair
620   Jerry Stacy
621   Edward Staley
622   Alan Stanton
623   Jennifer Steinmetz
624   Robert Stewart
625   Dale Stewart
626   Ronald Stigger
627   Aleta Stock
628   Devin Stokes
629   Kelly Story
630   John Stout
631   Jonathan Suchon
632   Brian Suddoth
633   Glen Sullivan
634   Daniel Sullivan
635   Kurt Sumrall
636   Tiffany Sutton
637   Robin Sweeney
638   Paul Sylvester
639   Greg Talbot
640   Craig Taormina
641   Jeff Tarleton
642   Gus Tarr
643   Larry Tasker
644   Piarus Tatum

645   Reginald Taylor
646   Douglas Teckenbrock
647   Deborah Ternet
648   William Thacker
649   Cathy Thomas
650   Patty Thomas
651   Randolph Thompson
652   Fred Thompson
653   Earl Thompson Jr
654   Dennison Tieman
655   Ryan Tigges
656   Esteban Tijerina
657   Ferdinando Tirro
658   Timothy Tolan
659   Richard Torlone
660   Brian Treadaway
661   Jason Trogdon
662   William Trout
663   Kimberly Trowbridge
664   Floyd Truby
665   Jeffrey Truesdell
666   Scott Tubo
667   Thomas Tuck
668   Samantha Tudtud
669   Brent Tuggle
670   Leslie Turpening
671   Mark Tuttle
672   Derek Tykwinski
673   Jacob Ulland
674   Alan Upchurch
675   David Updyke
676   Analia Uribe
677   John Van Hoey
678   Brian Vande Brake
679   Jesus Varela
680   Robert Vassallo
681   Christopher Vaughn
682   Loyd Vaughn
683   Alexis Vazquez
684   Dusty Veach
685   Alberto Vela
686   Juan Vidaurri
687   Melissa Vider

688   Julie Vihstadt
689   Sam Villanueva
690   Vito Viviano
691   Deborah Vogliardo
692   Richard Volk
693   Kim Volpenhein
694   Christopher Voss
695   Mark Waggoner
696   Karen Wagner
697   Corey Wagner
698   Nancy Wagner
699   Barry Wagoner
700   Randy Wallace
701   Brian Wallace
702   Casey Wallace
703   Sunshine Walling
704   Joseph Wallweber
705   Robin Walsh
706   Kevin Walthers
707   Michael Walz
708   Steven Wanie
709   Heidi Warren
710   Dana Warren
711   Wade Washburn
712   Deena Waters
713   Kenneth Watson
714   Walter Watt
715   Larry Weathers
716   Eddie Weaver
717   Glenn Weber
718   Thomas Wegrzyn
719   Stephen Wehner
720   Andrea Weiand
721   Jennifer Weiss
722   Judith Welch
723   John Wetter
724   Joe Wheeler
725   Tyrone Wheeler
726   George Whitaker
727   Michael White
728   Tom Whitehead
729   Paula Wiemer
730   Clifton Wiggins

731   Gregory Wiggins
732   Michelle Williams
733   Ryan Williams
734   Jason Williams
735   Eric Wilson
736   Linda Wilson
737   Alan Wilson
738   Laura Wisby
739   Steven Wochner
740   Richard Wood
741   Michael Workman
742   Mark Yapuncich
743   Laveshia Yarborough-Wall
744   Stephen Yelman
745   Kenneth Zabriskie
746   Devin Zickefoose
747   Sharon Ziegler
748   Sherry Zimmerman
749   Jan Zindt
750   Anthony Zito