1

2

**Honorable Ronald B. Leighton**

3

4

5

6

7

8

9

10

11        **UNITED STATES DISTRICT COURT**
        **FOR THE WESTERN DISTRICT OF WASHINGTON**
                                **AT TACOMA**

12

13                                                    **CASE NO.: 3:13-cv-05136-RBL**
        **PATRICIA THOMAS, et al.,**

14
                **Plaintiffs,**

15                                                    **MOTION FOR FINAL APPROVAL OF**
                                                    **FAIR LABOR STANDARDS ACT**
16      **v.**                                        **SETTLEMENT, SERVICE PAYMENTS,**
                                                    **AND ATTORNEYS' FEES AND COSTS**
        **KELLOGG   COMPANY   and   KELLOGG**
17      **SALES COMPANY,**

18              **Defendants.**                       **NOTE ON CALENDAR:**
                                                    **May 18, 2018**
19

20

21

22

23

24

25

26

27
        MOTION FOR FINAL APPROVAL                    GETMAN, SWEENEY & DUNN, PLLC
28      (3:13-cv-05136-RBL)                          260 FAIR STREET
                                                    KINGSTON, NY 12401
                                                    TELEPHONE: (845) 255-9370

**TABLE OF CONTENTS**

FACTS ............................................................................................................... 2

I.   The Litigation ............................................................................................ 2

II.   Settlement Agreement and Notice.......................................................... 3

LEGAL STANDARD ........................................................................................ 4

I.   Final Approval of the FLSA Settlement ................................................ 5

    A.   A *Bona Fide* Dispute Exists Between the Parties............................ 6

    B.   The Proposed Settlement Is Fair and Reasonable ......................... 6

II.   The Service Awards to the Named Plaintiffs Are Fair and Reasonable ................................... 10

III.   The Court Should Approve the Agreed Upon Attorneys' Fees as Reasonable........................ 14

    A.   All Plaintiffs Agreed to Counsel's Fees ......................................... 15

    B.   Fees of One-Third of the Settlement Fund Method Are Reasonable ................................. 15

IV.   EXPENSES .............................................................................................. 21

CONCLUSION ................................................................................................. 22

GETMAN, SWEENEY & DUNN, PLLC
260 FAIR STREET
KINGSTON, NY 12401
TELEPHONE: (845) 255-9370

1

### TABLE OF AUTHORITIES

2

**Cases**

3

*A.H. Phillips v. Walling,* 324 U.S. 490 (1945) ................................................. 14

4

*Alyeska Pipeline v. Wilderness Society*, 421 U.S. 240 (1975) ............................ 14

5

*Ambrosino v. Home Depot U.S.A, Inc.*, 11 Civ. 1319 L MDD, 2014 WL 3924609

6

    (S.D. Cal. Aug. 11, 2014) ........................................................................ passim

7

*Balderas v. Massage Envy Franchising, LLC*, 12 Civ. 06327 NC, 2014 U.S. Dist.

8

    LEXIS 88866, 2014 WL 3610945 (N.D. Cal. July 21, 2014) .......................... 9

9

*Banales v. Autoclaims Direct, Inc.*, 3:11 Civ. 02914, Dkt. 63 (S.D. Cal. Dec. 20, 2012) ............... 15

10

*Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728 (1981) ...................................... 4, 17

11

*Belton v. Alamo Claim Service,* 1:12 Civ. 01306-JES-BGC, Doc. 122

12

    (C.D. Ill. Dec. 18, 2013) ............................................................................ 15

13

*Bickley v. CenturyLink, Inc.,* No. CV 15-1014-JGB (ASX), 2016 WL 9046911

14

    (C.D. Cal. Nov. 29, 2016) .......................................................................... 19

15

*Bredbenner v. Liberty Travel, Inc.*, No. CIV.A. 09-1248 MF, 2011 WL 1344745

16

    (D.N.J. Apr. 8, 2011) ................................................................................ 17

17

*Brooklyn Savings Bank v. O'Neil*, 324 U.S. 706 (1945) ................................................ 4

18

*Campbell v. C.R. Eng., Inc.,* 2:13 Civ. 00262, 2015 WL 5773709

19

    (D. Utah Sept. 30, 2015) ........................................................................ 14

20

*Castro v. Swift Transportation Co.,* 2:16 Civ. 03232-AB-E (C.D. Cal. April 17, 2017) .......... 14, 15

21

*Cilluffo v. Central Refrigerated Services, Inc.* 12 Civ. 00886-VAP-OPx, Dkt. 298

22

    (C.D. Cal. April 3, 2018) ...................................................................... passim

23

*Costa v. Commissioner of Social Sec. Admin.*, 690 F.3d 1132 (9th Cir. 2012) ........................ 19, 20

24

*Deaver v. Compass Bank,* 13 Civ. 00222-JSC, 2015 WL 8526982

25

    (N.D. Cal. Dec. 11, 2015) ........................................................................ 8

26

*Deposit Guar. Nat. Bank, Jackson, Miss. v. Roper,* 445 U.S. 326 (1980) ...................... 14

27

*Elliott v. Rolling Frito-Lay Sales, LP*, 11 Civ. 01730 DOC, 2014 WL 2761316

28

    (C.D. Cal. June 12, 2014) ........................................................................ 15

MOTION FOR FINAL APPROVAL
(3:13-cv-05136-RBL) - ii

GETMAN, SWEENEY & DUNN, PLLC
260 FAIR STREET
KINGSTON, NY 12401
TELEPHONE: (845) 255-9370

1    *Espenscheid v. DirectSat USA, LLC*, 688 F.3d 872 (7th Cir. 2012) ................................ 10

2    *Garner v. State Farm Mut. Auto. Ins. Co.*, 08 Civ. 1365 CW (EMC), 2010 WL

3       1687832 (N.D. Cal. Apr. 22, 2010) ........................................................................ 13

4    *Gatdula v. CRST Int'l, Inc.*, 11 Civ. 1285 VAP (OPx), 2015 WL 12697656

5       (C.D. Cal. Aug. 26, 2015) ...................................................................................... 10

6    *Glass v. UBS Fin. Services, Inc.*, 06 Civ. 4068 MMC, 2007 WL 221862

7       (N.D. Cal. Jan. 26, 2007) *aff'd*, 331 Fed. Appx. 452 (9th Cir. 2009 (unpublished) ................. 13

8    *Gooding v. Vita-Mix Corp.*, 216CV03898ODWJEMX, 2018 WL 571881

9       (C.D. Cal. Jan. 25, 2018) ................................................................................. 20, 21

10   *Goudie v. Cable Commun., Inc.*, 08 Civ. 507-AC, 2009 WL 88336

11      (D. Or. Jan. 12, 2009) ............................................................................................ 6

12   *Graham v. Overland Solutions, Inc.*, 10 Civ. 0672 BEN, 2012 WL 4009547

13      (S.D. Cal. Sept. 12, 2012) .................................................................................... 13

14   *Grewe v. Cobalt Mortg., Inc.*, C16-0577-JCC, 2016 WL 4014114

15      (W.D. Wash. July 27, 2016) ................................................................................... 5

16   *Hand v. Dionex Corp.*, 06 Civ. 1318-PHX-JAT, 2007 WL 3383601

17      (D. Ariz. Nov. 13, 2007) ........................................................................................ 7

18   *Herrington v. Waterstone Mortgage Corp.*, 3:11 Civ. 00779, Dkt. 157

19      (W.D. Wisc. Feb. 12, 2018) ...................................................................... 17, 19, 20

20   *In re Media Vision Tech Sec. Litigs.*, 913 F. Supp. 1362 (N.D. Cal. 1996) .................................... 21

21   *In re Media Vision*, 913 F. Supp at 1366; *cf. In re Immune Response Sec. Litig.*, 497 F.

22      Supp. 2d 1166 (S.D. Cal. 2007) ........................................................................... 21

23   *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934 (9th Cir. 2015) ........................................ 16

24   *Khanna v. Intercon Sec. Sys., Inc.,* 2:09 Civ. 2214 KJM EFB, 2014 WL 1379861

25      (E.D. Cal. Apr. 8, 2014) order corrected, 2:09 Civ. 2214 KJM EFB, 2015 WL

26      925707 (E.D. Cal. Mar. 3, 2015) ........................................................................... 16

27   *Knight v. Red Door Salons, Inc.*, 08-01520 SC, 2009 WL 248367

28      (N.D. Cal. Feb. 2, 2009) ...................................................................................... 16

GETMAN, SWEENEY & DUNN, PLLC
260 FAIR STREET
KINGSTON, NY 12401
TELEPHONE: (845) 255-9370

1    *Lewis v. Wells Fargo & Co.*, 08 Civ. 2670, Doc. 315 (N.D. Cal. April 29, 2011) ....................... 7, 8

2    *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234 (9th Cir.1998)..................................... 8

3    *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) ................................ 5, 6

4    *Ma v. Covidien Holding, Inc.*, 12 Civ. 02161-DOC (RNBx), 2014 WL 360196

5       (C.D. Cal. 2014) ............................................................................................. 9

6    *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247 (5th Cir. 2012) *cert. denied,*

7       133 S. Ct. 795, 184 L. Ed. 2d 583 (U.S. 2012) ........................................... 5

8    *McCartt v. Kellogg USA, Inc.*, 139 F. Supp. 3d 843 (E.D. Ky. 2015) ............................ 7

9    *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375 (1970) ....................................... 21

10   *Moreno v. City of Sacramento*, 534 F.3d 1106 (9th Cir. 2008)................................. 20

11   *Moreyra v. Fresenius Med. Care Holdings, Inc.*, 10 Civ. 517JVSRZX, 2013 WL

12       12248139 (C.D. Cal. Aug. 7, 2013) ..................................................... 20

13   *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523 (C.D. Cal. 2004) ..................... 8

14   *Nen Thio v. Genji, LLC*, 14 F. Supp. 3d 1324 (N.D. Cal. 2014) ....................................... 7

15   *Norris v. Mazzola*, 15 Civ. 04962-JSC, 2017 WL 6493091 (N.D. Cal. Dec. 19, 2017) ................. 18

16   *Otey v. CrowdFlower, Inc.*, 12 Civ. 05524-JST, 2016 WL 304747

17       (N.D. Cal. Jan. 26, 2016)............................................................................ 6

18   *Peck v. Encana Oil & Gas, Inc.*, 15 Civ. 01800-CMA-KHR, 2018 WL 1010944

19       (D. Colo. Feb. 22, 2018)........................................................................ 16

20   *Ridgeway v. Wal-Mart Stores Inc.*, 269 F. Supp. 3d 975 (N.D. Cal. 2017) ..................................... 19

21   *Roberts v. City of Chula Vista,* 16 Civ. 1955-MMA (DHB), 2017 WL 6541105

22       (S.D. Cal. Dec. 21, 2017) ....................................................................... 5

23   *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948 (9th Cir. 2009) ....................................... 7, 10

24   *Ruiz v. JCP Logistics, Inc.*, 13 Civ. 1908JLSANX, 2016 WL 6156212

25       (C.D. Cal. Aug. 12, 2016) ................................................................. 13

26   *Satchell v. Fed. Express Corp.*, C-03-2659 SI, C-03-28 SI, 2007 WL 1114010

27       (N.D. Cal. Apr. 13, 2007)................................................................... 13

28   *Stevens v. Safeway, Inc.*, 2:05 Civ. 01988-MMM-SH, Dkt. 338

MOTION FOR FINAL APPROVAL
(3:13-cv-05136-RBL) - iv

GETMAN, SWEENEY & DUNN, PLLC
260 FAIR STREET
KINGSTON, NY 12401
TELEPHONE: (845) 255-9370

1    (C.D. Cal. Feb. 25, 2008) ........................................................................ 13

2    *Stovall-Gusman v. W.W. Granger, Inc.*, 13 Civ. 02540-HSG, 2015 WL 3776765

3    (N.D. Cal. June 17, 2015)........................................................................ 9

4    *Stuart v. Radioshack Corp.*, 07 Civ. 4499 EMC, 2010 WL 3155645

5    (N.D. Cal. Aug. 9, 2010) ........................................................................ 11

6    *Syed v. M-I, L.L.C.*, 1:12 Civ. 01718, 2017 WL 3190341 (E.D. Cal. July 27, 2017) ............... 12, 15

7    *Szymborski v. Ormat Techs., Inc.*, 3:10 Civ. 132-RCJ, 2012 WL 4960098

8    (D. Nev. Oct. 16, 2012) ........................................................................ 20

9    *Trauth v. Spearmint Rhino Companies Worldwide, Inc.*, EDCV 09-01316-VAP, 2012

10    WL 4755682 (C.D. Cal. Oct. 5, 2012) .................................................... 5

11    *Velazquez v. Intl. Marine and Indus. Applicators, LLC*, 16 Civ. 494-MMA (NLS), 2018

12    WL 828199 (S.D. Cal. Feb. 9, 2018) .................................................... 19

13    *Velez v. Majik Cleaning Service, Inc.*, 03 Civ. 8698(SAS)(KNF), 2007 WL 7232783

14    (S.D. N.Y. June 25, 2007) ...................................................................... 11

15    *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002) ........................................ 20

16 **Statutes**

17    29 U.S.C. § 202(a) .................................................................................. 4

18    29 U.S.C. § 215(b) .................................................................................. 5

19    29 U.S.C. § 216(b) .................................................................................. 1

20    29 U.S.C. § 255 ...................................................................................... 6

21 **Treatises**

22    NERA Economic Consulting, "Trends in Wage and Hour Settlements: 2015 Update" ................... 8

23

24

25

26

27

28

MOTION FOR FINAL APPROVAL                  GETMAN, SWEENEY & DUNN, PLLC
(3:13-cv-05136-RBL) - v                             260 FAIR STREET
                                                KINGSTON, NY 12401
                                                TELEPHONE: (845) 255-9320

1   The Named Plaintiffs respectfully request that the Court approve 1) the settlement, 2)

2   service payments, and 3) attorneys' fees and costs. After more than five years of extensive

3   discovery, numerous motions, four mediations, and trial preparation, the parties agreed to settle

4   this case for $16,750,000. Earlier this year, at the parties' request, the Court preliminarily

5   approved the settlement, and Plaintiffs were mailed the Court-authorized settlement Notice.

6   The Notice informed the 750 Plaintiffs of the settlement terms and gave them the opportunity

7   to object or opt-out. The response was overwhelmingly positive—no one opted out of the

8   settlement.

9   In considering a motion for final approval, courts evaluate FLSA settlements under the

10   Eleventh Circuit's *Lynn's Food Stores*[1] standard: (1) the FLSA settlement must involve the

11   resolution of a *bona fide* dispute over an FLSA provision, and (2) the settlement must be fair

12   and reasonable. Because the parties' settlement meets both criteria, the Court should approve

13   the settlement.

14   In addition, as part of the settlement, Plaintiffs request that the Court award the Named

15   Plaintiffs' and deponents' service payments. Service payments are regularly awarded in FLSA

16   settlements for the risks plaintiffs took and service they performed for their co-plaintiffs. The

17   service payments requested here are consistent with the amounts awarded by other courts in

18   wage and hour actions and they account for a small percentage of the settlement. Further, the

19   Notice informed Plaintiffs about the service payments and no one objected.

20   Plaintiffs' Counsel also requests an award of attorneys' fees and costs. Under the FLSA,

21   Plaintiffs are entitled to recover reasonable fees and costs. 29 U.S.C. § 216(b). Plaintiffs seek

22   counsel fees in the amount of one-third of the settlement after costs are deducted, or

23   $5,496,595, which is less than the lodestar calculation and less than the amount stated in the

24   Notice. The fee request is reasonable because courts regularly approve fees in wage and hour

---

25

26   [1] *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350 (11th Cir. 1982).

27

28   MOTION FOR FINAL APPROVAL                    GETMAN, SWEENEY & DUNN, PLLC
     (3:13-cv-05136-RBL) - 1                     260 FAIR STREET
                                                 KINGSTON, NY 12401
                                                 TELEPHONE: (845) 255-9370

cases that are one-third of the gross settlement. Approval of the fees is further supported because all Plaintiffs agreed to counsel's fees in their retainer agreements, consent to sue forms, and/or in the settlement agreement. Plaintiffs' Counsel also requests reimbursement of costs totaling $260,213.73—which includes $20,990 for the settlement administrator. Notably, no Plaintiff objected to the fees or costs.

Overall this is a fair and reasonable settlement on behalf of 750 Plaintiffs in litigation that has been hotly disputed over a period of years. Accordingly, the Court should approve the settlement and grant this motion.[2]

## FACTS

### I.   The Litigation

Plaintiffs briefly summarize the facts below—facts that were thoroughly laid out in the parties' joint motion for preliminary approval. Dkt. 535.

The first Named Plaintiff, Patricia Thomas, filed this case over five years ago. Declaration of Matt Dunn ("Dunn Dec.") ¶ 4. She asserted claims for unpaid overtime under the FLSA and Washington State law. *Id.* She brought the FLSA claim as a collective action on behalf of herself as well as all similarly-situated Territory Managers and Retail Store Representatives (TMs and RSRs). *Id.* This case grew from one person to a final tally of 750.[3] *Id.* at ¶ 3. As a result of the number of people, the complexity of the claims and defenses, and litigating against a fortune 500 company (currently ranked 216), discovery was extensive. *Id.* at ¶ 5. It encompassed discovery from Kellogg and every Plaintiff, including over 50 depositions that took place across the country. *Id.* The parties also engaged in substantial motion practice ranging from Plaintiffs' motion for FLSA conditional certification, motions to compel,

---

[2] While this is Plaintiffs' motion, it is submitted with input and edits from Kellogg.
[3] Exhibit 1 contains the updated list of the 750 Plaintiffs. The parties corrected the list to account for three Plaintiffs who are not a part of the case and three Plaintiffs who are part of the case. Dunn Dec. ¶ 3.

GETMAN, SWEENEY & DUNN, PLLC
260 FAIR STREET
KINGSTON, NY 12401
TELEPHONE: (845) 255-9370

summary judgment, and motions in limine. *Id.* at ¶ 6. Because this case settled days before trial, significant pretrial work occurred, including extensive expert and lay witness preparation and logistics coordination, such as scheduling Kellogg's witnesses' testimony in Plaintiffs' case, negotiating jury instructions, and various stipulations. *Id.* at ¶ 7. Further, throughout litigation, the parties attempted to resolve the case through four mediations, working with former U.S. Magistrate Judge Diane Welsh and Seattle-based mediator James A. Smith. *Id.* at ¶ 8.

**II.      Settlement Agreement and Notice**

To give Plaintiffs the opportunity to respond to the settlement, the parties asked the Court to approve preliminarily the settlement and authorize Notice, which the Court did. *Id.* at ¶ 9. Then, the settlement administrator mailed Plaintiffs the Court-authorized Notice. *Id.* at ¶ 10. Plaintiffs' Counsel also emailed Notices to some Plaintiffs. *Id.* The Notice provided the Plaintiff's estimated recovery and the amount for attorneys' fees and service payments, and it explained that these costs would all be deducted from the settlement amount. *Id.* at ¶ 11. Other than Plaintiffs who will receive a minimum payment, Plaintiffs will receive more money than the estimated amount stated in the Notices they received. *Id.* The Notice also informed Plaintiffs of their rights, including their right to object to, or opt-out of, the settlement and preserve their wage and hour rights. *Id.* at ¶ 12. The response to the Notice was positive. No Plaintiff opted out of the settlement. *Id.* at ¶ 13. Three Plaintiffs objected (but did not opt-out), and even they ultimately withdrew their objections after Counsel answered their questions and concerns. *Id.* at ¶¶ 14-15.

The settlement provides Plaintiffs with a fair recovery. After deductions for fees, costs and service payments, the average recovery is approximately $14,200. *Id.* at ¶ 16. Each Plaintiff's settlement allocation is based on his or her pay and weeks worked within the position during the statute of limitations. *Id.* The Morning Foods RSR settlement allocation is

MOTION FOR FINAL APPROVAL
(3:13-cv-05136-RBL) - 3

GETMAN, SWEENEY & DUNN, PLLC
260 FAIR STREET
KINGSTON, NY 12401
TELEPHONE: (845) 255-9370

calculated based on a 45-hour workweek until 2013 when Kellogg eliminated the position.[4] *Id.* The Snack TM position settlement allocation is based on a 55-hour workweek until August 2017.[5] *Id.* From the gross settlement Plaintiffs deducted service payments, attorneys' fees and costs, and settlement administration costs. *Id.* at ¶ 17. The remaining amount shall be distributed on a prorated basis, using each Plaintiff's total damages. *Id.* All Plaintiffs will receive a minimum payment of $500. *Id.*

If the Court approves of the settlement and there are no appeals, then the settlement administrator will mail settlement checks within 14 days after the settlement becoming effective. Plaintiffs then have nine months to cash their settlement checks. *Id.* at ¶ 19. After that, the settlement administrator will deposit any money remaining in the qualified settlement fund with the applicable state department of unclaimed funds. *Id.* Thus, even if a Plaintiff does not cash his or her settlement check, his or her payment does not revert to Kellogg. In return for the settlement payments, Plaintiffs will release their wage and hour claims, and those Plaintiffs who receive a service payment will provide Kellogg with a general release. *Id.* at ¶ 19.

## LEGAL STANDARD

Congress designed the FLSA to protect workers from "substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'" *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739 (1981) *quoting* 29 U.S.C. § 202(a). Thus, to protect workers, a FLSA claim typically cannot be waived or settled except in two circumstances. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706 (1945). These are where: (1) the Secretary of Labor supervises the back wage payments, and

---

[4] Although Kellogg brought back RSRs in 2014, generally they did not work more than 40 hours a week.
[5] In August 2017, Kellogg eliminated the TM position and its Snacks Division Direct-Store-Delivery ("DSD") model.

GETMAN, SWEENEY & DUNN, PLLC
260 FAIR STREET
KINGSTON, NY 12401
TELEPHONE: (845) 255-9370

1  (2) the court approves the proposed settlement between the employer and employee(s). 29

2  U.S.C. § 215(b); *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353-54 (11th Cir. 1982).[6]

3  ## I.   Final Approval of the FLSA Settlement

4        District Courts in this Circuit evaluate FLSA settlements under the Eleventh Circuit's

5  *Lynn's Food Stores* standard. *Lynn's Food Stores, Inc.*, 679 F.2d at 1350; *Grewe v. Cobalt*

6  *Mortg., Inc.*, C16-0577-JCC, 2016 WL 4014114, at *1 (W.D. Wash. July 27, 2016)*; Roberts v.*

7  *City of Chula Vista,* 16 Civ. 1955-MMA (DHB), 2017 WL 6541105, at *2 (S.D. Cal. Dec. 21,

8  2017). Under this standard, (1) an FLSA settlement must involve the resolution of a *bona fide*

9  dispute over an FLSA provision, and (2) the settlement must be fair and reasonable. *Grewe v.*

10  *Cobalt Mortg., Inc.*, 2016 WL 4014114, at *1 (W.D. Wash. July 27, 2016) (quoting *Lynn's*

11  *Food Stores*, 679 F.2d at 1350), *Goodwin v. Citywide Home Loans, Inc.*, 8:14 Civ. 00866-JLS-

12  JCG, Dkt. 66, p. 4 (C.D. Cal. Nov. 2, 2015). A court's involvement in a FLSA settlement "has

13  less to do with the due process rights of those to be bound by a settlement, and more to do with

14  the named plaintiffs' interest in vigorously pursuing the litigation and the district court's

15  interest in 'managing collective actions in an orderly fashion.'" *Trauth v. Spearmint Rhino*

16  *Companies Worldwide, Inc.*, 09 Civ. 01316-VAP, 2012 WL 4755682, at *5 (C.D. Cal. Oct. 5,

17  2012) (internal citations omitted); *accord Goodwin*, 8:14 Civ. 00866-JLS-JCG, p. 3;

18  *Campanelli v. Hershey Co.*, C 08–1862 BZ, 2011 WL 3583597, at *1 (N.D. Cal. May 4, 2011).

19  "'If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues . .

20  . that are actually in dispute,' the district court may 'approve the settlement in order to promote

21  the policy of encouraging settlement of litigation.'" *Otey v. CrowdFlower, Inc.*, 12 Civ. 05524-

22

23

24  _____

[6] The Fifth Circuit and some district courts have found that under certain circumstances, private

25  FLSA settlements can bind parties even without court or Department of Labor approval. *Martin*

    *v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012) *cert. denied,* 133 S. Ct.

26  795, 184 L. Ed. 2d 583 (U.S. 2012), (citations omitted).

27

28  MOTION FOR FINAL APPROVAL                     GETMAN, SWEENEY & DUNN, PLLC
    (3:13-cv-05136-RBL) - 5                        260 FAIR STREET
                                                    KINGSTON, NY 12401
                                                    TELEPHONE: (845) 255-9370

1 JST, 2016 WL 304747, at *3 (N.D. Cal. Jan. 26, 2016) (quoting *Lynn's Food Stores*, 679 F.2d
2 at 1354).

3     **A.   A *Bona Fide* Dispute Exists Between the Parties**

4         As described in the parties' preliminary approval motion, this litigation included many
5 *bona fide* disputes ranging from whether TMs and RSRs are due overtime wages at all, to the
6 correct measure of damages. For example, Kellogg denied that Plaintiffs were due any
7 overtime wages at all and maintained throughout the litigation that it properly classified TMs
8 and RSRs as exempt from the FLSA overtime requirements under the outside sales,
9 administrative, or combination exemptions. It also disputed Plaintiffs' position that their claims
10 were subject to a three—rather than a two—year statute of limitations. *See* 29 U.S.C. § 255
11 (providing for two-year statute of limitations unless employee can establish employer acted
12 willfully). Also unresolved was the method of calculating damages. If the Court applied a half-
13 time overtime premium, as Kellogg argued it should, then damages would decrease by
14 approximately 70%. Kellogg also raised a good faith defense to paying liquidated damages.
15 Moreover, RSRs and TMs had an affirmative burden to establish the overtime hours that they
16 worked for both the testifying and non-testifying class members. The parties actively litigated
17 these issues over the course of more than five years and until just days before the start of trial.
18 Dunn Dec. ¶ 21. There is no question that multiple *bona fide* disputes exist between the parties.

19     **B.   The Proposed Settlement Is Fair and Reasonable**

20         In determining whether a settlement is fair and reasonable, courts consider the
21 settlement negotiations between the parties, the settlement amount to be paid to the plaintiffs,
22 the individual settlement amounts to each person, the litigation risks, and the scope of the
23 release. *Ambrosino v. Home Depot U.S.A, Inc.*, 2014 WL 3924609, at *1 (S.D. Cal. Aug. 11,
24 2014); *Goudie v. Cable Commun., Inc.*, 08 Civ. 507-AC, 2009 WL 88336, at *1 (D. Or. Jan.
25 12, 2009). Consideration of these factors establishes this settlement is fair.

26     **1.   The Settlement Is the Result of Arm's-Length Negotiations**

27

28    MOTION FOR FINAL APPROVAL                                 GETMAN, SWEENEY & DUNN, PLLC
   (3:13-cv-05136-RBL) - 6                                          260 FAIR STREET
                                                                  KINGSTON, NY 12401
                                                                  TELEPHONE: (845) 255-9370

When a settlement is the result of arm's-length negotiations and with the assistance of a mediator, then there is a presumption that the settlement is "the product of serious, informed, non-collusive negotiations." *Nen Thio v. Genji, LLC*, 14 F. Supp. 3d 1324, 1334 (N.D. Cal. 2014). *See also Lewis v. Wells Fargo & Co.*, 08 Civ. 2670, Dkt. 315, p. 4 (N.D. Cal. April 29, 2011) ("The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive"); *Rodriguez v. W. Publg. Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) ("We put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution . . .") Here, the settlement resulted after years of litigation, extensive discovery and trial preparation, and four mediations with the assistance of two different experienced mediators, including James A. Smith. The parties were also represented by experienced wage-and-hour attorneys who have negotiated many settlements on behalf of employers and workers. Dunn Dec. ¶¶ 31-34. Thus, both sides were in a strong position to assess their risks and liabilities. Accordingly, there is a presumption that the settlement is fair and reasonable. *Lewis*, 08 Civ. 2670, Dkt. 315, p. 4 (N.D. Cal. April 29, 2011).

### 2. Plaintiffs' Litigation Risks Are Significant

FLSA settlements are fair and reasonable when plaintiffs' counsel considers the various risks and uses the employees' individual wage and hour data. *Ambrosino*, 2014 WL 3924609, at *2 (S.D. Cal. Aug. 11, 2014); *Hand v. Dionex Corp.*, 06 Civ. 1318-PHX-JAT, 2007 WL 3383601, at *1 (D. Ariz. Nov. 13, 2007) (settlement fair because "the distribution directly relates to each Plaintiff's length of employment with Defendant."). Here, each Plaintiff's recovery is based on his or her position, length of employment in the position within the statute of limitations, wages received from Kellogg, and hours worked. There were many risks in this case, including whether Plaintiffs could prove Kellogg willfully violated the FLSA, prove the number of hours Plaintiffs worked, and prove the merits of their case.[7] Further, as described

---

[7] Indeed, one court determined that a TM was an outside sales-exempt employee. *McCartt v. Kellogg USA, Inc.*, 139 F. Supp. 3d 843 (E.D. Ky. 2015).

MOTION FOR FINAL APPROVAL
(3:13-cv-05136-RBL) - 7

GETMAN, SWEENEY & DUNN, PLLC
260 FAIR STREET
KINGSTON, NY 12401
TELEPHONE: (845) 255-9370

above, this case involved many *bona fide* disputes, any one of which could have substantially reduced the Plaintiffs' recovery. The settlement reflects these litigation risks. *Lewis,* 08 Civ. 2670, Dkt. 315, p. 4. (N.D. Cal. April 29, 2011)

### 3. Plaintiffs' Recovery Is Fair and Reasonable

Generally, "unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004). All Plaintiffs received notice of their estimated settlement amount. Other than the Plaintiffs who will receive a minimum payment, all other Plaintiffs will receive more than the estimate provided in their Notice.[8] Dunn Dec. ¶ 11. Out of 750 Plaintiffs, only three objected. But they withdrew their objections after Counsel answered their questions and concerns. Dunn Dec. ¶¶ 13-15. The overall lack of objections confirms that Plaintiffs overwhelmingly approve of the settlement. *Cilluffo v. Central Refrigerated Services, Inc.* 12 Civ. 00886-VAP-OPx, Dkt. 298, pp. 14-16 (C.D. Cal. April 3, 2018) (lack of objections favors approval of the settlement).

The gross recovery is also in line with the risks Plaintiffs faced in proving their case. *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir.1998) (holding that settlement should be reflection of total value of claims discounted by risks and costs of litigation). Accounting for the litigation risks, courts within this Circuit regularly approve settlements that are less than 15% of the total damages. *See, Deaver v. Compass Bank,* 13 Civ. 00222-JSC, 2015 WL 8526982, at *7 (N.D. Cal. Dec. 11, 2015) (given risks, recovery equal to 10.7% of total potential liability exposure reasonable); *Ma v. Covidien Holding, Inc.*, 12 Civ. 02161-

---

[8] Here, after deductions, the average recovery is approximately $14,200, which exceeds the average per-plaintiff wage-and-hour action recovery. See NERA Economic Consulting, "Trends in Wage and Hour Settlements: 2015 Update" (average recovery of $1,097 per Plaintiff between 2007 and 2015). Available at http://www.nera.com/publications/archive/2015/trends-in-wage-and-hour-settlements-2015-update.html. Before service payments, the range of recovery extends from a minimum payment of $500 to over $54,000.

MOTION FOR FINAL APPROVAL
(3:13-cv-05136-RBL) - 8

GETMAN, SWEENEY & DUNN, PLLC
260 FAIR STREET
KINGSTON, NY 12401
TELEPHONE: (845) 255-9370

DOC (RNBx), 2014 WL 360196, at *5 (C.D. Cal. 2014) (9.1% of total value of action "within the range of reasonableness"); *Stovall-Gusman v. W.W. Granger, Inc.*, 13 Civ. 02540-HSG, 2015 WL 3776765, at *4 (N.D. Cal. June 17, 2015) (concluding that settlement providing 10% of potential recovery "within the range of reasonableness in light of the risks and costs of litigation"); *Balderas v. Massage Envy Franchising, LLC*, 12 Civ. 06327 NC, 2014 U.S. Dist. LEXIS 88866, at *16, 2014 WL 3610945 (N.D. Cal. July 21, 2014) (granting preliminary approval of net settlement amount representing 5% of projected maximum recovery). Here, on average, Plaintiffs' counsel calculates that Plaintiffs will recover almost 15% of the maximum damages they could have received.[9] This is reasonable given all of the various case litigation risks. Thus, this percentage is well within the range that courts approve.

Not only does the settlement recover a significant amount for each Plaintiff, it also provides them with a recovery without having to go through a long trial and appeal process and bear the risk of being unsuccessful. Accordingly, the settlement amount is fair and reasonable.

### 4.  The Settlement's Release Provision Is Proper

Courts also review the scope of the release in evaluating whether the settlement is reasonable. If the release tracks the breadth of the allegations in the action then courts find that the release is proper. *Goodwin v. Citywide Home Loans, Inc.*, 8:14 Civ. 00866-JLS-JCG, Dkt. 66, p. 6 (C.D. Cal. Nov. 2, 2015); *Ambrosino*, 2014 WL 3924609, at *2 (S.D. Cal. Aug. 11, 2014) (finding that revised release "appropriately track[ed] the breadth of Plaintiffs' allegations"). Here, the release is tailored to wage and hour claims, and the claims that were raised or could have been raised in the case. Other than the Plaintiffs who receive an incentive award, Plaintiffs will release only claims that were raised, or could have been raised, in the

---

[9] For example, if Plaintiffs lost on willfulness, and liquidated damages, and overtime premium issues, but prevailed on hours and defeated the exemptions, Plaintiffs' counsel calculates that 146 Plaintiffs would have recovered nothing. And the total recovery would have less than the amount to be distributed to Plaintiffs under the settlement. Dunn Dec. ¶ 22.

MOTION FOR FINAL APPROVAL
(3:13-cv-05136-RBL) - 9

GETMAN, SWEENEY & DUNN, PLLC
260 FAIR STREET
KINGSTON, NY 12401
TELEPHONE: (845) 255-9370

1    case. Dunn Dec. ¶ 18. The release extends only until the date that the settlement agreement is

2    finally approved. Thus, the release confirms that the settlement is fair and reasonable.

3            The Court should therefore approve the settlement because it is the result of a *bona fide*

4    dispute over an FLSA provision and the settlement is fair and reasonable.

5    **II.    The Service Awards to the Named Plaintiffs Are Fair and Reasonable**

6            The settlement provides for service payments of $20,000 each to the Named Plaintiffs

7    and $5,000 each to the deponents, who participated in the prosecution of the claims and the

8    negotiation of settlement. Dunn Dec. ¶ 23. "[Service] awards are fairly typical in class action

9    cases [and] are intended to compensate class representatives for work done on behalf of the

10   class, to make up for financial or reputational risk undertaken in bringing the action, and,

11   sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. W.*

12   *Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009); *Espenscheid v. DirectSat USA, LLC*, 688

13   F.3d 872 (7th Cir. 2012) (noting service payments are appropriate in FLSA collective actions

14   for same reasons they are approved in Rule 23 class actions).

15           Factors the court should consider when assessing whether individual service payments

16   are reasonable include: (1) the actions the plaintiff has taken to protect the interests of the class;

17   (2) the degree to which the class has benefitted from those actions; (3) the amount of time and

18   effort the plaintiff expended in pursuing the litigation; and (4) and reasonable fears of

19   workplace retaliation. *Gatdula v. CRST Int'l, Inc.*, 11 Civ. 1285 VAP (OPx), 2015 WL

20   12697656, at *10 (C.D. Cal. Aug. 26, 2015). Courts may also consider several other factors and

21   they include: the risk to the class representative in commencing suit, both financial and

22   otherwise; the notoriety and personal difficulties encountered by the class representative; the

23   amount of time and effort spent by the class representative; the duration of the litigation; and

24   the personal benefit (or lack thereof) enjoyed by the class representative as a result of the

25   litigation. *Id.*

26

27

28   MOTION FOR FINAL APPROVAL                    GETMAN, SWEENEY & DUNN, PLLC
     (3:13-cv-05136-RBL) - 10                     260 FAIR STREET
                                                  KINGSTON, NY 12401
                                                  TELEPHONE: (845) 255-9370

All of those factors favor the service payments. Named Plaintiff Thomas took immediate action to protect the class by filing this case as a FLSA collective action. Then other Named Plaintiffs provided testimony to support FLSA conditional certification. Both the Named Plaintiffs and deponents served as discovery representatives because they sat for depositions. All were prepared to testify at trial either in person or via video.[10] Further, the Named Plaintiffs represented the other 739 Plaintiffs during the four mediations, reviewed and approved the settlement agreement, and authorized Plaintiffs' Counsel to settle the case. After weighing Counsel's advice, the Named Plaintiffs ensured that the remaining 739 Plaintiffs received a significant value in the face of significant risks. Both the Named Plaintiffs and deponents spent a considerable amount of time educating Plaintiffs' counsel about the case, providing declarations, producing discovery, preparing for trial, and attending depositions. They also sacrificed time with their families and time to tend to their personal issues, including medical conditions. The Named and testifying Plaintiffs also bore the potential additional risk of industry repercussions by publicly bringing claims against a major industry player.[11] Dunn Dec. ¶ 24. *Stuart v. Radioshack Corp.*, 07 Civ. 4499 EMC, 2010 WL 3155645, at \*7 (N.D. Cal. Aug. 9, 2010) (named plaintiffs bear "the risk to the class representative in commencing suit, both financial and otherwise [and] the notoriety and personal difficulties encountered by the class representative."); *see also Velez v. Majik Cleaning Service, Inc.*, 03 Civ. 8698(SAS)(KNF), 2007 WL 7232783, \*7 (S.D. N.Y. June 25, 2007) (in employment cases, a named plaintiff takes a significant risk to her reputation in the industry). Indeed, many plaintiffs were concerned about potential retaliation.

There are several other reasons for granting these requests. First, no plaintiff has

---

[10] Some deponents had family or personal issues, such as health, that prevented them from traveling to Tacoma. See, Perteete Dec. ¶ 7.
[11] See declarations of the Named Plaintiff Robert Gibson, Bruce Johnson, Patricia Thomas, Laura Wisby, and Judy Brashear and deponent declarations of Aleta Stock, Gregory Oyster, Kelly Moore (Kivett), Thomas Perteete, and Michael Walz.

MOTION FOR FINAL APPROVAL
(3:13-cv-05136-RBL) - 11

GETMAN, SWEENEY & DUNN, PLLC
260 FAIR STREET
KINGSTON, NY 12401
TELEPHONE: (845) 255-9370

expressed any objection to the service payments. Dunn Dec. ¶ 25. The Notices sent to each Plaintiff specifically informed Plaintiffs of the service payment amounts that Plaintiffs would ask the Court to approve, yet no one has expressed any objection to those awards or argued that they should be reduced. Dunn Dec. ¶¶ 11 and 25. Since the Plaintiffs themselves are in the best position to evaluate the risks taken by their colleagues who came forward to make this settlement possible, as well as the degree to which they have benefitted from their colleagues' actions, the absence of any objection on the issue should weigh heavily in favor of granting the requested awards.

Second, numerous plaintiffs have signed declarations affirmatively endorsing the service awards, noting that they would not or could not have taken the time to sit for depositions.[12] Dunn Dec. ¶ 26. Because perceived risks to those who publicly step forward to sue their employer cause many meritorious suits never to be brought, it is important to the FLSA's remedial purposes that individuals who do assume such risks are rewarded. Plaintiffs' Counsel regularly hears from individuals who learn of their rights, but ultimately do not step forward to assert them due to the fear of long-term consequences associated with publicly suing one's employer. For individuals to step forward, to sit for depositions, and to challenge corporate practices takes immense courage.

Third, the service awards are reasonable compared to the individual and gross recovery. The awards are not disproportionate to the average recovery for plaintiffs as they range from approximately to 0.35 to 1.41 times the average payment of $14,200. *Nitsch v. DreamWorks Animation SKG Inc.*, 14 Civ. 04062-LHK, 2017 WL 2423161, at *15 (N.D. Cal. June 5, 2017) (finding service awards 7.3 times the average recovery to be "not unreasonable"); *Syed v. M-I, LLC*, 1:12 Civ. 01718, 2017 WL 3190341 (approving $20,000 service award when average payment to FLSA class members was $3,648). Moreover, the service awards to the Named

---

[12] Declarations of David Updyke, Susan Mayhugh, Deborah Ternet, Eddy Miller, and Loren Gerwick.

MOTION FOR FINAL APPROVAL
(3:13-cv-05136-RBL) - 12

GETMAN, SWEENEY & DUNN, PLLC
260 FAIR STREET
KINGSTON, NY 12401
TELEPHONE: (845) 255-9370

Plaintiffs amount to 1.31% of the total settlement fund and the deposition awards amount to 0.8%. All service awards, taken together, amount to 2.1% of the gross settlement. This percentage is lower than amounts approved by other courts. *See e.g., Cilluffo*, 12 Civ. 00886-VAP-OPx, Dkt. 298, pp. 19-22 (C.D. Cal. April 3, 2018) (approving service awards equal to 2.7% of the total settlement fund).

Fourth, the service payments sought here are lower than other awards approved by other federal judges in this Circuit. *See, e.g., Graham v. Overland Solutions, Inc.*, 10 Civ. 0672 BEN, 2012 WL 4009547, at *8 (S.D. Cal. Sept. 12, 2012) (awarding $25,000 to each named plaintiff); *Lewis*, 08 Civ. 2670, Dkt. 315, p. 4 (N.D. Cal. April 29, 2011) (approving service payments in the amount of $22,000 and $20,000); *Stevens v. Safeway, Inc*., 2:05 Civ. 01988-MMM-SH, Dkt. 338, p. 20 (C.D. Cal. Feb. 25, 2008) (approving service payments of $20,000 and $10,000 in an FLSA collective action settlement); *Glass v. UBS Fin. Services, Inc.*, 06 Civ. 4068 MMC, 2007 WL 221862, at *17 (N.D. Cal. Jan. 26, 2007) *aff'd*, 331 Fed. Appx. 452 (9th Cir. 2009 (unpublished)) (approving enhancement awards of $25,000 each for four named plaintiffs in a Rule 23 wage and hour settlement); *Garner v. State Farm Mut. Auto. Ins. Co.*, 08 Civ. 1365 CW (EMC), 2010 WL 1687832, at *17 n.8 (N.D. Cal. Apr. 22, 2010) ("Numerous courts in the Ninth Circuit and elsewhere have approved incentive awards of $20,000 or more") (collecting cases); *Satchell v. Fed. Express Corp.*, C-03-2659 SI, C-03-28 SI, 2007 WL 1114010, at *5-6 (N.D. Cal. Apr. 13, 2007) (preliminarily approving awards of up to $30,000 each to class representatives and up to $5,000 each to 18 class members who signed declarations and were deposed).

Fifth, in return for the service payments, Kellogg will receive a general release of claims. Dunn Dec. ¶ 18. Courts consider the release service award plaintiffs give in comparison to the rest of the class. *Ruiz v. JCP Logistics, Inc.*, 13 Civ. 1908JLSANX, 2016 WL 6156212, at *11 (C.D. Cal. Aug. 12, 2016) (recognizing that general release plaintiffs provided for service award). A broader release of claims favors approval of the service award request. *Id.*

MOTION FOR FINAL APPROVAL
(3:13-cv-05136-RBL) - 13

GETMAN, SWEENEY & DUNN, PLLC
260 FAIR STREET
KINGSTON, NY 12401
TELEPHONE: (845) 255-9370

1   Here, the Plaintiffs who will receive a service payment will provide Kellogg with a general

2   release, and this is broader than the release provided by other Plaintiffs.

3           Accordingly, the Court should grant final approval of Plaintiffs' service award requests,

4   ordering a total of $355,000 to be deducted from the Gross Settlement Amount and awarded as

5   stated in the proposed final judgement.

6   **III.     The Court Should Approve the Agreed Upon Attorneys' Fees as Reasonable**

7           Because the FLSA is a remedial statute designed to protect workers and guarantee that

8   minimum labor standards are applicable across the economy, fair compensation for attorneys

9   who take on such litigation furthers the FLSA's purpose. *See A.H. Phillips v. Walling,* 324 U.S.

10  490, 493 (1945) (recognizing the FLSA's objective of ensuring that every employee receives "a

11  fair day's pay for a fair day's work"). Courts have recognized that fee awards in cases like this

12  serve the dual purposes of encouraging "private attorneys general" to seek redress for

13  violations and discourage future misconduct of a similar nature. *See Deposit Guar. Nat. Bank,*

14  *Jackson, Miss. v. Roper,* 445 U.S. 326, 338-39 (1980).

15          Section 216(b) of the FLSA provides that where an employee prevails in an action,

16  attorneys' fees under the FLSA are mandatory. *Alyeska Pipeline v. Wilderness Society*, 421

17  U.S. 240, 261, fn. 34 (1975); *Yue Zhou v. Wang's Restaurant*, 05 Civ. 0279 PVT, 2007 WL

18  2298046, 1 (N.D. Cal. Aug. 8, 2007) ("Because a court supervised settlement of FLSA

19  overtime claims is ultimately reduced to a judgment, under the FLSA an award of reasonable

20  fees is mandatory."). The Court has discretion to approve fees as a percentage of a settlement

21  fund, so long as the award is reasonable. *Castro v. Swift Transportation Co.,* 2:16 Civ. 03232-

22  AB-E (C.D. Cal. April 17, 2017) (awarding fees based on a percentage of the settlement);

23  *Campbell v. C.R. Eng., Inc.,* 2:13 Civ. 00262, 2015 WL 5773709, at *6 (D. Utah Sept. 30,

24  2015) (applying percentage of the fund method for FLSA collective action); *Elliott v. Rolling*

25  *Frito-Lay Sales, LP*, 11 Civ. 01730 DOC, 2014 WL 2761316, at *9 (C.D. Cal. June 12, 2014)

26

27

28  MOTION FOR FINAL APPROVAL                           GETMAN, SWEENEY & DUNN, PLLC
    (3:13-cv-05136-RBL) - 14                            260 FAIR STREET
                                                        KINGSTON, NY 12401
                                                        TELEPHONE: (845) 255-9370

(same). Attorneys' fees of one-third of the settlement, after costs are deducted, are reasonable. The fees requested are less than the amount listed in the Court-approved Notice.

### A.    All Plaintiffs Agreed to Counsel's Fees

Attorneys' fees equal to one-third of the gross settlement, after costs, are reasonable because all the Plaintiffs agreed to pay them. Each Named Plaintiff specifically agreed in their individually-negotiated retainers that Plaintiffs' Counsel would recover up to one-third of the gross settlement, or counsel's hourly rate, whichever was greater. Dunn Dec. ¶ 28. Similarly, the Consent to Sue forms, which the Court approved, and the forms that each opt-in Plaintiff signed and submitted to the Court state "I understand that the fees retained by the attorneys will be either the amount received from the defendant or 1/3 of my gross settlement or judgment amount, whichever is greater." *Id.* Named Plaintiffs all signed the settlement agreement, which provided for attorneys' fees in the amount of one-third of the gross settlement. *Id.* The Court-authorized Notice also explained the allocation of the settlement fund including the amount of fees. *Id.* No Plaintiff objected to the fees. Dunn Dec. ¶¶ 13-15. In accordance with the numerous agreed-upon provisions, the award Plaintiffs' Counsel seeks is less than the lodestar ($5,994,165) and less than the one-third of the gross settlement (32.82%). Thus the requested fees are appropriate. *Belton v. Alamo Claim Service,* 1:12 Civ. 01306-JES-BGC, Dkt. 122, p. 15 (C.D. Ill. Dec. 18, 2013) (Plaintiffs' Counsel entitled to the fees and costs sought under the terms of the retainer, consent to sue forms, and settlement agreement); *Banales v. Autoclaims Direct, Inc.*, 3:11 Civ. 02914, Dkt. 63, p. 5 (S.D. Cal. Dec. 20, 2012) ("each Plaintiff was involved in the settlement process, and each has reviewed and agreed to the settlement terms.")

### B.    Fees of One-Third of the Settlement Fund Method Are Reasonable

Courts regularly find that one-third of a FLSA settlement fund is a reasonable fee recovery. *See Syed v. M-I, L.L.C.*, 1:12 Civ. 01718, 2017 WL 3190341, at *8 (E.D. Cal. July 27, 2017) (awarding fees in the amount of 1/3 of FLSA and class settlement); *Castro v. Swift Transportation Co.,* 2:16 Civ. 03232-AB-E (C.D. Cal. April 17, 2017) (awarding fees in the

MOTION FOR FINAL APPROVAL
(3:13-cv-05136-RBL) - 15

GETMAN, SWEENEY & DUNN, PLLC
260 FAIR STREET
KINGSTON, NY 12401
TELEPHONE: (845) 255-9370

amount of 1/3 of FLSA settlement); *Peck v. Encana Oil & Gas, Inc.*, 15 Civ. 01800-CMA-KHR, 2018 WL 1010944, at *3 (D. Colo. Feb. 22, 2018) (approving fees and costs that amount to 37.5% of the gross settlement); *Ambrosino*, 2014 WL 3924609, at *2 (S.D. Cal. 2014) (awarding fees of 33.3% in an FLSA settlement). Although the Ninth Circuit recognizes a loose benchmark of 25% of a fund as attorneys' fees for Rule 23 class actions where the settlement involves passive plaintiffs, *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 949 (9th Cir. 2015), "in most common fund cases, the award exceeds that benchmark." *Knight v. Red Door Salons, Inc.*, 08 Civ. 01520 SC, 2009 WL 248367, *3 (N.D. Cal. Feb. 2, 2009). Moreover, FLSA collective action settlements are different from Rule 23 classes in that each Plaintiff has joined the action and there are no passive plaintiffs. *Ambrosino v. Home Depot U.S.A., Inc.*, 2014 WL 3924609, at *2 (S.D. Cal. 2014) (finding 33.3% attorneys' fees reasonable in an FLSA settlement where "each plaintiff has approved this amount"). Consistent with fee awards in other FLSA cases, and because all 750 Plaintiffs agreed, Counsel's one-third contingency, after costs are deducted, is reasonable.

Courts in this Circuit consider several factors to determine if a percentage fee award is reasonable, including:

(1) the result obtained; (2) counsel's efforts, experience, and skill; (3) the complexity of the issues; (4) the risks of non-payment assumed by counsel; (5) the reaction of the class; (6) non-monetary benefits, such as clarification of certain points of law; and (6) comparison with the lodestar.

*Khanna v. Intercon Sec. Sys., Inc.,* 2:09 Civ. 2214 KJM EFB, 2014 WL 1379861, at *12 (E.D. Cal. Apr. 8, 2014) order corrected, 2:09 Civ. 2214 KJM EFB, 2015 WL 925707 (E.D. Cal. Mar. 3, 2015). All of the factors favor the attorney fee request.

Plaintiffs' Counsel achieved a fair and reasonable result for the 750 Plaintiffs. This recovery is substantial, especially in the face of all of the risks Plaintiffs' faced in trying this case to verdict.

MOTION FOR FINAL APPROVAL
(3:13-cv-05136-RBL) - 16

GETMAN, SWEENEY & DUNN, PLLC
260 FAIR STREET
KINGSTON, NY 12401
TELEPHONE: (845) 255-9370

1    Courts throughout the country have recognized Plaintiffs' Counsel's skill and

2    experience in FLSA litigation. Dunn Dec. ¶ 34; See, e.g., *Cilluffo,* 12 Civ. 00886-VAP-OPx,

3    Dkt. 298, pp. 18-19 (C.D. Cal. April 3, 2018) ("The Court remains impressed by the result

4    achieved in this case and the time and resources invested by Plaintiff's counsel."); *Herrington*

5    *v. Waterstone Mortgage Corp.*, 3:11 Civ. 00779, Dkt. 157, p. 5 (W.D. Wisc. Feb. 12, 2018)

6    ("After many years of arbitration, plaintiffs' counsel obtained excellent results for the class.");

7    *Herrington v. Waterstone Mortgage Corp.*, AAA No. 01 14 0000 4860, p. 5 (July 5, 2017)

8    (former Second Circuit Judge stating "Throughout, [Getman, Sweeney & Dunn[13] has]

9    performed ably, efficiently, and ethically, displaying admirable expertise, professionalism, and

10   diligence in representing their many clients."); *Bredbenner v. Liberty Travel, Inc.*, 09 Civ. 1248

11   MF, 2011 WL 1344745, at *20 (D.N.J. Apr. 8, 2011) ("Based on the Court's experience in

12   supervising this litigation, [GSD] has demonstrated the utmost skill and professionalism in

13   effectively managing these consolidated actions and bringing them to a successful

14   conclusion."). Counsel expended significant efforts litigating this case on behalf of 750

15   Plaintiffs. It was only through these efforts that Counsel was able to achieve this favorable

16   settlement.

17   This case involved complex factual and legal questions involving FLSA issues and

18   complex procedural issues regarding collective litigation. *Barrentine v. Arkansas-Best Freight*

19   *Sys., Inc.,* 450 U.S. 728, 743 (1981) ("FLSA claims typically involve complex mixed questions

20   of fact and law"). Kellogg raised 27 affirmative defenses, including complex issues of fact and

21   law. Dunn Dec. ¶ 29. The motions for FLSA certification and decertification, summary

22   judgment, and the pretrial motions also raised complex legal issues. *See*, Kellogg

23   decertification motion, Dkt. 392, p. 7 ("Accordingly, whether Kellogg properly classified a

24   particular Plaintiff, much less an entire class, is a complex endeavor requiring the application of

25

26   ───────────────
     [13] Getman, Sweeney & Dunn is also referred to as "GSD."

27

28   MOTION FOR FINAL APPROVAL                          GETMAN, SWEENEY & DUNN, PLLC
     (3:13-cv-05136-RBL) - 17                           260 FAIR STREET
                                                        KINGSTON, NY 12401
                                                        TELEPHONE: (845) 255-9370

1  plaintiff-specific facts to multiple elements across exemptions."). The case also involved

2  complex issues regarding the discovery and analysis of electronically-stored information for the

3  purpose of determining the hours Plaintiffs worked and the duties they performed. Dunn Dec. ¶

4  29. Given the complexity and number of legal and factual questions in the case, this factor

5  strongly supports approving the one-third contingency fee agreement.

6          The fees sought are reasonable because Plaintiffs' Counsel took substantial risk in

7  taking on the representation. During the litigation, Plaintiffs' Counsel did not receive any fees

8  and undertook the financial risk of unsuccessful litigation. Dunn Dec. ¶ 30. Under the terms of

9  the agreement, if Plaintiffs had been unsuccessful, Plaintiffs' Counsel would not have

10 recovered any fees or costs. *Id.* As the *McCartt* decision highlighted, there was a significant

11 risk that the jury could have found that Plaintiffs were exempt and thus handed victory to

12 Kellogg. Counsel stood to gain nothing in the event the case was unsuccessful and would have

13 lost the firm's investment in the case, overhead, and salaries required to pay attorneys and

14 paralegals with excellent credentials and experience. *Id.* Any loss in compensation is even more

15 significant because Getman, Sweeney & Dunn is a small firm, consisting of only seven

16 attorneys. Dunn Dec. ¶ 35; *Boyd v. Bank of Am. Corp.*, 13 Civ. 0561-DOC, 2014 WL 6473804,

17 at *10 (C.D. Cal. Nov. 18, 2014) ("Firms of this size face even greater risks in litigating large

18 class actions with no guarantee of payment.").

19         The requested fees are reasonable based on Plaintiffs' reaction. In addition to agreeing

20 to the fees in retainers, the settlement agreement, and consent to sue forms, no Plaintiff

21 objected in response to the Notice. This unanimous positive reaction from all 750 Plaintiffs

22 favors approval. *Norris v. Mazzola*, 15 Civ. 04962-JSC, 2017 WL 6493091, at *13 (N.D. Cal.

23 Dec. 19, 2017) (approving fee award in the amount of 44% of fund in part due to the lack of

24 objections from the class); *Ambrosino*, 2014 WL 3924609, at *2 (S.D. Cal. Aug. 11, 2014);

25 *Banales,* 3:11 Civ. 02914, Dkt. 63, p. 5 (Dec. 20, 2012) ("the Court notes that each Plaintiff

26

27

28

GETMAN, SWEENEY & DUNN, PLLC
260 FAIR STREET
KINGSTON, NY 12401
TELEPHONE: (845) 255-9370

1   was involved in the settlement process, and each has reviewed and agreed to the settlement

2   terms.").

3           Plaintiffs' Counsel's lodestar establishes that fees of one-third of the gross settlement

4   are reasonable. The lodestar is the reasonable hourly rate for the work performed multiplied by

5   the number of hours reasonably expended on the litigation. *Costa v. Commissioner of Social*

6   *Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012). The lodestar in this case is $5,994,165. It is

7   calculated based on Counsel's hourly rates ranging from $120 for clerical work to $880 for Dan

8   Getman, an attorney with 33 years of experience. Dunn Dec. ¶¶ 48 and 66. Such rates have

9   been approved as reasonable in this Circuit in wage-and-hour cases. *Velazquez v. Intl. Marine*

10  *and Indus. Applicators, LLC*, 16 Civ. 494-MMA (NLS), 2018 WL 828199, at *9 (S.D. Cal.

11  Feb. 9, 2018) (approval of fee request as part of lodestar cross-check and noting hourly rate of

12  up to $800); *Cilluffo*, 12 Civ. 00886-VAP-OPx, Dkt. 298, pp. 18-19 (C.D. Cal. April 3, 2018)

13  (confirm that GSD's lodestar cross-check confirmed GSD's fee request as reasonable);

14  *Ridgeway v. Wal-Mart Stores Inc.*, 269 F. Supp. 3d 975, 984 (N.D. Cal. 2017) (approving

15  hourly rate ranging from $300 for attorney admitted in 2016 to $900 for attorney admitted in

16  1971); *Bickley v. CenturyLink, Inc.,* 15 Civ. 1014-JGB (ASX), 2016 WL 9046911, at *5 (C.D.

17  Cal. Nov. 29, 2016) (approving attorney rates ranging from $650 to $750 per hour in 2016

18  misclassification/overtime case as "reasonable and in line with the prevailing rate in this

19  District."). Moreover, Plaintiffs' Counsel's billing rates are regularly approved by federal

20  district courts throughout the country. *See Herrington v. Waterstone Mortgage Corp.*, 3:11 Civ.

21  00779, Dkt. 157, p. 5 (W.D. Wisc. Feb. 12, 2018).

22          The amount of work Counsel expended litigating these claims is reasonable too. To date

23  Plaintiffs' Counsel spent more than 5,600 attorney hours and over 9,100 paralegal, clerical, and

24  data scientist hours bringing the action to a successful conclusion, and additional work will be

25  required to carry out the settlement process. Dunn Dec. ¶ 66. As discussed above, this matter

26  involved many complex factual and legal issues under both state and federal laws, litigation of

27

28  MOTION FOR FINAL APPROVAL                          GETMAN, SWEENEY & DUNN, PLLC
    (3:13-cv-05136-RBL) - 19                           260 FAIR STREET
                                                        KINGSTON, NY 12401
                                                        TELEPHONE: (845) 255-9370

a federal court FLSA collective action, and sophisticated settlement negotiations. All of Counsel's work was reasonably expended in bringing this case to a successful conclusion. *Costa v. Commissioner of Social Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (courts should defer to the "winning lawyer's professional judgment as to how much time he was required to spend on the case.") *citing Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008); *See Gooding v. Vita-Mix Corp.*, 2:16 Civ. 03898ODWJEMX, 2018 WL 571881, at *7 (C.D. Cal. Jan. 25, 2018) ("[T]he Court cannot find that [the number of hours expended] are unreasonable, especially when being used as a cross-check for the percentage method of fee calculation."); *Herrington v. Waterstone Mortgage Corp.*, 3:11 Civ. 00779, Dkt. 157, p. 5 (W.D. Wisc. Feb. 12, 2018) (awarding GSD all of their time); *Herrington v. Waterstone Mortgage Corp.*, AAA No. 01 14 0000 4860 (July 5, 2017) (refusing to reduce GSD's hours).

The lack of a lodestar multiplier also confirms that the fees are reasonable. Fees of one-third of the settlement fund, $5,496,595, represent approximately 92% of Plaintiffs' Counsel's lodestar of $5,994,165. Fees requests are reasonable when the percent of the fund sought is less than the lodestar. *Moreyra v. Fresenius Med. Care Holdings, Inc.*, 10 Civ. 517JVSRZX, 2013 WL 12248139, *4 (C.D. Cal. Aug. 7, 2013) (confirming reasonableness of fee request in part because lodestar exceeded percent requested); *Szymborski v. Ormat Techs., Inc.*, 3:10 Civ. 132-RCJ, 2012 WL 4960098, *4 (D. Nev. Oct. 16, 2012) (same). Further, courts regularly approve lodestar multipliers to reflect the risks in contingency cases. Such an enhancement "mirrors the established practice in the private legal market of rewarding attorneys for taking the risk of nonpayment by paying them a premium over their normal hourly rates for winning contingency cases." *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 (9th Cir. 2002). For these reasons, courts routinely enhance lodestar amounts based on multipliers ranging from 2 to 4 or even higher. *See Id.* (approving multiplier of 3.65); *Cilluffo*, 12 Civ. 00886-VAP-OPx, Dkt. 298, pp. 18 (C.D. Cal. April 3, 2018) (awarding GSD lodestar multiplier of 1.5—which was on the low end of the range found acceptable).

MOTION FOR FINAL APPROVAL
(3:13-cv-05136-RBL) - 20

GETMAN, SWEENEY & DUNN, PLLC
260 FAIR STREET
KINGSTON, NY 12401
TELEPHONE: (845) 255-9370

1   Finally, the lack of any objections to date lends further support to Counsel's fee request.

2   *In re Omnivision Technologies, Inc.,* 559 F. Supp. 2d 1036, 1048 (N.D. Cal. 2008).

3   Accordingly, the Court should approve the agreed-upon fees of one-third the settlement

4   fund after deductions for expenses, $5,496,595, as reasonable.

5   **IV.    EXPENSES**

6   The Settlement's provision for reimbursement of costs is appropriate. The FLSA

7   permits attorneys to recover costs. 29 U.S.C. § 216(b). To be reimbursable, requested costs

8   must be relevant to the litigation and reasonable in amount. *In re Media Vision Tech Sec.*

9   *Litigs.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1996) (citing *Mills v. Electric Auto-Lite Co*., 396

10  U.S. 375, 391-92 (1970)); *cf. In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177-

11  78 (S.D. Cal. 2007) (holding that costs such as filing fees, photocopy costs, travel expenses,

12  postage, telephone and fax costs, computerized legal research fees, and mediation expenses are

13  relevant and necessary expenses in class action litigation); *Gooding,* 2018 WL 571881, at *8

14  (C.D. Cal. Jan. 25, 2018) (reimbursing costs for copying, travel expenses, filing and messenger

15  fees, and research).

16  Plaintiffs' Counsel has incurred $239,223.73 in expenses. Dunn Dec.¶ 68. These

17  expenses include filing fees, service of the complaint, copies, deposition transcripts, travel,

18  postage, the mock trial, mediation fees, and lodging. *Id.* There is also a $20,990 cost for the

19  settlement administrator. *Id.* at ¶ 69. All of these costs were necessary to the prosecution of the

20  litigation and were incurred reasonably. *Id.* at ¶ 70. Accordingly, these costs are reimbursable.

21  *Gooding*, 2018 WL 571881, *8 (C.D. Cal. Jan. 25, 2018). In granting final approval to the

22  Settlement Agreement, Plaintiffs' counsel respectfully requests that the Court approve the

23  reimbursement of $260,213.73 from the gross settlement to be paid to Plaintiffs' Counsel as

24  reimbursement of their reasonable expenses. In addition, under the Settlement Agreement, the

25  costs of the settlement administrator are to be deducted from the gross settlement.

26

27

28

MOTION FOR FINAL APPROVAL
(3:13-cv-05136-RBL) - 21

GETMAN, SWEENEY & DUNN, PLLC
260 FAIR STREET
KINGSTON, NY 12401
TELEPHONE: (845) 255-9370

1

**CONCLUSION**

2          For all of the foregoing reasons, the Settlement Agreement is a resolution of a *bona fide*

3     dispute over an FLSA provision and (2) the settlement is fair and reasonable, and thus should

4     receive final approval. The requested service awards to each of the Named Plaintiffs and the

5     deponents as representatives of the FLSA Collective Action should be approved. Finally,

6     Plaintiffs' counsels' fee request in the amount of $5,496,595 and costs in the amount of

7     $260,213.73 should be approved.

8

9

10    Dated: May 10, 2018                              Respectfully Submitted,

11                                                     /s/ Matt Dunn
                                                       Matt Dunn, *pro hac vice*
12                                                     Michael J.D. Sweeney, *pro hac vice*
13                                                     **GETMAN, SWEENEY & DUNN, PLLC**
                                                       260 Fair Street
14                                                     Kingston, NY 12401
                                                       phone: (845) 255-9370 / fax: (845) 255-8649
15                                                     email: mdunn@getmansweeney.com
                                                       email: msweeney@getmansweeney.com
16
17                                                     Michael C. Subit, WSBA No. 29189
                                                       Frank Freed Subit & Thomas
18                                                     Suite 1200
                                                       Hoge Building
19                                                     705 Second Avenue
                                                       Seattle, WA 98104-1729
20                                                     Telephone: (206) 682-6711
                                                       Fax: (206) 682-0401
21                                                     msubit@frankfreed.com

22                                                     *Attorneys for Plaintiffs*

23

24

25

26

27

28    MOTION FOR FINAL APPROVAL                        GETMAN, SWEENEY & DUNN, PLLC
      (3:13-cv-05136-RBL) - 22                         260 FAIR STREET
                                                       KINGSTON, NY 12401
                                                       TELEPHONE: (845) 255-9370